# EXHIBIT 11

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, BLOCK CLUB CHICAGO, CHICAGO NEWSPAPER GUILD LOCAL 34071, NABET-CWA LOCAL 54041, ILLINOIS PRESS ASSOCIATION, RAVEN GEARY, CHARLES THRUSH, STEPHEN HELD, DAVID BLACK, WILLIAM PAULSON, AUTUMN REIDY-HAMER, and LEIGH KUNKEL, <br><br> *Plaintiffs,* <br><br> v. <br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security (DHS); TODD LYONS, Acting Director, U.S. Immigration and Customs Enforcement (ICE); MARCOS CHARLES, Acting Executive Associate Director, Enforcement and Removal Operations, ICE; RUSSELL HOTT, Chicago Field Office Director, ICE; RODNEY S. SCOTT, Commissioner, U.S. Customs and Border Protection (CBP); GREGORY BOVINO, Chief Border Patrol Agent, CBP; DANIEL DRISCOLL, Director of the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF); WILLIAM K. MARSHALL III, Director of the Federal Bureau of Prisons (BOP); PAMELA BONDI, Attorney General of the United States; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. DEPARTMENT OF JUSTICE; UNIDENTIFIED FEDERAL OFFICER DEFENDANTS; UNIDENTIFIED FEDERAL AGENCY DEFENDANTS; and DONALD J. TRUMP, President of the United States, <br><br> *Defendants.* | **No. 25-cv-12173** |

1

**[Proposed] Temporary Restraining Order**

1. It is hereby ORDERED that Defendants, their officers, agents, assigns, and all persons acting in concert with them (hereafter referred to as "Federal Agents"), are temporarily ENJOINED in this judicial district <ins>when deployed in and around or operating within 500 feet ofof the Broadview ICE facility</ins> from:

    a. Dispersing, arresting, threatening to arrest, threatening or using physical force against any person whom they know <del>or reasonably should know</del> is a Journalist, unless Defendants have probable cause to believe that the individual has committed a crime <del>unrelated to failing to obey a dispersal order</del>. Defendants may <del>ask</del> <ins>order</ins> a Journalist to change location to avoid disrupting law enforcement, as long as <del>the instructions are clear and</del> the press have <ins>reasonably adequate</ins> time to comply and <ins>reasonable</ins> <del>sufficient</del> opportunity to report and observe<ins>; nonetheless, if the Journalist fails to promptly change location, Federal Agents may use reasonable force, including less-lethal devices, to clear the area or effectuate an arrest</ins>;

    b. Issuing a dispersal order requiring any person to leave a public place that they lawfully have a right to be, unless dispersal is <del>justified by a commanding officer's finding of a serious</del><ins>reasonable under the totality of the circumstances</ins> <del>threat to public safety</del>;

    c. Using <del>riot control weapons — including but not limited to</del> kinetic impact projectiles (KIPs), <ins>Compressed Air Launchers (for kinetic impact or marking), Munition Launchers and Less-Lethal Specialty Impact and Chemical Munitions (as impact or combination projectile)</ins> <del>Pepper ball or paintball guns</del>, <del>pepper or OC spray, tear gas or other chemical irritants,</del> soft nose rounds, 40 <ins>mm</ins> <del>or 37mm</del> launchers, <del>less-lethal shotguns,</del> and <ins>Controlled Noise and Light Distraction Devices</ins><del>flashbang</del>, <del>Stinger,</del>

2

~~or rubber-ball grenades~~ on members of the press~~,~~ or protesters, ~~or religious practitioners~~ unless objectively reasonable in light of the totality of the circumstances before the officer or the subject of such force is demonstrating Assaultive Resistance as that term is defined in U.S. Customs and Border Protection ("CBP") Use of Force Policy published January 2021 ("CBP Policy") ~~who are not themselves posing a threat of imminent physical harm to a law enforcement officer or another person~~; Electronic Control Weapons, Compressed Air Launchers (for saturation), Munition Launchers and Less-Lethal Specialty Impact and Chemical Munitions including pepper or OC spray (for saturation), may be utilized on individuals demonstrating Active Resistance as that term is defined in the CBP Policy or deemed objectively reasonable in light of the totality of the circumstances before the officer.

