EXHIBIT B

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) | |
| | ) | No. 25-cv-12173 |
| *Plaintiffs,* | ) | |
| | ) | Hon. Sara L. Ellis, |
| v. | ) | District Judge |
| | ) | |
| | ) | |
| KRISTI NOEM, Secretary, U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |

**[Proposed] Temporary Restraining Order**

1.      It is hereby ORDERED that Defendants, their officers, agents, assigns, and all persons acting in concert with them (hereafter referred to as "Federal Agents"), are temporarily ENJOINED in this judicial district from:

    a.      Interactions with Journalists: Dispersing, arresting, threatening to arrest, threatening or using physical force against any person whom they know or reasonably should know is a Journalist, unless Defendants have probable cause to believe that the individual has committed a crime unrelated to failing to obey a dispersal order. Defendants may ask a Journalist to change location to avoid disrupting law enforcement, as long as the instructions are clear and the press haveJournalist has time to comply and sufficient opportunity to report and observe;

    b.      Dispersal of Others: Issuing a dispersal order requiring any person to leave a public place that they lawfully have a right to be, unless dispersal is justified by a commanding officer's finding of a serious threat to public safety, by the highest ranking

1

EXHIBIT B

officer on the scene. A lower ranking officer may order dispersal absent a ranking officer's presence at the scene, only when immediate action is necessary in order to preserve life or prevent catastrophic outcomes.

c. Using riot control weapons—including ~~but not limited to~~ kinetic impact projectiles (KIPs), ~~Pepper ball or paintball guns, pepper or~~ Compressed Air Launchers (e.g., LS and FN303), Oleoresin Capsicum (OC ~~spray, tear~~) Spray, CS gas, CN gas, or other chemical irritants, ~~soft nose rounds, 40 or 37mm~~ Munitions Launchers (e.g., 40mm launchers~~,~~), less-lethal shotguns, ~~and flashbang, Stinger, or rubber-ball grenades~~ Less-Lethal Specialty Impact-Chemical munitions (LLSI-CM), Controlled Noise and Light Distraction Devices (CNLDDs), Electronic Control Weapons (ECWs)—on members of the press, protesters, or religious practitioners who are not themselves posing a threat of ~~imminent~~immediate physical harm to a law enforcement officer or another person;

d. Using riot control weapons (including those described above) at identified targets, if doing so could foreseeably result in injury to the press, protesters, or religious practitioners who are not posing a threat of ~~imminent~~immediate physical harm to a law enforcement officer or another person, unless such force is necessary to stop an immediate and serious threat of physical harm to a person;

e. Firing ~~large riot control weapons—including but not limited to tear gas canisters, flashbang, Stinger grenades, or rubber-ball grenades~~ CS or CN gas canisters, Controlled Noise and Light Distraction Devices (CNLDD), or Less-Lethal Specialty Impact and Chemical Munitions (LLSI-CM) –so as to strike any person, including by deploying these weapons above the head of the crowd, unless the person poses an

2

EXHIBIT B

~~imminent~~immediate threat of causing serious bodily injury or death to a person in equivalent circumstances to those where the officer is authorized to use deadly force;

       f.      Firing ~~projectile riot control weapons—including but not limited to KIPs, pepper balls, paintballs, and soft nose rounds—at~~Compressed Air Launchers (e.g., PLS and FN303), or Munitions Launchers (e.g., 40mm), or KIPs so as to strike the head, neck, groin, torso, or other sensitive areas of any person, or striking any person with a vehicle, unless ~~that~~the person poses an immediate threat of causing serious bodily injury or death to a ~~law enforcement~~person in equivalent circumstances to those where the officer ~~or another person~~is authorized to use deadly force;

       g.      Using force, such as pulling or shoving a person to the ground, tackling, or body slamming~~, or kettling on~~ an individual~~(s)~~ who ~~pose~~poses no immediate threat of physical harm to others, unless necessary and proportional to effectuate an apprehension and arrest;

       h.      Using any riot control weapon, including those listed in this Order, without giving at least two separate warnings in a manner and at a sound level where it can be heard by the targeted individual(s), unless the threat of physical harm is so serious and ~~imminent~~immediate that a warning is infeasible. Such warnings shall explain that Defendants may employ riot control weapons, give the targeted individual(s) sufficient time to avoid the use of force, and leave room and opportunity for safe egress. ~~If it appears that the intended audience was unable to hear the warnings, the warning must be repeated prior to the use of riot control weapons;~~

       i.      Seizing or arresting any non-violent protester ~~who is not resisting a lawful dispersal order~~, unless there is specific probable cause to believe that the individual has

3

EXHIBIT B

committed a crime for which a custodial arrest is warranted and for which the federal agent has lawful authority to make an arrest; and

j. To facilitate the Defendants' identification of Journalists protected under this Order, the following ~~shall be considered~~are examples of indicia of being a Journalist: visual identification as a member of the press, such as by carrying a professional press pass, badge or credentials; wearing distinctive clothing or patches that identifies the wearer as a member of the press; or carrying professional gear such as professional photographic or videography equipment. ~~It also shall be~~Other indicia of being a Journalist under this Order include that the person is standing off to the side of a protest, not engaging in protest activities, and documenting protest activities, although these are not requirements. These indicia are not exclusive, and a person need not exhibit every indicium to be considered a Journalist under this Order. Defendants shall not be liable for unintentional violations of this Order in the case of an individual who does not carry or wear a press pass, badge, or other official press credential, professional gear, or distinctive clothing that identifies the person as a member of the press.

k. Defendants shall not be liable for violating this injunction if a protester, journalist, or religious practitioner is incidentally exposed to crowd control devices after such a device was deployed in a manner that complies with this injunction.

2. It is further ORDERED that all Federal Agents must have visible identification (~~name and/or badge number~~for which a unique recognizable alphanumeric identifier sequence will suffice) affixed to their uniforms or helmets and prominently displayed, including when wearing riot gear.

4

3.      It is further ORDERED that Federal Agents widely disseminate notice of this Order. Specifically, Federal Agents are ORDERED to provide copies of this Order, in either electronic or paper form, within 24 hours, to

       a.      all employees, officers, and agents of the Federal Agents currently or subsequently deployed in the Northern District of Illinois, including but not limited to all personnel in the Chicago region who are part of Operation Midway Blitz or any equivalent operation by a different name; and

       b.      all employees, officers, and agents of Federal Agents with any supervisory or command authority over any person in group (a) above.

4.      It is further ORDERED that Defendants shall issue guidance to officers and agents to implement this order and immediately also file with this Court any instructions implementing the guidance, with a continuing obligation to immediately file with this Court any subsequent changes or revisions to that guidance or implementing instruction through the period of this Order.

5.      It is further ORDERED that in the event that Plaintiffs seek relief for an alleged violation of this Order, Defendants must respond to the motion for relief ~~within 24 hours.~~as ordered by the Court.

6.      It is further ORDERED that in the interest of justice, the Court orders Plaintiffs provide $0 in security, and the Court rules that any other requirements under Rule 65(c) of the Federal Rules of Civil Procedure are satisfied.

7.      The parties shall meet and confer and provide a joint status report within 7 days setting forth proposals for ensuring that Federal Agents present in the Northern District of Illinois while this action is pending remain informed of the limitations imposed by this Order.

EXHIBIT B

_____                          _____
Date                                    U.S. District Judge