UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-12173 |
| | ) | |
| KRISTI NOEM, Secretary of U.S. | ) | Judge Sara L. Ellis |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## JOINT STATUS REPORT PURSUANT TO COURT ORDER

Pursuant to the Court's October 10, 2025 Order Granting Plaintiffs' Motion for Temporary Restraining Order ("Order") (Dkt. 42), counsel for the parties met and conferred on October 15, 2025 and submit this status report.

*Defendants' Position*

DHS and its component agencies, U.S. Immigration and Customs Enforcement ("ICE"), U.S. Customs and Border Protection ("CBP"), and the Federal Protective Service ("FPS"), disseminated the contents of the Order to their required personnel by 5 p.m. on October 9, 2025 to individuals scheduled to work at the Broadview ICE Facility on October 10, 2025, and to others described in the Order by 11:59 p.m. on October 10, 2025.

In compliance with paragraph 4 of the Order, Defendants attach hereto the directives sent to CBP, ICE, and FPS implementing the Order. The Order requires Defendants to "issue guidance to officers and agents to implement this order[,]" and further directs that Defendants "file with this Court any directives, policies, or regulations implementing the guidance within 5 business days[.]" *Id.* The directives and email attached hereto are the guidance issued by Defendants listing recipients of the guidance. Mindful of this Court's admonition to avoid engaging in interpretative

statements about the Order, those directives do not contain such interpretative statements. *See* Transcript (Oct. 8, 2025) at 73. The Order did not require Defendants to promulgate new policies or regulations, and none were issued. If such policies or regulations are issued in the future, Defendants will promptly file them with the Court as the Order requires. Disclosing the names of each recipient of the Order is not required by the Order and would expose federal law enforcement officers to unnecessary risk.

Pursuant to paragraph 7 of the Order, DHS and its component agencies will send regular reminders of the requirements of the Order so that Federal Agents present in the Northern District of Illinois while this action is pending remain informed of the limitations imposed by this Order will while it remains in effect. Plaintiffs request, that Defendants provide documentation showing that "all covered agents have received, acknowledged, and read the TRO," is not required by this Court's Order. Nor does their request ensure that "Federal Agents … *remain* informed of the limitations imposed by this Order." *Id.* (emphasis added). Federal Agents covered by the Order have been informed of the Order. The only question posed by paragraph 7 of the Order is how to ensure they "remain" informed. Defendants' proposal accomplishes that goal efficiently and effectively.

*Plaintiffs' Position*

Plaintiffs do not believe that Defendants have complied with the Court's TRO as it relates to either paragraph 4 or paragraph 7 of the Order.

As to paragraph 4, the government has not provided any evidence that all covered agents have received, acknowledged, *and read* the TRO. Nor has the government provided information sufficient to determine even to whom the TRO was sent, as that information appears to be redacted. While the government, in conferral, has contended that the redactions are likely just email addresses, Plaintiffs note that the government has redacted the *name* of chief counsel in an email

2

signature (going beyond just an email address). Plaintiffs believe that, at minimum, the names of the recipients must be discernable in order to determine compliance with the order. Additionally, paragraph 4 requires that the government "issue guidance to officers and agents to implement this order"—a requirement distinct from merely disseminating the order. The order provides further that the government shall file with the Court any "directives, policies, or regulations" implementing this guidance. The government has failed to provide any evidence that they are in compliance with these provisions of the TRO.

As to paragraph 7, given the alleged violations Plaintiffs believe have occurred, Plaintiffs do not believe the government has done a sufficient job ensuring the limitations set forth in the TRO have been adequately disseminated. Plaintiffs propose that the government be required to submit documentation that all covered agents have received, acknowledged, and read the TRO by close of business tomorrow, October 16, 2025, and that the government provide regular reminders of the Court's TRO to all covered agents in regular intervals set by the Court.

Respectfully submitted,

/s/ Steve Art

Jon Loevy
Heather Lewis Donnell
Locke Bowman
Steve Art
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Lindsay Hagy
Jordan Poole
Dominique Gilbert
Justin Hill

Aaron Tucek
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
⅟ Civil Rights and Justice Clinic

3

University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE
AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern
Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
ANDREW I. WARDEN
SAMUEL HOLT
Civil Division, Federal Programs Branch

By: s/ *Sean Skedzielewski*
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave NW
Washington, D.C. 20530
(202) 860-9960
sean.skedzielewski@usdoj.gov

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY
PROJECT**
2020 Pennsylvania Ave NW, Ste 601
Washington DC 20006
(202) 579-4582
hayden.johnson@protectdemocracy.org
katie.schwartzmann@protectdemocracy.org
conor.gaffney@protectdemocracy.org
* *Application for pro hac vice
forthcoming*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612

(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Joshi Hirsh
**ROGER BALDWIN
FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org
HJoshi@aclu-il.org