# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT COURT OF ILLINOIS EASTERN DIVISION

|  |  |
|---|---|
| CHICAGO HEADLINE CLUB, et al., | ) |
| *Plaintiffs,* | ) No. 25-cv-12173 |
| v. | ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, et al. | ) |
| *Defendants* | ) |

## PLAINTIFFS' FIRST REQUESTS FOR PRODUCTION TO ALL DEFENDANTS

Plaintiffs, Chicago Headline Club, Block Club Chicago, Chicago Newspaper Guild Local 34071, Nabet-CWA Local 54041, Raven Geary, Charles Thrush, Stephen Held, David Black, William Paulson, Autumn Reidy-Hamer, and Leigh Kunkel, by their undersigned attorney, propounds the following Request for Production pursuant to Federal Rules of Civil Procedure 34, and applicable local rules, upon all Defendants to be answered by within 7 days of issuance.

## DEFINITIONS

1. "Identify" with respect to a person, shall mean to provide that person's name; title, rank, and agency (where applicable); address; and telephone number. With respect to a Document, "identify" shall mean to provide the date of the Document, the author of the Document, the subject matter of the Document, and where applicable, all recipients of the Document. With respect to a Communication, "identify" shall mean to provide the date of the Communication, the Person making the Communication, the subject matter of the Communication, and all Persons who received the Communication.

2. The term "Document" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include any handwritten, typed, photographed, computerized, electronic, audio, video, or other graphical matter, regardless of how it is printed, stored or reproduced, in your possession, custody, or control, or known by you to exist, whether or not claimed to be privileged or otherwise excludable from discovery. Any Documents with any marks or notations, including but not limited to initials, routing instructions, date stamps, and any comments, marking or notation of any character, are to be considered separate documents. In addition, for any Document consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document, including metadata, shall be considered a separate document and subject to

production with the requested Document.

3. The term "Communication" shall have the broadest possible meaning under the Federal Rules of Civil Procedure and shall include the exchange of information between two or more Persons, whether orally, in writing, or by any other means, consisting of electronically stored information, each electronically stored version of that Document and all electronically stored information relating to that Document shall be considered a separate document subject to production with the requested Communication.

4. The term "Operation Midway Blitz" shall refer to the federal government's use of federal agents concerning federal policing of protests and federal immigration enforcement in the Northern District of Illinois (Cook, DuPage, McHenry, Grundy, Kane, Kendall, LaSalle, Lake, Will, Boone, Carroll, DeKalb, Jo Daviess, Lee, Ogle, Stephenson, Whiteside, and Winnebago counties), inclusive of any preceding time period concerning the design, planning, staffing, and execution of the operation.

5. The term "federal agent" shall include any law enforcement officer that is deployed in Operation Midway Blitz, including but not limited to agents employed and/or operating on behalf of Department of Homeland Security (DHS) and Department of Justice (DOJ), U.S. Immigration and Customs Enforcement agency (ICE); U.S. Customs and Border Patrol (CBP), Federal Protective Services ("FPS") the National Guard of any State, the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF), the Federal Bureau of Investigations (FBI), the National Guard, and any other federal agency deployed as part of the federal government's immigration enforcement efforts.

6. Any request for a Document is also a request to produce all iterations of that Document, including all earlier and all later versions of that Document.

7. If there are no Documents in your possession, custody, or control responsive to a particular request, please so state and Identify the particular request for which you have no responsive Documents in your possession, custody, or control.

8. If any Documents responsive to Plaintiff's discovery requests are known by you to exist but are not in your possession, custody, or control, please Identify those Documents and the Person who has possession, custody, or control thereof.

9. In the event that any Document requested or identified by any discovery request has been destroyed or lost, please Identify the Document destroyed or lost, its contents, the approximate date of each Document's destruction or loss, the identity of the persons who last observed the Document prior to its destruction or loss, and the reason for its destruction or circumstances of its loss.

10. In the event that you claim that any of the Documents or information sought in Plaintiff's discovery requests are protected from disclosure due to a privilege or protection, please state the privilege or protection claimed and provide sufficient information, including the

type of information that has been withheld as purportedly privileged/protected, so that the claim of privilege or protection may be adjudicated. Please provide a privilege log of any and all Documents that you have withheld on the basis of the privilege asserted, including the number of pages in each document withheld, the type of document withheld, the date(s) of the document withheld, so that the claim of privilege may be adjudicated.

