IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, ) <br> ) <br> *Plaintiffs*, ) <br> ) <br> v. ) <br> ) <br> ) <br> KRISTI NOEM, Secretary, U.S. ) <br> Department of Homeland Security, in her ) <br> official capacity, *et al.*, ) <br> ) <br> ) <br> *Defendants*. ) <br> ) | No. 25-cv-12173 <br><br> Hon. Sara L. Ellis, <br> District Judge |

**NOTICE OF DEFENDANTS' PROPOSED TRO MODIFICATION**

Defendants hereby provide Defendants' proposed TRO modification.

From the outset, Defendants reiterate their objection to this TRO modification. First, an injunction requiring the use of body-worn cameras may raise serious administrability issues, as such policies depend on the availability of cameras, adequate cloud storage, sufficient training, and other logistical, preliminary steps. Defendants were in the process of preparing declarations to explain those practical concerns in advance of Monday's hearing, but the Court indicated at the hearing today that it would issue an order imposing body-worn cameras without receiving such evidence. Defendants respectfully request the Court provide Defendants with an opportunity to present this evidence before the Court enters its order and defer any decision on the scope of any body-worn camera requirement until after hearing from the parties at Monday's hearing. Defendants also request permission further argument in opposition to the proposed modification to the TRO further expounding the positions merely outlined below.

Second, such an order would improperly draw the judiciary in overseeing law enforcement's daily operations and limited resources. *See Michigan Dep't of State Police v. Sitz*,

1

496 U.S. 444, 453, 110 S. Ct. 2481, 2487, 110 L. Ed. 2d 412 (1990) (discussing in the Fourth Amendment context that courts should not "transfer from politically accountable officials to the courts the decision as to which among reasonable alternative law enforcement techniques should be employed to deal with a serious public danger").  Third, the Court is proposing issuing a mandatory injunction that disrupts, rather than maintains, the status quo, which is a disfavored injunction, especially at this preliminary stage. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1259 (10th Cir. 2005) (identifying three types of disfavored preliminary injunctions, including "injunctions that alter the status quo"). Fourth, there is no legal basis to compel federal law enforcement to wear body-worn cameras, particularly in light of Plaintiffs' asserted claims.  Neither the First Amendment, the Fourth Amendment, nor RFRA impose such a requirement. Finally, Plaintiffs have not shown or even properly argued how body-worn cameras would remedy the alleged constitutional violations, and thus, the proposed requirement goes well beyond providing complete relief to Plaintiffs.  *Trump v. CASA, Inc.*, 606 U.S. 831, 861 (2025) (holding that "courts can only grant injunctions . . . broader than necessary to provide complete relief to each plaintiff with standing to sue").

But, to the extent, the Court is going to modify the TRO, Defendants propose the below modification, as it is the most administrable for Defendants.

**Defendants' Proposed Modification to the Court's Temporary Restraining Order, ECF No. 42**

It is further ORDERED that all Officers and Agents with the United States Customs and Border Protection who are conducting immigration enforcement operations in this judicial district as part of Operation Midway Blitz, excepting those who do not wear a uniform or other distinguishing clothing or equipment or are engaged in undercover operations, that are currently equipped and trained with body-worn cameras ("BWCs") shall activate them when engaged in crowd control efforts or immigration enforcement that is observable by Journalists, protestors, or religious practitioners, unless such activation would pose an impediment to public or officer safety or is exempted by CBP or DHS policy.

The definitions of "body worn cameras" shall be as defined in DHS Policy Statement:

- Body Worn Camera: Audio/video/digital recording equipment combined into a single unit and typically worn on clothing or otherwise secured to a person, e.g., affixed to the outside of the carrier/tactical vest facing forward. DHS Policy Statement 045-07 VIII.

No Federal Agent, Officer, or Defendant shall be liable for violating this Order (i) for failure to record due to equipment failure or (ii) in the event that cloud storage for storing recordings made by BWCs should become unavailable either due to (a) the lapse in appropriations, (b) license or contract expiration, or (c) any other reason through no fault of Defendants.

This TRO shall not apply to Federal Agents operating at any port of entry into the United States including but not limited to Chicago O'Hare International Airport and Chicago Midway International Airport.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General

ALEXANDER K. HAAS
ANDREW I. WARDEN
Civil Division, Federal Programs Branch

By: s/ *Sean Skedzielewski*
SEAN SKEDZIELEWSKI
Counsel to the Assistant Attorney General
U.S. Department of Justice, Civil Division
950 Pennsylvania Ave NW
Washington, D.C. 20530
(202) 860-9960
sean.skedzielewski@usdoj.gov