10/26/25, 2:17 PM                                  Loevy & Loevy Mail - CHC v. Noem, Proposed Protective Order

LOEVY + LOEVY                                                                                          Steve Art <steve@loevy.com>

**CHC v. Noem, Proposed Protective Order**

**Holt, Samuel (CIV)** <Samuel.Holt2@usdoj.gov>                                                       Sun, Oct 26, 2025 at 10:33 AM
To: Jon Loevy <jon@loevy.com>, Locke Bowman <locke@loevy.com>, Heather Lewis Donnell <heather@loevy.com>, Theresa Kleinhaus <tess@loevy.com>, Scott Rauscher <scott@loevy.com>, Julia Rickert <julia@loevy.com>,
Tara Thompson <tara@loevy.com>, Lindsay Hagy <lindsay@loevy.com>, Jordan Poole <poole@loevy.com>, Aaron Tucek <aaron@loevy.com>, Justin Hill <hill@loevy.com>, Dominique Gilbert <gilbert@loevy.com>, Alexandra
Wolfson <wolfson@loevy.com>, Isaac Green <green@loevy.com>, Elizabeth Wang <elizabethW@loevy.com>, David Owens <david@loevy.com>, Wallace Bertram Hilke <wally.hilke@law.northwestern.edu>, Craig
<futterman@uchicago.edu>, Hayden Johnson <hayden.johnson@protectdemocracy.org>, Katie Schwartzmann <katie.schwartzmann@protectdemocracy.org>, Conor Gaffney <conor.gaffney@protectdemocracy.org>, Daniel
Massoglia <daniel@first-defense.org>, Hannah Marion <hannah@first-defense.org>, Kevin Fee <KFee@aclu-il.org>, Rebecca Glenberg <RGlenberg@aclu-il.org>, Hirsh Joshi <HJoshi@aclu-il.org>, Priyanka Menon
<PMenon@aclu-il.org>, Lilia Martinez <martinez@loevy.com>, Stephany Janssen <janssen@loevy.com>, Valerie Barajas <valerie@loevy.com>, Meagan Shinker <shinker@loevy.com>, Steve Art <Steve@loevy.com>
Cc: "Warden, Andrew (CIV)" <Andrew.Warden@usdoj.gov>, "Giles, Richard C (CIV)" <Richard.C.Giles@usdoj.gov>, "Skedzielewski, Sean (CIV)" <Sean.Skedzielewski@usdoj.gov>, "Goldstone, Peter R (CIV)"
<Peter.R.Goldstone@usdoj.gov>, "Newman , Jeremy S. (CIV)" <Jeremy.S.Newman@usdoj.gov>, "Lynch, Christopher M. (CIV)" <Christopher.M.Lynch@usdoj.gov>

Good morning, Counsel,

Ahead of document production, Defendants are attaching a proposed protective order and proposed clawback agreement/order. Pursuant to the local rules, the proposed protective order includes Defendants' tracked
additions and edits to the Court's template protective order. Those changes address the discovery issues specific to this case. Please let us know whether you agree to either orders or have any proposed revisions. We would
like to get these on file today or as soon as possible, so that we can soon begin producing documents to Plaintiffs.

We are also happy to discuss these proposed orders during our meet and confer this afternoon.

Thanks,

Samuel Holt

Trial Attorney

U.S. Department of Justice

Civil Division, Federal Programs Branch

Phone: 202-674-9761

---

**2 attachments**

📄 **502(d) Clawback Order - For Counsel.docx**
30K

📄 **Redline PO - For Counsel.docx**
75K

**EXHIBIT C**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO HEADLINE CLUB, *et al.*,  )
                                  )
                    Plaintiffs,   )
                                  )
            v.                    )   No. 25-cv-12173
                                  )
                                  )   Hon. Sara L. Ellis,
KRISTI NOEM, Secretary, U.S.      )   District Judge
Department of Homeland Security, in her )
official capacity, *et al.*,      )
                                  )
                    Defendants.   )

## [STIPULATED] CLAWBACK AGREEMENT AND FEDERAL RULE OF EVIDENCE 502(d) ORDER

The Court hereby orders pursuant to Rule 502(d) of the Federal Rules of Evidence, Rule 26(b) of the Federal Rules of Civil Procedure, and the Court's inherent authority that the production of a document, or part of a document, shall not constitute a waiver of any privilege or protection as to any portion of that document, or as to any undisclosed privileged or protected communications or information concerning the same subject matter, in this or in any other proceeding. This Order applies to attorney-client privilege, work-product protection as defined by Federal Rule of Civil Procedure Rule 26(b), governmental privileges, or any other applicable privilege. Nothing in this Order shall constitute an admission that any document disclosed in this litigation is subject to any of the foregoing privileges or protections, or that any party is entitled to raise or assert such privileges. Additionally, nothing in this Order shall prohibit parties from withholding from production any document covered by any applicable privilege or other protection.

