IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants.* | No. 25-cv-12173 <br><br> Hon. Sara L. Ellis, <br> District Judge |

**DEFENDANTS' MOTION FOR PROTECTIVE ORDER AND CLAWBACK ORDER AND OPPOSITION TO PLAINITFFS' MOTION FOR PROTECTIVE ORDER**

Defendants move for entry of the attached protective order and clawback order.[1]

With respect to the protective order, Defendants have made additions and edits to the Court's template protective order to address the expedited production schedule and sensitive nature of the discovery materials at issue in this case. Defendants' proposed order is based on the protective order in *Index Newspapers LLC v. City of Portland*, 3:20-cv-1035-SI (D. Or.) (ECF No. 131), a case Plaintiffs have repeatedly cited in their filings involving similar discovery about the Department of Homeland Security's law enforcement activities in the context of First Amendment claims. Contrary to Plaintiffs' argument, the Court's template order does not address many of the unique categories of law enforcement information that reasonably could be expected to be produced in this case. Accordingly, Defendants' protective order is tailored to the specific circumstances of this case and sets forth a comprehensive list of those categories of information

---

[1] Plaintiffs oppose entry of Defendants' proposed protective order and clawback order.

1

warranting protection. By contrast, Plaintiffs' proposal makes no effort to address the facts of this case; instead, Plaintiffs seek protection over irrelevant information such as W2s and trade secrets—none of which are it issue here—at the expense of the law enforcement information that will be at the heart of discovery in this case.

Plaintiff have agreed that they "are willing to abide by the terms of [Defendants'] proposed order on a temporary basis so that [Defendants] can begin producing documents while the parties litigate the protective order." *See* Exhibit 1. That should be the end of the matter. The Could should enter Defendants' proposed order as an interim measure to enable the parties to proceed with discovery through the conclusion of the preliminary injunction hearing. The parties and the Court can then revisit a more permanent protective order at a later date. Without the pressure of the upcoming filing deadlines and hearing, additional conferrals may narrow the scope of the issues that require the Court's involvement. At this juncture, however, Plaintiffs cannot be prejudiced by entry of Defendants' proposed order given their express agreement to abide by its terms for the time being.

There is no basis for Plaintiffs' assertion that Defendants are attempting to use the protective order to shield material from public view. Defendants' proposed order includes the model language from this Court that the protective order does not authorize the filing of any documents under seal and the parties must comply with Local Rule 26.2. Moreover, Plaintiffs agree in their motion that they are willing to accept discovery information as "attorneys' eyes only" as an interim measure to facilitate expedited disclosure.

Entry of Defendants' protective order will further production of the discovery ordered by the Court. Without such protections, documents would likely need to be redacted and subjected to a more searching and time-consuming review process before unrestricted disclosure. It would be

highly burdensome and inefficient to engage in such a process at this stage of proceedings. To allow timely production of records while safeguarding sensitive information, certain material must be designated as confidential or attorneys' eyes only. The attached protective order addresses this and other issues.

With respect to the proposed clawback order, Defendants face similar constraints in reviewing records for privilege before expedited production. Because Defendants are producing under such a compressed timeframe, privileged material is more likely to be inadvertently disclosed. And Defendants may need to invoke clawback protections once a complete review can be performed. The benefits of Rule 502(d) orders are well-documented. They assist parties in allowing for a freer exchange of documentation, without concerns of waiver. *See* Advisory Committee Notes to Fed. R. Evid. 502(d) (stating that such formal agreements are "becoming increasingly important in limiting the costs of privilege review and retention, especially in cases involving electronic discovery").

In sum, the expedited nature of discovery necessitates the protections of the attached orders. Defendants reiterate that the Court can enter Defendants' proposed orders but limit their application to the expedited discovery being disclosed during the preliminary-injunction stage. The parties could then later confer, negotiate, and if necessary, litigate a separate protective order to govern future, non-expedited discovery.

For these reasons, Defendants respectfully request that the Court enter the proposed protective and clawback orders.

Dated: October 26, 2025               Respectfully submitted,

                                                  BRETT A. SHUMATE
                                                  Assistant Attorney General
                                                  Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch


*/s/ Sean Skedzielewski*
SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General
U.S. Department of Justice
Civil Division
950 Pennsylvania Ave NW
Washington, D.C. 20530
(202) 860-9960
sean.skedzielewski@usdoj.gov


*Counsel for Defendants*