IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CHICAGO HEADLINE CLUB, et al., | ) |
| *Plaintiffs,* | ) ) ) ) No. 25-cv-12173 |
| v. | ) Hon. Sara L. Ellis ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, et al. | ) ) ) ) ) |
| *Defendants* | ) |

**PLAINTIFFS' MOTION TO MODIFY THE COURT'S TEMPORARY RESTRAINING ORDER**

Plaintiffs Chicago Headline Club, et al., by and through their attorneys, respectfully request that this Court modify its temporary restraining order, Dkt. 66, to prohibit Defendants from using tear gas until the court's ruling on Plaintiffs' motion for a preliminary injunction, stating in support as follows:

1.  Almost every day since this Court entered its modified temporary restraining order on October 17, 2025, Defendants have violated it by using tear gas against civilians in residential neighborhoods of Chicago without any lawful basis for doing so. Defendants have perpetrated these violations of the TRO personally, as in the case of Defendant Bovino's use of tear gas in Little Village, and via their agents.

2.  This past weekend, Defendants went on a tour of Chicago neighborhoods, gassing residents in different neighborhoods each day. Plaintiffs described these incidents and filed the evidence showing that the Court's TRO is being violated in a series of recent filings. See Dkt. 90 (Little Village, Wednesday, October 22, 2025); Dkts. 89 & 94 (Little Village, Thursday, October

1

23, 2025); Dkt. 140 (Lakeview, Friday, October 24, 2025); Dkt. 118 (Old Irving Park, Saturday, October 25, 2025).

3. Plainly, Defendants are not merely enforcing immigration law. Immigration enforcement does not typically require the daily use of tear gas on civilians in residential areas. Instead, the government is regularly inflicting harm on civilians who are simply protesting or observing Defendants' violent and unprecedented paramilitary enforcement efforts in one of the country's largest municipalities.

4. Plaintiffs suspect Defendants are inciting violence in peaceful residential neighborhoods to transform Chicago into the very "war zone" that Defendants use to justify the deployment of more federal force. Defendants are engineering their own pretext for their presence and behavior in Chicago.

5. Deploying tear gas at the rate and in the manner that Defendants have done is entirely unnecessary. Consider that over the five-year-plus period between the start of 2020 and today, the Chicago Police Department has responded to 17,200,000 dispatched events, it has made 276,000 arrests, and it has deployed tear gas on civilian populations zero times.[1] Even in response to very large protests during the summer of 2020, the Chicago Police Department never used CS gas,[2] and nationally other police departments used CS gas infrequently or not at all.[3]

---

[1] See Chicago Police Department Use of Force Dashboard (last updated Oct. 2, 2025), available at: https://www.chicagopolice.org/statistics-data/data-dashboards/use-of-force-dashboard/ (last accessed Oct. 27, 2025).

[2] See Independent Monitor's Report: The City of Chicago's and the Chicago Police Department's Responses to Protests and Unrest under the Consent Decree (May 2020 – November 2020) at 13 n.47, *Illinois v. Chicago*, 17-cv-6260 (N.D. Ill. July 20, 2021), Dkt. 964 (also available at: www.chicagopoliceconsentdecree.org/Page-Attachments/CPCD/Resources/IMR/Independent-Monitors-Special-Report-Regarding-the-City-of-Chicagos-and-the-Chicago-Police-Departments-Responses-to-Protests-and-Unrest.pdf).

[3] *See* Major Chiefs Association. *See Report on the 2020 Protests & Civil Unrest* at 17-18 (Oct. 2020) available at: https://majorcitieschiefs.com/wp-content/uploads/2021/01/MCCA-Report-on-the-2020-Protest-and-Civil-Unrest.pdf (noting that in every city that did use CS gas it "was used less frequently than the percentage of protests that contained acts of violence") (last accessed Oct. 27, 2025).

6. Moreover, gassing Chicagoans as Defendants have is dangerous. Military use of CS gas is prohibited under the 1997 Chemical Weapons Convention due to "concerns about the indiscriminate nature of the weapons, the possibility of escalation, . . . and the unnecessary suffering they cause."[4] CS gas has severe physiological effects and can cause long-term harm. *See* Dkt. 22-33 at ¶¶ 29-52 (Decl. of Dr. Rohini Haar describing health impacts of tear gas). Direct trauma from tear gas cannisters that "are hot, large and fired at high speeds" can be fatal. *Id.* at ¶ 44.

7. Plaintiffs' counsel is receiving calls and emails almost constantly about the harmful effects of Defendants' use of tear gas. One recent call was from the husband of a pregnant woman whose apartment was filled with gas during a recent incident. The young couple now fear for the safety of the child they are expecting. See also Haar Decl. at ¶ 47 (describing effects of chemical irritants on pregnant women and children in particular).[5]

8. Plaintiffs and other residents of the Chicago area rightly wonder why Defendants insist on turning their city into something like a World War I battlefield.

9. Something must be done. Defendants are plainly in contempt, and sanctions are warranted. See *S.E.C. v. Hyatt*, 621 F.3d 687, 692 (7th Cir. 2010); *Philips Med. Sys. (Cleveland), Inc. v. Buan*, 2025 WL 2764703, at *5 (N.D. Ill. Sept. 29, 2025); see also *Stotler & Co. v. Able*, 870 F.2d 1158, 1164 (7th Cir. 1989). However, Plaintiffs respectfully recommend that the Court defer the issues of contempt and appropriate sanctions until the time of the preliminary injunction hearing next week. Plaintiffs propose that the Court immediately modify its TRO to

---

[4] Drs. Rohini Haar & Scott Reynhout, *Lethal in Disguise 2* at 58 (Mar. 22, 2023) available at: https://lethalindisguise.org/wp-content/uploads/2022/12/LID2-Main-Report-Pages-Final-1.pdf (last accessed Oct. 27, 2025).
[5] Plaintiffs are working to present the Court with evidence relating to this incident and evidence that several other pregnant women, including Chicago Alderwoman Julia Ramirez, have been exposed to Defendants' tear gas.

prohibit Defendants from using tear gas at all, from the time of the modification until the court's ruling on Plaintiffs' motion for a preliminary injunction and the hearing next week.

10. Modifying the TRO to prohibit Defendants from using tear gas will prevent additional extreme harm until the Court has the benefit of the fuller record and opportunity to consider more lasting relief at the preliminary injunction hearing.

WHEREFORE, Plaintiffs respectfully request that the Court modify its TRO to prohibit Defendants from using tear gas until the court's ruling on Plaintiffs' motion for a preliminary injunction.

RESPECTFULLY SUBMITTED,

By: **Chicago Headline Club, et al.**

/s/ Steve Art

*Counsel for Plaintiffs*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org