IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) |
| | ) No. 25-cv-12173 |
| *Plaintiffs,* | ) |
| | ) Hon. Sara L. Ellis, |
| v. | ) District Judge |
| | ) |
| | ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) |
| | ) |
| | ) |
| | ) |
| *Defendants.* | ) |
| | ) |

**DEFENDANTS' EMERGENCY MOTION FOR LEAVE TO PROVIDE ACCESS TO BODY CAMERA VIDEOS THROUGH CLOUD-BASED PORTAL**

Defendants respectfully request leave to provide the Court and Plaintiffs' counsel with access to the body camera videos required by the Court's October 28, 2025 Order through a cloud-based portal instead of filing the videos directly with the Court. Given the time-sensitive nature of this motion, Defendants' respectfully request a ruling as soon as possible. As set forth below, there is good cause for this requested modification to the Court's order.

1. On October 28, 2025, the Court issued an order requiring Defendants "to provide to the Court, under seal, all CBP use of force reports relating to Operation Midway Blitz from 9/2/2025 through 10/25/2025, by COB 10/31/2025." ECF No. 146. The Court further ordered Defendants "to provide to the Court, under seal, all [body-worn camera] video corresponding to the use of force reports from 9/2/2025 through 10/25/2025" by COB 10/31/2025.

1

2. Defendants have identified 57 use-of-force reports responsive to the Court's order. These reports are stored in CBP's Enforcement Action Statistical Analysis and Reporting System (E-STAR), the digital platform CBP uses to report incidents involving use of force and assaults against officers. Defendants will file these 57 reports under seal without redaction by close of business on October 31, 2025.

3. Each use of force report contains a field to designate whether there is body-worn camera (BWC) video associated with the reported incident. The reports also list serial numbers for the video files for the BWC footage, so the incident described in the report can be correlated to the BWC videos. Although it is possible that other officers at the scene of an incident might have recorded BWC footage not listed in the use of force report,[1] CBP has advised that BWC footage listed in the report is typically the most pertinent video associated with the use of force incident. Based on a review of the 57 reports, 49 reports affirmatively indicate that there is BWC video for the reported incident. To ensure a comprehensive collection of BWC video responsive to the Court's order, CBP has collected all BWC footage for the serial numbers listed in the use of force reports as well as additional videos from agents who CBP has determined, based on a preliminary investigation, were involved in the reported incident.

4. CBP stores its BWC video on a cloud-based platform called Evidence.com, which is used by various law enforcement agencies to host BWC video and other sources of digital media. Evidence.com allows users with an identification name and password to access BWC video through a web-based portal.

---

[1] For example, an officer might have his camera turned on while working in another part of an incident site and did not observe or capture the use of force. That video would not typically be listed in the use of force report.

5. Defendants believe that providing the Court and Plaintiffs' counsel with access to the responsive BWC videos through Evidence.com will be more efficient and reliable than filing the videos directly with the Court. Defendants understand the Court has its own cloud-based platform to receive digital evidence, but the process of removing the voluminous amount of BWC video in this case from Evidence.com and then attempting to upload it to the Court's server is burdensome, time consuming, risks data integrity issues, may result in reduced functionality of the videos on the Court's platform. CBP lacks the technical ability to move the videos from Evidence.com directly to the Court's cloud portal. Defendants also understand that Plaintiffs would not have access to the videos through the Court's platform, thus Defendants would have to make separate arrangements for Plaintiffs' access, whether through a separate cloud-storage medium or a hard data transfer using a large-size server or harddrive. That process is likely to be burdensome and may present technological challenges because of encryption associated with the videos when moving from government servers to private storge repositories. Defendants have no interest in delaying production of the responsive BWC video and believe the fastest and most reliable way for the Court and Plaintiffs' counsel to view the BWC videos is to provide access through Evidence.com.

6. To facilitate prompt access, Defendants will create Evidence.com user accounts for the Court and its staff, as well as Plaintiffs' counsel. Each person requesting access would need to provide an email address to Defendants. CBP would then create a user profiles within Evidence.com for each user and send an email with a link to create an account. Each of the assigned profiles in this case would have access to the BWC

videos that are associated with the responsive use of force reports. Users may watch the videos through the online portal or download the videos to their own storage repository for viewing on their own system. Defendants expect that new user accounts can be created within hours of receiving a request and, once created, users would have immediate access to view the videos. CBP is prepared to create user accounts for the Court and Plaintiffs' counsel on Friday, October 31, as soon as names and emails are received.

7. The parties have conferred and Plaintiffs' counsel stated the following: "Plaintiffs object to any form of production that would permit the Defendants to monitor their use of discovery materials in this case. To the extent that the Court and parties can download from the platform you describe, we have no objection to the use of any particular platform for producing files." Defendants have confirmed that a download function is available for the videos on Evidence.com.

For the foregoing reasons, the Court should modify its October 28, 2025 Order to allow Defendants to provide access to the responsive BWC videos through Evidence.com.

Dated: October 30, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ Andrew I. Warden*
ANDREW WARDEN (IN Bar No. 2384-49)
Assistant Director

4

Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-5084
Fax: (202) 616-8470

*Counsel for Defendants*