IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) |
| *Plaintiffs,* | ) No. 25-cv-12173 |
| v. | ) Hon. Sara L. Ellis |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) |
| *Defendants.* | ) |

## PLAINTIFFS' MOTION TO UNSEAL THE OCTOBER 20, 2025 TRANSCRIPT

At the October 20, 2025 hearing, prior to the start of testimony from ICE Deputy Field Office Director Shawn Byers, Defendants asked the Court at a sidebar for an order ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮[1] Oct. 20, 2025 Tr. at 50:16-19. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 54:5-60:24. The Court cleared the courtroom, heard argument, granted Defendants' requested relief, and ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮. *Id.* at 137:11-140:25;

---

[1] Plaintiffs have redacted from the public version of this filing any of the material contained in the sealed transcripts. Plaintiffs request that the Court unseal the unredacted version of this motion and any further briefing on this issue upon resolution of this motion.

*see also* ███████████████████████████████████. Defendants have discussed an alleged bounty on DHS officials in tweets,[2] a press release published online,[3] and numerous interviews.[4]

Despite publishing the alleged bounties several times, Defendants maintain ████████ ██████████████████████████████████████████████████████████████████████ ███████████████████████████████████████████. This flips public disclosure law on its head. There is a "fundamental proposition" that court records be made publicly available to promote respect for the rule of law. *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). That Defendants seek to keep the transcript of proceedings sealed, but also ████████████████████████████████████████████████████████████, is an inconsistent and self-serving position. It prevents the public from learning about false representations that Defendants have made to this Court.

Plaintiffs contend in this case that the government has invented false pretexts to justify its actions. The government has made arguments in Court that are based on false representations. And in the case of the sealed transcript, the government wishes to keep the transcript sealed based on a false premise that ██████████████████████████████████████ ███████ In short, false representations have become a pattern in this case (and others involving the federal government). The public is entitled to the truth, and Defendants can present

---

[2] @DHSgov, Twitter (Oct. 17, 2025 2:48pm), available at https://x.com/DHSgov/status/1979265889599131994; @DHSgov, Twitter (Oct. 31, 2025 11:01am), available at https://x.com/DHSgov/status/1984289651734003727.
[3] Dep't Homeland Security Website, *Bounties Originating From Mexico Offered to Shoot ICE and CBP Officers in Chicago* (Oct. 14, 2025), www.dhs.gov/news/2025/10/14/bounties-originating-mexico-offered-shoot-ice-and-cbp-officers-chicago.
[4] *See, e.g.*, Fox News, *Chicago on Edge: DHS Responds After Violence Erupts at ICE Protest*, YouTube (Oct. 5, 2025), at 2:48 (Defendant Noem discussing the bounties), available at https://www.youtube.com/watch?v=y2fx1JZxRoo; Fox News, *Judge Orders Border Patrol Commander to Wear Bodycam* (Oct. 29, 2025), at 7:42 (Defendant Bovino discussing the bounties), available at https://www.foxnews.com/video/6384251017112; Elizabeth Pritchett, *DHS Warns of 'Unprecedent Violence' as Death Threats Against ICE Officers Soar 8,000%*, Fox News (Oct. 30, 2025 4:26am) (Assistant DHS Secretary Tricia McLaughlin discussing the bounties), available at https://www.foxnews.com/us/dhs-warns-unprecedented-violence-death-threats-against-ice-officers-soar-8000.

no countervailing justification capable of overcoming the fundamental principle of public access to court proceedings. Plaintiffs request the transcript of the October 20, 2025 hearing be unsealed and made available for public access.

## LEGAL STANDARDS

Courts are public institutions and must generally operate openly in full public view. *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). Accordingly, the public has both a common law and a First Amendment right to access court proceedings. *See e.g. Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 603 (1982); *Press-Enterprise Co. v. Superior Court*, 464 U.S. 501 (1984). The presumption of access is particularly strong for materials that "form the basis of judicial action," *Union Oil Co. of California v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000), including judicial actions sealing court filings or proceedings, *see, e.g.*, *Doe v. City of New York*, No. 22-cv-7910, 2022 WL 15153410, at *4 (S.D.N.Y. Oct. 26, 2022) (collecting cases holding that "a motion to seal [is] a judicial document that is entitled to a strong presumption of public access").

