IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) |
| *Plaintiffs,* | ) No. 25-cv-12173 |
| | ) Hon. Sara L. Ellis |
| v. | ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) |
| *Defendants.* | ) |

## PLAINTIFFS' MOTION TO BAR UNDISCLOSED WITNESSES

At the in-court hearing in this case on October 20, 2025, this Court ordered the parties to work together to confer about the upcoming preliminary injunction hearing, and it agreed with Plaintiffs' proposal that the parties exchange witness lists, and that the Defendants should disclose witnesses to the Plaintiffs contemporaneously with their motion responses filed on October 31, 2025. (Dkt. 75 at 141-42.) As the Court indicated at that hearing, it does not "allow folks to sandbag each other." *Id.* at 151.

When the government filed its response to Plaintiffs' motion for a preliminary injunction on October 31, 2025, the only witnesses supporting the government's account were the same two witnesses who had submitted declarations in support of the government's response to Plaintiff's motion for a temporary restraining order—Parra and Hott (who submitted new declarations). The government did not disclose additional witnesses on whom they relied; it did not cite any video evidence identifying witnesses; and it cited a limited number of the reports that it filed as exhibits, without indicating that any witness listed in those reports might be called to support the

government's defense. This approach seemed consistent with the Defendant's representation a few weeks ago that it did not intend to call any live witnesses at the preliminary injunction hearing. (Dkt. 52 at 14.) Accordingly, Plaintiffs anticipated that they were preparing for a hearing involving the witnesses clearly identified by the parties in their filings. Consistent with that understanding and the Court's ruling, Plaintiffs' counsel conferred over the weekend with defense counsel, providing a narrowed witness list of people who they might call at Wednesday's hearing, all of whom will be testifying about previously-disclosed events and claims. Plaintiffs asked the Defendants to provide a witness list. Defendants did not identify witnesses in response.

Instead, for the first time at a conferral this morning, defense counsel indicated it may call unidentified federal agents about on-the-ground events. That was itself a huge surprise. To make matters worse, the government did not identify any of those potential witnesses on the call when Plaintiff inquired who they might be. And, still hours later at the time of the filing of this motion, now less than 48 hours before this hearing, the government still has not disclosed who those potential witnesses are. These are necessarily people for whom the Defendants have never submitted declarations and indeed never even identified in their responses to the motion for a preliminary injunction and the motion for class certification filed on Friday. Given that Defendants also produced to Plaintiffs on Friday and Saturday hundreds of hours of body-worn camera footage and surveillance footage from the Broadview facility, determining who these witnesses are, whether there is disclosed video relevant to their testimony, and otherwise adequately preparing for their exams, is extremely difficult if not impossible.

At this late date, Plaintiffs are severely prejudiced by the lack of disclosures by Defendants, and they will be unable to meaningful prepare for these portions of the preliminary

injunction hearing. For this reason, Plaintiffs respectfully request that this Court enter an order barring the Defendants from calling at the upcoming evidentiary hearing any witnesses that Defendants have not identified as of the time of this filing.

                                              Respectfully Submitted,

                                              */s/* Steve Art
                                              *One of Plaintiffs' Attorneys*

| | |
|---|---|
| Jon Loevy | Craig B. Futterman |
| Locke Bowman | **MANDEL LEGAL AID CLINIC** |
| Steve Art | University of Chicago Law School |
| Heather Lewis Donnell | 6020 S. University |
| Theresa Kleinhaus | Chicago, IL 60637 |
| Scott Rauscher | (773) 702-9611 |
| Matt Topic | futterman@uchicago.edu |
| Julia Rickert | |
| Tara Thompson | Hayden Johnson* |
| Lindsay Hagy | Katie Schwartzmann* |
| Jordan Poole | Conor Gaffney* |
| Alyssa Martinez | **PROTECT DEMOCRACY PROJECT** |
| Dominique Gilbert | 2020 Pennsylvania Ave NW, Ste 163 |
| Justin Hill | Washington DC 20006 |
| Aaron Tucek | (202) 579-4582 |
| **LOEVY + LOEVY** | * *Admitted pro hac vice* |
| 311 N. Aberdeen Street | |
| Chicago, Illinois 60647 | Daniel Massoglia |
| (312) 243-5900 | Hannah C. Marion |
| steve@loevy.com | **FIRST DEFENSE LEGAL AID** |
| | 601 S. California Ave. |
| Elizabeth Wang | Chicago, IL 60612 |
| Isaac Green | (336) 575-6968 |
| **LOEVY + LOEVY** | daniel@first-defense.org |
| 2060 Broadway, Ste. 460 | hannah@first-defense.org |
| Boulder, CO 80302 | |
| | Kevin M. Fee, Jr. |
| David B. Owens | Rebecca Glenberg |
| **LOEVY + LOEVY** | Hirsh Joshi |
| ℅ Civil Rights and Justice Clinic | Priyanka Menon |
| University of Washington Law School | **ROGER BALDWIN FOUNDATION** |
| William H. Gates Hall, Suite 265 | **OF ACLU, INC.** |
| Seattle, WA 98145-1110 | 150 N. Michigan, Suite 600 |

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org