IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-12173 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis |
| | ) | District Judge |
| KRISTI NOEM, Secretary of U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' MOTION TO BAR RELIANCE ON NON-RECORD EVIDENCE

Plaintiffs, by and through their counsel, respectfully submit this motion to bar reliance on non-record evidence, as follows:

### ARGUMENT

1. On November 3, 2025, the parties conferred about the upcoming hearing on Plaintiffs' motion for a preliminary injunction. For the first time, the government indicated its position that all materials that it has produced during discovery in this case are part of the record. That view is not consistent with the law and it is remarkably impractical.

2. This Court should rule that the only evidence that it will consider in deciding Plaintiffs' motion for a preliminary injunction is the evidence submitted by the parties in support of or in response to Plaintiffs' motions and other filings submitted to the Court, and evidence properly made part of the record at the upcoming hearing.

3. It is axiomatic that discovery is broader than that which is admissible or relevant for a hearing, trial, or other proceeding. Fed. R. Civ. P. 26. That being the case, the Court here ordered limited discovery in advance of the preliminary injunction hearing set for November 5,

1

2025. Separately, the Court ordered the government to produce certain documents in discovery, to both the Court and to the parties, in order to evaluate Defendants' compliance with the temporary restraining order.

4. Last week, the government began producing that discovery. In the evening and hours before Defendant Hott's deposition, the government produced 540 pages of ICE documents and a new declaration from Hott. In a rolling production, the government produced more than 500 pages of separate CBP documents, and other materials. On the evening of Friday, October 31, 2025, the government produced over 500 Body Worn Camera (BWC) videos. Over the weekend, the government then physically delivered an external hard drive with security footage from Broadview. The governments' response to Plaintiffs' motion, filed Friday, only relies upon a limited number of these voluminous materials. *See* Dkt. 173. Plaintiffs' replies, due today, will only rely upon a limited number of these voluminous materials.

5. Plaintiffs are mindful that rules governing the evidence that may be considered in connection to a court's decision on a motion for preliminary injunction are relaxed, but they are not non-existent. *See Rice v. LSREF3 Sapphire Trust 2014*, 2014 WL 12778930, at *2 n.3 (N.D. Ill. Nov. 24, 2014) (explaining that the Rules of Evidence generally apply to preliminary injunction hearings, with some caveats). A Court can consider hearsay, for example. *See Doe v. Univ. of Chicago*, 2022 WL 16744310, at *3 n.7 (N.D. Ill. Nov. 7, 2022) (quoting *SEC v. Cherif*, 933 F.2d 403, 412 n.8 (7th Cir. 1991)). But the evidence that the Court considers must still be relevant to some claim or defense in the case, and the party advancing the evidence must do the work of establishing its relevance. *Ohio-Sealy Mattress Mfg. Co.*, 1986 WL 5642, at *1 (N.D. Ill. May 6, 1986) ("The party wishing to introduce evidence bears the burden of demonstrating the relevance of that evidence."). A party cannot just say to the Court "look at everything produced

2

in discovery" and claim that they are entitled to prevail as a result. There is no type of federal civil proceeding that works that way.[1]

6. Along these lines, Plaintiffs have been careful to identify evidence supporting their claims and entitlement to relief in their filings, they are providing the government with a list of potential exhibits for the hearing, and they will move for the admission of exhibits at the hearing. The government, too, has attached some evidence to its filings. But it has not committed to providing an exhibit list, and it instead has now taken the position that all documents it has produced are properly part of the record.

7. Plaintiffs object. The government should not be permitted to simply rely on any of the thousands of pages of documents and 500+ videos it has produced in discovery in support of its defense. Permitting the government to do so would cause at least two problems.

8. First, and related, allowing the government to treat the entire universe of discovery as "part of the record" for the hearing would permit the government to sandbag Plaintiffs at the upcoming hearing. Other than those exhibits attached to the governments' responses, Plaintiffs have no idea what documents the government might use at the hearing in support of a defense, because the government has not identified which documents or videos among the thousands produced it believes are relevant to this particular hearing. For instance, the government's response to the motion for a preliminary injunction cites no video evidence *at all* supporting the government's contentions. The government should not be permitted to pull out video evidence at the last second, when there is no time for Plaintiffs to respond.

---

[1] The Court obviously must rely on things actually in the record as the basis for any decision in favor of either side in this case. *See Heidelberg Harris, Inc v. Mitsubishi Heavy Indus. Ltd.*, 1996 WL 189398, at *3 (N.D. Ill. Jan. 9, 1996). The government's suggestion that all evidence it has produced in discovery is part of the record would be like plaintiffs arguing that all footage posted publicly about Defendants' tactics in the past two months is part of the record, or that every email the court has received from concerned residents is part of the record.

9.      Second, Plaintiffs worry that what the government is actually attempting to do is create a sprawling record so that, if this Court decides against Defendants at this stage, the government can advance new theories on appeal that were never presented to this Court. Requiring the government to actually identify evidence that it thinks justifies denial of plaintiffs' evidence and place that evidence in the record will make the record of this Court's decision clear to the court of appeals as the case continues.

10.     The government's proposal that everything produced in discovery is part of the record should be rejected. This is not how cases are decided under the Federal Rules of Civil Procedure. Rather, parties are required to explain their legal arguments and to identify the evidence that supports those claims. *United States v. Sineneng-Smith*, 590 U.S. 371, 375-76 (2020) ("as a general rule, our system is designed around the premise that parties represented by competent counsel know what is best for them, and are responsible for advancing the facts and argument entitling them to relief") (cleaned up). Indeed, as the Seventh Circuit has explained, "Judges are not like pigs, hunting for truffles buried in [the record]." *Gross v. Town of Cicero, Ill.*, 619 F.3d 697, 702 (7th Cir. 2010). If there is something the government wants to make part of the record, they should specifically identify it and its relevance. Plaintiffs have done exactly that. All parties should be held to the same standard.

WHEREFORE, the Court should bar reliance on non-record evidence, as described herein.

Respecfully submitted,

s/ Elizabeth Wang
Counsel for Plaintiffs

| | |
|---|---|
| Jon Loevy | Craig B. Futterman |
| Locke Bowman | **MANDEL LEGAL AID CLINIC** |
| Steve Art | University of Chicago Law School |

4

Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
Shalini Agarwal*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org