IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, )<br>)<br>*Plaintiffs,* )<br>)<br>v. )<br>)<br>)<br>KRISTI NOEM, Secretary, U.S. )<br>Department of Homeland Security, in her )<br>official capacity, *et al.*, )<br>)<br>*Defendants.* )<br>) | No. 25-cv-12173<br><br>Hon. Sara L. Ellis,<br>District Judge |

**DEFENDANTS' MOTION IN LIMINE TO EXCLUDE TESTIMONY FROM PLAINTIFFS' EXPERT WITNESS GIL KERLIKOWSKE**

Defendants move to exclude the testimony and declarations of Gil Kerlikowske from the Court's consideration of Plaintiffs' motion for preliminary injunction under Federal Rule of Evidence 702.

1. Federal Rule of Evidence 702 requires trial judges to ensure "that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993). The basic purpose of this "gatekeeping requirement" is to ensure that the expert "employs in the courtroom the same level of intellectual rigor that characterizes the practice of an expert in the relevant field." *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 152 (1999). Although the inquiry is "a flexible one," the Supreme Court has suggested specific factors that are likely to help trial courts evaluate whether expert testimony is reliable, including testing, peer review, error rates, and acceptance in the relevant

scientific community. *Daubert*, 509 U.S. at 593–94. This reliability requirement applies with equal force in jury trials and bench trials. *See, e.g.*, *Baxter v. Comm'r of Internal Revenue Serv.*, 910 F.3d 150, 156 (4th Cir. Dec. 7, 2018). *Daubert* also applies at the preliminary injunction stage. *See United States v. H & R Block, Inc.*, 831 F. Supp. 2d 27 (D.D.C. 2011) (conducting *Daubert* analysis in conjunction with a preliminary injunction hearing).

2. The proposed testimony of Gil Kerlikowske, Plaintiffs' expert witness on the use of force in crowd control and similar applications, fails this test. Under FRE 702, any expert witness testimony must be "based on sufficient facts or data." *Id*. For the facts or data to be "sufficient," expert evidence can choose between competing versions of the facts, but must be based on more than a carefully and selectively curated universe of facts that simply excludes anything not supportive of the proponent's desired conclusion. District courts have not hesitated to find that such expert "evidence" failed the test under FRE 702. For example, an expert report was held to violate FRE 702 because it did not and inherently could not consider any competing evidence, because that side's counsel "provided to [the expert] for review … everything on [their] side of the case, but *nothing from [the other side]'s version of events*." *Gregory v. Oliver*, No. 00–5984, 2002 WL 31972165 at *3-*4 (N.D.Ill., Dec.27, 2002) (emphasis in original). By contrast, where the experts instead were not confined purely to one side's pre-selected materials chosen by counsel, district courts have upheld such evidence in the face of challenges. *See, e.g.*, *Richman v. Sheahan*, 415 F.Supp.2d 929, 944 (N.D. Ill. 2006) (distinguishing the instant facts from *Gregory*, "since all three [defense] experts here reviewed a wide variety of materials,

including testimony sympathetic to the plaintiff," and only then chose a particular version of the facts on which to base their opinion.) Appellate courts, in turn, have cautioned against allowing expert testimony premised on artificially restricted factual bases. "Expert evidence based on a fictitious set of facts is just as unreliable as evidence based upon no research at all." *Guillory v. Domtar Indus. Inc.*, 95 F.3d 1320, 1331 (5th Cir. 1996).

3. As expressly stated in his Declarations, Mr. Kerlikowske's review and assessment was limited solely to the materials provided him by the Plaintiffs, facially consisting only of declarations of the Plaintiffs and the declarants they selected to support their legal action, and videos and photo-imagery curated by them on the same criteria. *See* Kerlikowske Decl., ECF 22-32 ¶¶ 17-18; Supp. Kerlikowske Decl. ECF 77-2 ¶ 11. Kerlikowske expressly disavows any effort whatsoever to establish a fuller context or balance or test competing explanations for his conclusions: "After reviewing the video and photo evidence and the witness statements described above, *and having not seen any explanation or refutation to the contrary*…." Kerlikowske Decl., ECF 22-32 ¶ 19 (emphasis added). The proffered conclusions are therefore openly based on a skewed and selected subset of materials, and are offered only "[c]onsidering the known information" rather than on a fuller or autonomous search by the expert for a wider empirical foundation. *Id*. As explained above, this cannot suffice for expert "evidence" and certainly not for expert evidence consistent with the requirements of FRE 702 for whether "there is a widespread pattern" of misuse of force. *Id*., ¶ 20.

For the foregoing reasons, the Court should exclude the testimony and declarations of Gil Kerlikowske from consideration in deciding Plaintiffs' motion for preliminary injunction.

Dated: November 4, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ Elizabeth Hedges*
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
PETER R. ("P. R.") GOLDSTONE
Trial Attorney
U.S. Department of Justice
Civil Division, Federal
Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 598-0912
Fax: (202) 616-8470
Peter.R.Goldstone@usdoj.gov

*Counsel for Defendants*