    d.    Using riot control weapons (including those described above) at identified targets, if doing so could resonably foreseeabable~~lyforeseeably~~ result in injury to the press, protesters, or religious practitioners who are not posing a threat of imminent physical harm to a law enforcement officer or another person, unless such force is objectively reasonable under the totality of the circumstances~~y necessary to stop an immediate and serious~~ threat of physical harm to a person;

    e.    Intentionally targeting the head, neck, spine, or groin of the intended subject with ~~Firing~~ Compressed Air Launchers ~~large riot control weapons – including but not limited to tear gas canisters, flashbang, Stinger grenades, or rubber-ball grenades – so as to strike any person, including by deploying these weapons above the head of the crowd,~~ unless the ~~person poses an imminent threat of causing serious bodily injury or death to a person in equivalent circumstances to those where the officer is~~

3

~~authorized to~~ use <ins>of</ins> deadly force <ins>is reasonable</ins>;

f. ~~Firing projectile riot control weapons—including but not limited to KIPs, pepper balls, paintballs, and soft nose rounds—at the head, neck, groin, or torso~~<ins>spine</ins>~~, or other sensitive areas of any person, or striking any person with a vehicle, unless that person poses an immediate threat of serious bodily injury to a law enforcement officer or another person~~;

g. Using force, such as pulling or shoving a person to the ground, tackling, <ins>or</ins> body slamming~~, or kettling on~~ individual(s) who pose no immediate threat of physical harm to others, unless necessary and proportional to effectuate an apprehension and arrest~~;~~ <ins>or</ins> ~~other than as~~<ins>when</ins> objectively reasonable under the facts and circumstances at the time. <ins>Objective reasonability, consistent with controlling Supreme Court precedent, is judged from the perspective of a reasonable officer on the scene rather than with the 20/20 vision of hindsight; a use of force is "necessary" when it is reasonably required to carry out the agent's law enforcement duties in a given particular situation. Factors determining if the use of force was objectively reasonable include, but are not limited to, whether the subject poses an imminent threat, the severity of the crime, whether the subject is actively resisting seizure or attempting flight, whether the circumstances are tense, uncertain, and rapidly evolving, the foreseeable risk of injury to others, the disproportionate number of subjects present, the subject's demonstrated propensity for violence, statements of the subject's intent, whether weapons are involved, present, or in proximity, the presence of bystanders, and prior intelligence or national security.</ins>

h. Using any riot control weapon without giving <ins>a</ins> ~~at least two separate~~

4

warning when feasible. Feasibility is determined by an objective consideration of the circumstances, including but not limited to whether the resulting delay of issuing the warning and allowing reasonable time and opportunity for the subjects to voluntarily comply is likely to increase the danger to the agent or others (including bystanders), allow for a subject's escape, result in destruction of property, or result in the commission of a crime. Before using force subsequent to issuing the warning, agents should have a reasonable basis to believe that the subjects can comprehend the warning. ~~s in a manner and at a sound level where it can be heard by the targeted individual(s), unless the threat of physical harm is so serious and imminent that a warning is infeasible.~~ Such warnings shall explain, when feasible, that Defendants may employ riot control weapons, give the targeted individual(s) ~~sufficient~~ reasonable time to avoid the use of force, and ~~leave room and~~provide reasonable opportunity ~~for safe egress~~to comply. ~~If it appears that the intended audience was unable to hear the warnings, the warning must be repeated prior to the use of riot control weapons~~;

    i.    Seizing or arresting any non-violent protester who is not resisting a lawful dispersal order, unless there is specific probable cause to believe that the individual has committed a crime for which a custodial arrest is warranted and for which the federal agent has lawful authority to make an arrest or unless the federal agent has an objectively reasonable belief, based on the totality of facts and circumstances of the time of arrest, which may be uncertain, rapidly evolving, and tense, that the said protester was resisting a lawful dispersal order; and

    j.    To facilitate the Defendants' identification of Journalists protected under this Order, the following shall be considered indicia of being a Journalist: visual