## REQUESTS FOR PRODUCTION

1. All Documents or Communications reflecting any justification or need for Operation Midway Blitz.

2. All Documents or Communications reflecting any assessment by Defendants or Federal Agents during Operation Midway Blitz that any Federal Agent's use of force, including use of crowd control weapons, against demonstrators, journalists, clergy, or other civilians was justified under the circumstances.

3. All Communications to Federal Agents or their supervisors regarding Operation Midway Blitz's mission objectives, permissible tactics, or use of force.

4. All Communications or Documents provided to Federal Agents from commanders, supervisors or leadership in connection with Operation Midway Blitz, including those used in or referencing training, on the following subjects:

   a. Use of force;
   b. Crowd control and protest policing;
   c. Identification of the agent for the public on their uniform; vest; equipment;
   d. Use of body cameras;
   e. First Amendment rights of individuals that federal agents may encounter in performing their law enforcement activities;
   f. Interaction with journalists;
   g. Interaction with protesters and observers;
   h. Interaction with individuals expressing religious practices such as prayer, vigil or processions.

5. All Documents and Communications related to use of force or incident reporting for any uses of force by Federal Agents in the Northern District of Illinois during Operation Midway Blitz, including, but not limited to, any reporting in the E-Star System or the Significant Event Notification System, for any use of force deployed against a group of three or more people within the Northern District of Illinois from September 2, 2005 through the present.

6. Documents sufficient to identify any Federal Agent who used force against any plaintiff or any declarant disclosed in this case.

7. All Communications with the State of Illinois and municipal governments within this District regarding law enforcement assistance with crowd control or demonstrations during

Operation Midway Blitz.

8. All Documents Defendants rely upon to support any filing Defendants submit in this case, including but not limited to any document that any declarant relied upon to draft a declaration in this case. Examples include but are not limited to:

   a. All reports referred to in paragraph 9 of Daniel Parra's declaration filed on October 8, 2025 (Dkt. 35-9).
   b. All reports or documents, including but not limited to any police reports that were filed, corroborating the statements and incidents described in paragraphs 9, 10, 11, 12, 14, 15, 16, 17, 19, 20, 21, 22, and 23 of the Declaration of Russell Hott, filed on October 8, 2025 (Dkt. 35-1, hereafter the "Hott Declaration").
   c. All communications or documents related to the requests for assistance from HIS, CBP BORTAC, SRT, and HIS SRT referred to in paragraphs 24–26 of the Hott Declaration;
   d. All documents or reports regarding incidents in Los Angeles post-dating the entry of the preliminary injunction that were caused or related to by federal officers' inability to deploy adequate force to protect themselves or others due to the requirements of the preliminary injunction entered on September 10, 2025 in L.A. Press Club et al. v. Noem et al., (C.D. Cal. 25-cv-5563, Dkt. 55).

9. All documents or reports regarding incidents in Los Angeles post-dating the entry of the preliminary injunction that were caused or related to by federal officers' inability to deploy adequate force to protect themselves or others due to the requirements of the preliminary injunction entered on September 10, 2025 in *L.A. Press Club et al. v. Noem et al*., (C.D. Cal. 25-cv-5563, Dkt. 55).

10. All documents relating to the requisition, cost, inventory, and training guidelines and manuals of less-lethal munitions and devices that have been used by federal agents since the beginning of Operation Midway Blitz, including but not limited to any documents supporting the statements on paragraph 18 of the Hott Declaration.

Dated: October 16, 2025

                              Respectfully submitted,

                              /s/ David B. Owens
                              *One of Plaintiffs' Attorneys*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Matt Topic
Lindsay Hagy
Jordan Poole
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
Scott Rauscher
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 601
Washington DC 20006
(202) 579-4582
hayden.johnson@protectdemocracy.org
katie.schwartzmann@protectdemocracy.org
conor.gaffney@protectdemocracy.org
* *Application for pro hac vice forthcoming*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org