The parties intend that this stipulated order shall displace the provisions of Fed. R. Evid. 502(b)(1) and (2). That is, the disclosure of privileged or protected information, as described above, in this litigation shall not constitute a subject matter waiver of the privilege or protection

in this or any other federal or state proceeding, regardless of the standard of care or specific steps taken to prevent disclosure. However, nothing in this Order shall limit a party's right to conduct a pre-production review of documents as it deems appropriate.

## I.     DEFINITIONS

1.     "Document," as used herein, includes all items listed in Fed. R. Civ. P. 34(a)(1)(A) and (B).

2.     "Documents Produced," as used herein, includes all documents made available for review or produced in any manner during this litigation.

## II.     PROCEDURES

The procedures applicable to a claim of privilege on a produced document and the resolution thereof shall be as follows:

1.     If a party discovers a document, or part thereof, produced by another party that is privileged or otherwise protected, the receiving party shall promptly notify the producing party and must then return the document or destroy it and certify that it has been destroyed to the producing party. The receiving party must also promptly identify, sequester, and destroy any notes taken about the document. Nothing in this Order is intended to shift the burden to identify privileged and protected documents from the producing party to the receiving party.

2.     If the producing party determines that a document produced, or part thereof, is subject to a privilege or privileges, the producing party shall give the receiving party notice of the claim of privilege ("privilege notice").

3.     The privilege notice must contain information sufficient to identify the document including, if applicable, a Bates number as well as identification of the privilege asserted and its basis.

4.     Upon receiving the privilege notice, if the receiving party agrees with the privilege assertion made, the receiving party must promptly return the specified document(s) and any copies or destroy the document(s) and copies and certify to the producing party that the

2

document(s) and copies have been destroyed. The receiving party must sequester and destroy any notes taken about the document. If a receiving party disclosed the document or information specified in the notice before receiving the notice, it must take reasonable steps to retrieve it, and so notify the producing party of the disclosure and its efforts to retrieve the document or information.

5.      Upon receiving the privilege notice, if the receiving party wishes to dispute a producing party's privilege notice, the receiving party shall promptly meet and confer with the producing party. The document(s) shall be sequestered immediately upon receiving the privilege notice and not be used by the receiving party in the litigation (e.g. filed as an exhibit to a pleading; used in deposition) while the dispute is pending. If the parties are unable to come to an agreement about the privilege assertions made in the privilege notice, the receiving party may make a sealed motion for a judicial determination of the privilege claim.

6.      Pending resolution of the judicial determination, the parties shall both preserve and refrain from using the challenged information for any purpose and shall not disclose it to any person other than those required by law to be served with a copy of the sealed motion. The receiving party's motion challenging the assertion must not publicly disclose the information claimed to be privileged. Any further briefing by any party shall also not publicly disclose the information claimed to be privileged if the privilege claim remains unresolved or is resolved in the producing party's favor.

7.      If a document must be returned or destroyed as determined by the process above, that document, along with copies and notes about the document, that exist on back-up tapes, systems, or similar storage need not be immediately deleted or destroyed, and, instead, such materials shall be overwritten and destroyed in the normal course of business. Until they are overwritten in the normal course of business, the receiving party will take reasonable steps to limit access, if any, to the persons necessary to conduct routine IT and cybersecurity functions.

SO ORDERED

_____
United States District Judge

Dated: _____

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 25-cv-12173 |
| v. | ) | |
| | ) | Hon. Sara L. Ellis, |
| KRISTI NOEM, Secretary, U.S. | ) | District Judge |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**[AGREED] CONFIDENTIALITY ORDER**

The parties to this Agreed Confidentiality Order have agreed to the terms of this Order; accordingly, it is ORDERED:

1. Scope. All materials produced or adduced in the course of discovery, including initial disclosures, responses to discovery requests, deposition testimony and exhibits, and information derived directly therefrom (hereinafter collectively "documents"), shall be subject to this Order concerning Confidential Information as defined below. This Order is subject to the Local Rules of this District and the Federal Rules of Civil Procedure on matters of procedure and calculation of time periods.