These access rights can be overcome only when suppression is "narrowly tailored" to serve "higher values." *In re Associated Press*, 162 F.3d 503, 506 (7th Cir. 1998). This is a "formidable task." *Id.* A court must be "firmly convinced that disclosure is inappropriate," with any doubts being "resolved in favor of disclosure." *Grove Fresh Distributors, Inc. v. Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994), *superseded on other grounds as recognized in Bond v. Utreras*, 585 F.3d 1061 (7th Cir. 2009). Sealing orders must be based on "specific findings" that articulate the need for secrecy, and those findings should be provided on the public docket.

*Id.* at 898 (citation omitted); *see also Matter of Cont'l Illinois Sec. Litig.*, 732 F.2d 1302, 1313 (7th Cir. 1984).[5]

## ARGUMENT

Defendants have not satisfied their "formidable" burden of demonstrating that the transcript of the October 20 should remain sealed. *Associated Press*, 162 F.3d at 506. Defendants claim that the transcript must remain sealed ████████████████████████████████ ████████████████████████████████████████████████████[6] This argument fails for three reasons.

First and foremost, Defendants cannot carry their burden because they have already published the information they seek to conceal. As courts across the country recognize, "[p]ublicly available information cannot be sealed." *June Medical Servs., LLC v. Phillips*, 22 F.4th 512, 520 (5th Cir. 2022); *see also United States v. Pearson*, 340 F.3d 459, 465 (7th Cir. 2003) (ordering records to be unsealed because the information had already been made public), *vacated on other grounds sub nom. Hawkins v. United States*, 543 U.S. 1097 (2005); *United States v. Pickard*, 733 F.3d 1297, 1305 (10th Cir. 2013); *OJ Com., LLC v. KidKraft, Inc.*, 34 F.4th 1232, 1241 (11th Cir. 2022); *Washington Post v. Robinson*, 935 F.2d 282, 291-92 (D.C. Cir. 1991). After Defendants themselves have taken every opportunity to broadcast the alleged bounties, they cannot in good faith ask this Court to seal off ████████████████████ ████████████████████████████████████████████████████ ████████████████ Defendants' request for sealing is not "narrowly tailored" toward serving

---

[5] The Local Rules reflect this high burden. A party seeking to file materials under seal must establish "good cause" on an item-by-item basis for sealing any particular document. L.R. 26.2(c)(3).
[6] The parties met and conferred about this issue on October 26, 2025, and exchanged email correspondence memorializing their respective positions. *See* Ex. B.

a higher value because Defendants themselves are abusing their purported interest in concealing this information.

Second, Defendants have not substantiated their claims  The lack of an evidentiary basis prevents this Court from making the necessary "specific findings" that could justify sealing off court records from public access. *See Grove Fresh*, 24 F.3d at 898. Worse than having no evidentiary basis for their request, the government identified . There is no justification for sealing records in this circumstance.

Finally, the sealed information is important to the public record in this case. Civilians, journalists, scholars, and the public are entitled to know about the federal government's false representations to this Court. Scholars are tracking the growing number of misrepresentations made by Department of Justice lawyers under the Trump Administration. One study found that courts have expressed distrust of government information and representations in over forty cases since January 20, 2025. *See* Ryan Goodman, et al., *The "Presumption of Regularity" in Trump Administration Litigation*, Just Security (Oct. 15, 2025), available at https://www.justsecurity.org/120547/presumption-regularity-trump-administration-litigation/ (last visited Nov. 1, 2025). Other journalists are finding a similar pattern. *See* Drew Harwell and Joyce Sohyun Lee, *We Checked DHS's Videos of Chaos and Protests. Here's What They Leave Out*, The Washington Post (Oct. 29, 2025), available at https://www.washingtonpost.com/investigations/2025/10/29/trump-administration-misleading-

videos/ (finding that DHS falsely reported the circumstances behind several videos posted online). If this Court does not unseal the October 20 transcript, the misrepresentations that Plaintiffs allege were made to this Court will not be incorporated into the public record.

Moreover, Defendants' misrepresentations about the facts relating to this case are accumulating, and in Plaintiffs' view those misrepresentations are critically important to the upcoming hearing, where the Court will have to make credibility determinations. In Plaintiffs' view, Defendants are consistently misrepresenting the facts of this case in sworn testimony, internal reporting, and public reporting, including the following:

- In his deposition, Defendant Bovino testified ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

- Defendant Bovino's ▮▮▮▮▮▮▮▮▮▮ echoes Judge Perry's finding that federal officers present in the Northern District of Illinois "lack … candor" in their testimony. *Illinois v. Trump*, 2025 WL 2886645, at *5 (N.D. Ill. Oct. 10, 2025). That was a finding that Judge Perry made in connection with representations that Russell Hott and Daniel Parra made in declarations. The record in this case will justify similar findings regarding credibility.