5

identification as a member of the press, such as by carrying a professional press pass, badge, or credentials; wearing distinctive clothing or patches that identifies the wearer as a member of the press; or carrying professional gear such as professional photographic or videography equipment. It also shall be ~~indicia~~ suggestive of being a Journalist under this Order that the person is standing ~~off to the side~~ a substantial distance away from ~~of~~ a protest, not engaging in ~~protest activities~~ chanting, sign holding, shouting, or otherwise protesting, and is documenting protest activities, although these alone are not ~~requirements~~ sufficient. These indicia are not exclusive, and a person need not exhibit every indicium to be considered a Journalist under this Order~~,~~. save that a sufficient number of indicia must be present to allow an objectively reasonable inference under the totality of circumstances at the time that the person is a Journalist.  Participating in any form of violence or threat of violence immediately disqualifies a person from being considered a Journalist for the purposes of this Order.

  k. Defendants shall not be liable for violating this injunction if a protestor, Journalist, ~~or~~ religious practitioner, or other bystander is incidentally exposed to crowd control devices, chemical dispersal agents, or physical force if such device or force was used in a manner that complies with this injunction or was otherwise warranted due to Exigent Circumstances as defined in DHS's Use of Force Policy, issued February 6, 2023.

  2. It is further ORDERED that all Federal Agents, excepting those assigned to tasks by a superior officer requiring plainclothes or undercover duties, must have visible identification (~~name and/or badge number~~ for which a unique recognizable alphanumeric identifier sequence will suffice) affixed to their uniforms or helmets and prominently displayed,

including when wearing riot gear, unless such visible identification creates an imminent risk of harm based on a specifically identifiable threat.

3. It is further ORDERED that Federal Agents widely disseminate notice of this Order. Specifically, Federal Agents are ORDERED to provide copies of this Order, in either electronic or paper form, within ~~24~~ 72 hours, to

    a. all law enforcement personnel~~employees~~, officers, and agents of the Federal Agencies~~tsAgents~~ currently or subsequently deployed in ~~in the Northern District of Illinois~~in or operating from the Broadview ICE facility~~, including but not limited to all personnel in the Chicago region who are part of Operation Midway Blitz or any equivalent operation by a different name~~; and

    b. all employees, officers, and agents of Federal Agents with ~~any~~ first line supervisory or command authority over any person in group (a) above.

4. It is further ORDERED that Defendants shall file with this Court attested confirmation that copies of the Order have been distributed in accordance with Paragraph 3 of same.~~issue guidance to officers and agents to implement this order and immediately also file with this Court any instructions implementing the guidance, with a continuing obligation to immediately file with this Court any subsequent changes or revisions to that guidance or implementing instruction through the period of this Order~~.

5. It is further ORDERED that in the event that Plaintiffs seek relief for an alleged violation of this Order, Plaintiffs and Defendants shall meet and confer no fewer than 72 hours before Plaintiffs' request for relief is filed and Defendants must respond to the motion for relief within ~~24~~ 7 days~~hours~~.

6. It is further ORDERED that in the interest of justice, the Court orders Plaintiffs

provide <ins>a sum</ins><del>$0</del> in security <ins>equal to the amount Defendants will submit to the Court within 7 days as sworn affidavits attesting to the costs incurred by Defendants for additional training necessary to implement the Order</ins>, and the Court rules that any other requirements under Rule 65(c) of the Federal Rules of Civil Procedure are satisfied.

   7. The parties shall meet and confer and provide a joint status report within 7 days setting forth proposals for ensuring that Federal Agents present in the Northern District of Illinois while this action is pending remain informed of the limitations imposed by this Order.

_____            _____

Date                   U.S. District Judge

8