2. Confidential Information. As used in this Order, "Confidential Information" means information designated as "CONFIDENTIAL — SUBJECT TO PROTECTIVE ORDER" by the producing party that falls within one or more of the following categories:

   a) Government records that might contain tactical and other information related to law enforcement activities not made available by the Government to the general public that could be adversely used to circumvent law enforcement efforts.

   b) Sensitive information about the relevant agencies' internal investigations processes, procedures, staffing, priorities, resources, intelligence and/or methods, which is law

Page 1 – Stipulated Protective Order

**Deleted:**

**Deleted:** ¶ ... [1]

**Deleted:** [if not fully agreed] A party to this action has moved that the Court enter a confidentiality order. The Court has determined that the terms set forth herein are appropriate to protect the respective interests of the parties, the public, and the Court. Accordingly, it is ORDERED:

**Deleted:** ¶
<object> ¶
Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.¶
<object>¶
Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.¶
Counsel should include or delete language in brackets as necessary to the specific case. Any other changes to this model order must be shown by redlining that indicates both deletions and additions to the model text. Counsel may also modify this model order as appropriate for the circumstances of the case. This model order is for the convenience of the parties and the court and not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties. The court will make the final decision on the terms of any order notwithstanding the agreement of the parties.¶ ... [2]

**Deleted:** -

**Deleted:** (a) information prohibited from disclosure by statute; (b) information that reveals trade secrets; (c) research, technical, commercial or financial information that the party has maintained as confidential; (d) medical information concerning any individual; (e) personal identity information; (f) income tax returns (including attached schedules and forms), W-2 forms and 1099 forms; or (g) personnel or employment records of a person who is not a party to the case². Information or documents that are available to the public may not be designated as Confidential Information.

enforcement sensitive and should not be released to the public.

c) Department of Homeland Security, Immigration and Customs Enforcement, U.S. Customs and Border Protection, Federal Protective Service, or Department of Justice records regarding law enforcement activities and operations, internal policies, processes and procedures, training materials, and internal investigations which contain information that is law enforcement sensitive, for instance, information which would be protected from disclosure under FOIA, 5 U.S.C. § 552, *et seq.*, under the exemption found at 5 U.S.C. § 552(b)(7)(E).

d) Personally Identifiable Information relating or belonging to non-public facing federal officers, employees, and staff, including, but not limited to, names, addresses, e-mail addresses, and telephones numbers, which if released could endanger the privacy and safety of such officers, agents, employees, and staff;

d. Information prohibited from disclosure by statute.

e) Is not in the public domain, or if in the public domain, improperly in the public domain;

f) Constitutes:

   a. a trade secret or other confidential research, development, or commercial information as such terms are used in Federal Rule of Civil Procedure 26(c)(1)(G);

   b. contact information, and personal financial, medical or other private information relating to an individual, including dates of birth, passport numbers, driver's license numbers, foreign identification documents, that would properly be redacted from any public court filing pursuant to Federal Rule of Civil Procedure 5.2;

   c. information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, as amended ("Privacy Act") or any other federal law, including but not limited to information about an individual regarding his or her education, financial transactions, medical history, criminal, or employment history and that contains his or her name, or the identifying number symbol, or other particular identifier assigned to the individual, such as a finger or voice print or photograph;

    d.     information pertaining to applications for asylum or withholding of removal, which are subject to disclosure conditions under 8 C.F.R. §§ 1003.27(c) and 1208.6(a), as well as information pertaining to:

           (1) applications for Temporary Protected Status under 8 U.S.C. § 1254a; and

           (2) information that relates to an alien who is the beneficiary of an application for relief under 8 U.S.C. §§ 1101(a)(15)(T), (15)(U), (51) or 1229b(b)(2);

    e.     any other information that is protected or restricted from disclosure by Court order, statutes, rules or regulations, including, but not limited to: 8 U.S.C. §§ 1160(b)(5); 1186a(c)(4), 1202(f), 1254a(c)(6), 1255a(c)(4), (5); 1304(b), and 1367(a)(2), (b), (c), (d); 22 U.S.C. § 7105(c)(1)(C); 8 C.F.R. §§ 208.6, 210.2(e), 214.216, 214.14(e), 216.5(e)(3)(viii), 236.6, 244.16, 245a.2(t), 245a.3(n), 245a.21,1003.27(b)-(d), 1003.46, 1208.6, 28 C.F.R. § 0.29f, which otherwise could subject either party to civil or criminal penalties or other sanctions in the event of unauthorized disclosure;