- ▮▮▮▮▮▮▮▮▮▮▮▮▮▮
  However, video evidence shows that federal officers on the rooftop fired pepper balls directly at Reverend David Black after he held up in arms in prayer toward them. Dkt. 22-1 ¶ 5 (link to video). Either the use of force reports are false, reports ordered to be produced have not been, or Defendants are deliberately omitting unlawful uses of force from their reports.

- This Court ordered Defendants to produce a chart detailing the arrests made by CBP between September 2 and October 29 that were unrelated to immigration enforcement. Dkt. 146 ▮▮▮▮▮▮▮▮▮▮ (Defendants' arrest chart) *with, e.g.,* Dkt. 73-9 (Munoz Decl.) ¶¶ 14-37 (Juan Munoz detailing his false arrest but his name is missing from Defendants' chart) *and* Dkt. 73-18 (Blackburn Decl.) ¶¶ 21-23 (same for Scott Blackburn) *and* Dkt. 73-3 (Toerpe Decl.) ¶¶ 10-18 (same for Daniel Toerpe). ▮

---

7 ▮▮▮▮▮▮▮▮▮▮▮▮▮▮

███████████████████████████████████████████

- DHS Assistant Secretary Tricia McClaughlin falsely claimed that a video depicting federal officers arresting a teenager recently was from a year ago and involved Chicago Police Department officers. @TriciaOhio, Twitter (Oct. 12, 2025 9:21am), available at https://x.com/TriciaOhio/status/1977378998071038129. In reality, the arrest depicted was carried out by federal officers on October 10, as confirmed by eyewitnesses and the teenager's parents. Dkt. 73-6 ¶¶ 29-40 (Crespo Decl.).

These misrepresentations follow what is becoming a familiar pattern, in which the federal government misrepresents facts to fit their arguments in an effort to achieve favorable outcomes in litigation:

- In *Oregon v. Trump*, the federal government represented that protests had forced the redeployment of 115 Federal Protection Service (FPS) officers, "nearly 25% of FPS officers nationwide," to Portland." *See* Ex. D (No. 25-6268, Dkt. 85.1 (9th Cir. Oct. 23, 2025). Prior to granting rehearing en banc in the case, a Ninth Circuit relied on that representation to find that the government was likely to prevail on the merits, and based on that finding, the Ninth Circuit granted a stay pending appeal. *Id.* However, evidence produced in discovery showed that nowhere near 115 FPS officers were ever re-deployed to Portland—at most, there were 31 officers redeployed there.

- In a hearing before Judge Cummings in *Castanon Nava v. DHS*, No. 18-cv-3757 (N.D. Ill.), the federal government retracted false statements made in a brief because they could not certify the accuracy of those statements. *See* Ex. E (transcript of Oct. 25, 2025 hearing), at 49-52.

By asking this Court to continue to seal the October 20 transcript, Defendants are asking this Court to accept misrepresentations they made at the October 20 hearing as a reason to hide public court proceedings from view. Just as the government cannot justify the tactics it is using against Plaintiffs in this case by making misrepresentations, the government should not be permitted to obtain a litigation advantage or hide its litigation tactics by appealing to misrepresentations.

**CONCLUSION**

For the foregoing reasons, the Court should order the unsealing of all sealed passages of the October 20, 2025 hearing transcript.

Respectfully Submitted,

/s/ Steve Art
*One of Plaintiffs' Attorneys*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740

| | |
|---|---|
| **COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**<br>Bluhm Legal Clinic, Northwestern Pritzker School of Law<br>375 E. Chicago Ave.<br>Chicago, IL 60611<br>(312) 503-2224<br>wally.hilke@law.northwestern.edu | kfee@aclu-il.org<br>rglenberg@aclu-il.org |

## RULE 37.2 CERTIFICATION

I, Steve Art, certify that the parties met and conferred in good faith to resolve the issue raised in this motion. The parties met and conferred by telephoen on October 26, 2025, and exchanged email correspondence memorializing their respective positions.

*/s/* Steve Art
*One of Plaintiffs' Attorneys*