    f.     sensitive information about law enforcement or national security staffing, resources, intelligence and/or methods the release of which to the public may adversely impact identifiable law enforcement or national security interests;

    g.     confidential government personnel information, including the names, job titles, identifying numbers, duty locations, or other identifying information of federal employees or contractors involved in enforcement operations or custodial functions, where disclosure could pose privacy, safety, or operational concerns sensitive operational information about organizational plaintiffs; and

3.      "Confidential–Attorneys' Eyes Only Information" shall mean Confidential Information that at the time of its production in discovery in the Action, or thereafter, is so designated by the Producing Party because of a good faith belief that the information is so highly sensitive that the disclosure to persons other than attorneys of record would create a substantial risk of harm that could not be avoided by any less restrictive means.  Confidential–Attorneys' Eyes Only Information" shall be disclosed only to attorneys of record in this case.

4.      Information or documents that are lawfully available to the public may not be designated as Confidential Information.

5.      Use of any information or documents labeled "Confidential" or "Confidential-Attorneys' Eyes Only" and subject to this Protective Order, including all information derived therefrom, shall be restricted solely to the litigation of this case and shall not be used by any party for any other purpose. This Protective Order, however, does not restrict the disclosure or use of any information or documents lawfully obtained by the receiving party through means or sources outside of this litigation. Should a dispute arise as to any specific information or document, the burden shall be on the party claiming that such information or document was lawfully obtained through means and sources outside of this litigation.

6.      Designation.

(a)      A party may designate a document as Confidential Information for protection under this Order by placing or affixing the words "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" on the document and on all copies in a manner that will not interfere with the legibility of the document.  As used in this Order, "copies" includes electronic images, duplicates, extracts, summaries or descriptions that contain the Confidential Information.  The marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE

**Deleted:** –

**Deleted:** additional category shall be described in paragraph 2 with the additional language redlined to show the change in the proposed Order.¶
————————Section Break (Next Page)————————
the

**Deleted:** –

ORDER" shall be applied prior to or at the time the documents are produced or disclosed. Applying the marking "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" to a document does not mean that the document has any status or protection by statute or otherwise except to the extent and for the purposes of this Order. Any copies that are made of any documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER" shall also be so marked, except that indices, electronic databases or lists of documents that do not contain substantial portions or images of the text of marked documents and do not otherwise disclose the substance of the Confidential Information are not required to be marked.

(b) The designation of a document as Confidential Information or Confidential – Attorneys' Eyes Only is a certification by an attorney or a party appearing pro se that the document contains Confidential Information or Confidential – Attorneys' Eyes Only information as defined in this order.[1]

7. Depositions.

Unless all parties agree on the record at the time the deposition testimony is taken, all deposition testimony taken in this case shall be treated as Confidential Information until the expiration of the following: No later than the thirtieth day after the transcript is delivered to any

---

[1] An attorney who reviews the documents and designates them as CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER must be admitted to the Bar of at least one state but need not be admitted to practice in the Northern District of Illinois unless the lawyer is appearing generally in the case on behalf of a party. By designating documents confidential pursuant to this Order, counsel submits to the jurisdiction and sanctions of this Court on the subject matter of the designation.

5

party or the witness, and in no event later than 60 days after the testimony was given. Within this time period, a party may serve a Notice of Designation to all parties of record as to specific portions of the testimony that are designated Confidential Information, and thereafter only those portions identified in the Notice of Designation shall be protected by the terms of this Order. The failure to serve a timely Notice of Designation shall waive any designation of testimony taken in that deposition as Confidential Information, unless otherwise ordered by the Court.

8.      Protection of Confidential Material.

Deleted: ----------------Section Break (Next Page)----------------

        (a)      General Protections. Confidential Information or Confidential – Attorneys' Eyes Only Information shall not be used or disclosed by the parties, counsel for the parties or any other persons identified in subparagraph (c) for any purpose whatsoever other than in this litigation, including any appeal thereof. However, subject to all existing limitations on disclosure of information by United States (such as but not limited to the Privacy Act, 5 U.S.C. § 552a, etc.), nothing in this Order restricts in any way the use or retention of disclosed information by the United States, its agencies, or agents in accordance with or to enforce federal law.

**Deleted:** b

**Deleted:** [INCLUDE IN PUTATIVE CLASS ACTION CASE:

        (b)      Class Action Protections.  In this putative class action, Confidential Information may be disclosed only to the named plaintiffs and not to any other member of the putative class unless and until a class including the putative member has been certified.

        (c)      Limited Third-Party Disclosures.  The parties and counsel for the parties shall not disclose or permit the disclosure of any Confidential Information to any third person or entity except as set forth in subparagraphs (1)-(9). Subject to these requirements, the following categories of persons may be allowed to review Confidential Information:

        (1)      Counsel. Counsel for the parties and employees of counsel who have responsibility for the action;

        (2)      Parties.  Individual parties and employees of a party but only to the extent

**Deleted:** ¶

**Formatted:** Font: (Default) Calibri, 11 pt

6

counsel determines in good faith that the employee's assistance is reasonably necessary to the conduct of the litigation in which the information is disclosed;

(3)    The Court and its personnel;

(4)    Court Reporters and Recorders. Court reporters and recorders engaged for depositions;

(5)    Contractors. Those persons specifically engaged for the limited purpose of making copies of documents or organizing or processing documents, including outside vendors hired to process electronically stored documents;

(6)    Consultants and Experts. Consultants, investigators, or experts employed by the parties or counsel for the parties to assist in the preparation and trial of this action but only after such persons have completed the certification contained in Attachment A, Acknowledgment of Understanding and Agreement to Be Bound;

(7)    Witnesses at depositions. During their depositions, witnesses in this action to whom disclosure is reasonably necessary. Witnesses shall not retain a copy of documents containing Confidential Information, except witnesses may receive a copy of all exhibits marked at their depositions in connection with review of the transcripts. Pages of transcribed deposition testimony or exhibits to depositions that are designated as Confidential Information pursuant to the process set out in this Order must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Order.

(8)    Author or recipient. The author or recipient of the document (not including a person who received the document in the course of litigation); and

(9)    Personnel needed to effectuate any federal law.

(10)    Others by Consent. Other persons only by written consent of the producing party or upon order of the Court and on such conditions as may be agreed or ordered.

Prior to being shown any documents produced by another party marked "Confidential," any person listed in paragraphs 5(c)(6) or 5(c)(7) shall agree to be bound by the terms of this Order by signing Attachment A.

(d)    Exclusion of Third Parties. Whenever information designated as

7

"Confidential" pursuant to this Order is to be discussed by a party or disclosed in a deposition, hearing, or pre-trial proceeding, the designating party may exclude from the room any person, other than persons designated in paragraph 5(c), as appropriate, for that portion of the deposition, hearing or pre-trial proceeding.

(e)    Control of Documents.  Counsel for the parties shall make reasonable efforts to prevent unauthorized or inadvertent disclosure of Confidential Information or Confidential–Attorneys' Eyes Only Information.  Counsel shall maintain the originals of the forms signed by persons acknowledging their obligations under this Order for a period of three years after the termination of the case.

9.    Inadvertent Failure to Designate.

(a)    Effect of Inadvertent Failure to Designate.   An inadvertent failure to designate a document as Confidential Information or Confidential–Attorneys' Eyes Only Information does not, standing alone, waive the right to so designate the document; provided, however, that a failure to serve a timely Notice of Designation of deposition testimony as required by this Order, even if inadvertent, waives any protection for deposition testimony. Neither party may introduce into evidence in any proceeding between the parties, other than a motion to determine whether this Order covers the information or documents in dispute, the fact that the other party designated or failed to designate information or documents as "Confidential" or "Confidential–Attorneys' Eyes Only Information."

(b)    Non-disclosure of Documents.  The receiving party or its counsel shall not disclose documents or materials if that party knows or reasonably should know that a claim of confidentiality would be made by the producing party.  If a party designates a document as Confidential Information or Confidential–Attorneys' Eyes Only Information after it was

8

initially produced, the receiving party, on notification of the designation, must promptly inform the producing party of all pertinent facts relating to the prior disclosure of the newly-designated documents or materials, and make a reasonable effort to assure that the document is treated in accordance with the provisions of this Order. No party shall be found to have violated this Order for failing to maintain the confidentiality of material during a time when that material has not been designated Confidential Information or Confidential–Attorneys' Eyes Only Information, even where the failure to so designate was inadvertent and where the material is subsequently designated Confidential Information or Confidential–Attorneys' Eyes Only Information.

10.     Filing of Confidential Information.  This Order does not, by itself, authorize the filing of any document under seal.  If portions of documents or other materials marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER, or any papers containing or making reference to such materials are filed with the Court, they shall be filed under seal and marked in the same or substantially similar form.  Any party wishing to file a document designated as Confidential Information or Confidential–Attorneys' Eyes Only Information in connection with a motion, brief or other submission to the Court must comply with LR 26.2.8.

11.     No Greater Protection of Specific Documents. Except on privilege or statutory grounds not addressed by this Order, no party may withhold information from discovery on the ground that it requires protection greater than that afforded by this Order unless the party moves for an order providing such special protection.

12.     Challenges by a Party to Designation as Confidential Information.  The designation of any material or document as Confidential Information or Confidential–Attorneys' Eyes Only

Information is subject to challenge by any party. The following procedure shall apply to any such challenge.

(a)    Meet and Confer. A party challenging the designation of Confidential Information or Confidential–Attorneys' Eyes Only Information must do so in good faith and must begin the process by conferring directly with counsel for the designating party. In conferring, the challenging party must explain the basis for its belief that the confidentiality designation was not proper and must give the designating party an opportunity to review the designated material, to reconsider the designation, to assess whether redaction is a viable alternative to complete non-disclosure, and, if no change in designation is offered, to explain the basis for the designation. The designating party must respond to the challenge within five (5) business days.

(b)    Judicial Intervention. A party that elects to challenge a confidentiality designation may file and serve a motion that identifies the challenged material and sets forth in detail the basis for the challenge. Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements of this procedure. The burden of persuasion in any such challenge proceeding shall be on the designating party. Until the Court rules on the challenge, all parties shall continue to treat the materials as Confidential Information or Confidential–Attorneys' Eyes Only Information under the terms of this Order.

13.    Action by the Court. Applications to the Court for an order relating to materials or documents designated Confidential Information or Confidential–Attorneys' Eyes Only Information shall be by motion. Nothing in this Order or any action or agreement of a party under this Order limits the Court's power to make orders concerning the disclosure of documents produced in discovery or at trial.

14.    Use of Confidential Documents or Information at Trial. Nothing in this Order shall be construed

10

to affect the use of any document, material, or information at any trial or hearing. A party that intends to present or that anticipates that another party may present Confidential information or Confidential– Attorneys' Eyes Only Information at a hearing or trial shall bring that issue to the Court's and parties' attention by motion or in a pretrial memorandum without disclosing the Confidential Information or Confidential–Attorneys' Eyes Only Information. The Court may thereafter make such orders as are necessary to govern the use of such documents or information at trial.

15.    Confidential Information Subpoenaed  or Ordered Produced  in Other Litigation.

(a)        If a receiving party is served with a subpoena or an order issued in other litigation that would compel disclosure of any material or document designated in this action as Confidential Information  or Confidential–Attorneys' Eyes Only Information, the receiving party must so notify the designating party, in writing, immediately and in no event more than three court days after receiving the subpoena or order.  Such notification must include a copy of the subpoena or court order.

(b)        The receiving party also must immediately inform in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is the subject of this Order.  In addition, the receiving party must deliver a copy of this Order promptly to the party in the other action that caused the subpoena to issue.

(c)        The purpose of imposing these duties is to alert the interested persons to the existence of this Order and to afford the designating party in this case an opportunity to try to protect its Confidential Information or Confidential–Attorneys' Eyes Only Information in the court from which the subpoena or order issued.  The designating party shall bear the burden and the expense of seeking protection in that court of its Confidential Information or Confidential–Attorneys' Eyes Only Information, and nothing in these provisions should be construed as authorizing or encouraging a receiving party in this action to disobey a lawful directive from another court.  The obligations set forth in this paragraph

11

Deleted: ¶ ...............Section Break (Next Page)..............

Deleted: ¶ ...............Section Break (Next Page)..............

Deleted:    ¶

Formatted: Font: (Default) Calibri, 11 pt

remain in effect while the party has in its possession, custody or control Confidential Information or Confidential–Attorneys' Eyes Only Information by the other party to this case.

16.     Challenges by Members of the Public to Sealing Orders.  A party or interested member of the public has a right to challenge the sealing of particular documents that have been filed under seal, and the party asserting confidentiality will have the burden of demonstrating the propriety of filing under seal.

17.     Obligations on Conclusion of Litigation.

        (a)     Order Continues in Force.  Unless otherwise agreed or ordered, this Order shall remain in force after dismissal or entry of final judgment not subject to further appeal.

        (b)      Obligations at Conclusion of Litigation. Within sixty-three days after dismissal, or entry of final judgment not subject to further appeal, all Confidential Information and Confidential–Attorneys' Eyes Only Information documents marked "CONFIDENTIAL – SUBJECT TO PROTECTIVE ORDER" or CONFIDENTIAL – ATTORNEYS' EYES ONLY – SUBJECT TO PROTECTIVE ORDER under this Order, including copies as defined in ¶ 6(a), shall be returned to the producing party unless: (1) the document has been offered into evidence or filed without restriction as to disclosure; (2) the parties agree to destruction to the extent practicable in lieu of return; or (3) as to documents bearing the notations, summations, or other mental impressions of the receiving party, that party elects to destroy the documents and certifies

---

[2] The parties may choose to agree that the receiving party shall destroy documents containing Confidential Information or Confidential–Attorneys' Eyes Only Information and certify the fact of destruction, and that the receiving party shall not be required to locate, isolate and return e-mails (including attachments to e-mails) that may include Confidential Information or Confidential–Attorneys' Eyes Only Information, or Confidential Information or Confidential–Attorneys' Eyes Only Information contained in deposition transcripts or drafts or final expert reports.

12

Deleted: -

Deleted: 3

Deleted: 5

Deleted: ¶

Formatted: Font: (Default) Calibri, 11 pt

to the producing party that it has done so.

(c)    Retention of Work Product and One Set of Filed Documents. Notwithstanding the above requirements to return or destroy documents, counsel may retain (1) attorney work product, including an index that refers or relates to designated Confidential Information or so long as that work product does not duplicate verbatim substantial portions of Confidential Information or Confidential–Attorneys' Eyes Only Information, and (2) one complete set of all documents filed with the Court including those filed under seal.  Any retained Confidential Information or Confidential–Attorneys' Eyes Only Information shall continue to be protected under this Order.  An attorney may use his or her work product in subsequent litigation, provided that its use does not disclose or use Confidential Information or Confidential–Attorneys' Eyes Only Information.

(d)    Deletion of Documents Filed under Seal from Electronic Case Filing (ECF) System.  Filings under seal shall be deleted from the ECF system only upon order of the Court.

18.    Order Subject to Modification. This Order shall be subject to modification by the Court on its own initiative or on motion of a party or any other person with standing concerning the subject matter.

19.    No Prior Judicial Determination. This Order is entered based on the representations and agreements of the parties and for the purpose of facilitating discovery. Nothing herein shall be construed or presented as a judicial determination that any document or material designated Confidential Information or Confidential–Attorneys' Eyes Only Information by counsel or the parties is entitled to protection under Rule 26(c) of the Federal Rules of Civil Procedure or otherwise until such time as the Court may rule on a specific document or issue.

13

20.    Persons Bound.  This Order shall take effect when entered and shall be binding upon all counsel of record and their law firms, the parties, and persons made subject to this Order by its terms.

So Ordered.

_____
United States District Judge

Dated: _____

14

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

, CHICAGO HEADLINE CLUB, *et al.*,          )
                                             )
                    Plaintiff,               )
                                             )       No. 25-cv-12173
             v.                              )
                                             )       Judge Sara L. Ellis
KRISTI NOEM, Secretary, U.S. Department      )       District Judge
of Homeland Security, in her official capacity, )
*et al.*,                                    )
                                             )
                    Defendants.              )

**ATTACHMENT A: ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Confidentiality Order dated _____ in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the Northern District of Illinois in matters relating to the Confidentiality Order and understands that the terms of the Confidentiality Order obligate him/her to use materials designated as Confidential Information in accordance with the Order solely for the purposes of the above-captioned action, and not to disclose any such Confidential Information to any other person, firm or concern. The undersigned acknowledges that violation of the Confidentiality Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

Dated: _____          _____
                                                     Signature

**Deleted:** ¶ ... [5]

| Page 1: [1] Deleted | Author |
|---|---|

| Page 1: [2] Deleted | Author |
|---|---|

| Page 5: [3] Deleted | Author |
|---|---|

| Page 14: [4] Deleted | Author |
|---|---|

| Page 16: [5] Deleted | Author |
|---|---|