IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) |
| | ) No. 25-cv-12173 |
| *Plaintiffs,* | ) |
| | ) Hon. Sara L. Ellis, |
| v. | ) District Judge |
| | ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

**DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO BAR TESTIMONY AND EVIDENCE**

Defendants oppose Plaintiffs' motions to bar witness testimony and evidence (ECF 185, 186). Most of Plaintiffs' arguments and motions appear to be based on a misunderstanding of Defendants' position.

1. The Court should deny the motion to bar purportedly "undisclosed witnesses." Defendants will disclose to Plaintiffs and the Court their list of witnesses by November 4, 2025, which is what this Court ordered the parties to do. *See* Hearing Tr. (Oct. 20, 2025) (Court: "The last thing would be maybe a day before the hearing if I can get a list of the witnesses that folks intend to call just so that I can prepare and then any documents from either side that people intend to use with those witnesses."). Defendants will call only witnesses whose identities have already been disclosed to Plaintiffs—whether by their having testified previously in this matter, by having submitted a declaration, by being referenced in reports appended as exhibits to Defendants' opposition to the motion for preliminary injunction, or by having had their

1

body-worn camera footage produced and referenced in (or appended as exhibits to) filings in this matter. *See, e.g.*, ECF 172 (sealed exhibits of ICE and CBP incident reports).

2. Plaintiffs will not be prejudiced by testimony from these witnesses. The reports mentioned in the previous paragraph were first disclosed to Plaintiffs on October 28 and 29, one week before the hearing. Defendants then cited and attached a subset of the reports in the opposition to Plaintiffs' motion for preliminary injunction filed on October 31. Plaintiffs have received sufficient notice of Defendants' reliance on these reports and cannot credibly claim prejudice from the testimony of the officers referenced therein.

- Plaintiffs' argument that officers and agents' testimony should be barred because Defendants waited too long to disclose specific identities should not be credited. Until less than an hour before this filing, Plaintiffs had not shared a list that was narrowed beyond the 17 potential witnesses they identified by email to Defendants on Sunday. That was so even though Plaintiffs conceded they were not planning to call all 17 witnesses. Defendants' ability to meaningfully prepare to cross-examine Plaintiffs' witnesses has accordingly been very limited.

- Although allowing the testimony of front-lines officers and agents will prejudice no one, excluding it would be highly prejudicial both to Defendants and to the proceedings. To date, the Court has heard little other than Plaintiffs' and their declarants' characterization of the events involving alleged uses of force that took place at particular dates and times. And Plaintiffs have criticized Defendants' evidence regarding those events as insufficient, including criticizing the testimony of higher-

level witnesses who were not physically present for certain events at issue. Defendants would now like to provide the Court with the testimony of officers and agents who were present for some of the events at issue. Those officers and agents will provide a critical and unique perspective that will be lost if the Court grants Plaintiffs' motion.

3. Although the Defendants believe the scope of the witnesses from whom they may present testimony should be defined as outlined in paragraph 1 above, at a bare minimum, the Court should permit Defendants to present testimony from any witness who has previously testified (in court or by deposition) in this matter or whose body-worn camera footage, report(s) referencing the witness, or any other material associated with the witness was cited in Defendants' opposition to Plaintiffs' PI motion.

4. Plaintiffs' second motion is also based on a misunderstanding of Defendants' position. Defendants do not contend that any document turned over to Plaintiffs in discovery can be considered by the Court in resolving the motion for preliminary injunction. Defendants' position is that any documents or evidence that Defendants have introduced into the judicial record, either through a prior filing by Defendants or in a submission responsive to a Court order, may be considered in deciding Plaintiffs' motion for preliminary injunction. This evidence includes:

- The evidence submitted by Defendants in opposition to Plaintiffs' motion for temporary restraining order. *See* ECF 35 (including exhibits 1-12); Transcript (Oct. 6, 8, 9, 2025).

- Testimony of Shawn Byers (ICE) and Kyle Harvik (CBP). *See* Transcript (Oct. 20, 2025).

- Testimony of Gregory Bovino (CBP). *See* Transcript (Oct. 28, 2025).

- The evidence submitted by Defendants in opposition to Plaintiffs' motion for preliminary injunction. *See* ECF Nos. 172 & 173 (including exhibits 1-47).

- The use-of-force reports filed in accordance with the Court's Order dated October 28, 2025. *See* ECF No. 169.

- The body camera video footage submitted to the Court in accordance with the Court's Order dated October 28, 2025. *See* ECF No. 164.

5. Defendants understand that Plaintiffs' concern is with Defendants' potential reliance on the latter two categories of the above list—use-of-force reports and body camera video—due to volume of that evidence. To address that concern, Defendants will specifically identify on their exhibit list any use-of-force report not already cited in Defendants' opposition to Plaintiffs' motion for preliminary injunction, as well as the specific file names of any body camera videos that Defendants believe the Court should review in deciding Plaintiffs' motion.

6. Defendants will provide the Court and Plaintiffs with a list of exhibits by November 4, 2025, consistent with the Court's order on October 20, 2025. *See* Hearing Tr. (Oct. 20, 2025).

| | |
|---|---|
| Dated: November 4, 2025 | Respectfully submitted,<br><br>BRETT A. SHUMATE<br>Assistant Attorney General<br>Civil Division<br><br>ANDREW WARDEN<br>Assistant Director<br>Federal Programs Branch<br><br>SEAN SKEDZIELEWSKI<br>Counsel to the Assistant<br>Attorney General<br><br>*/s/ Elizabeth Hedges*<br>ELIZABETH HEDGES<br>Counsel to the Assistant Attorney General<br>U.S. Department of Justice<br>Civil Division<br>950 Pennsylvania Ave N.W.<br>Washington, D.C. 20530<br>Telephone: (771) 209-1978<br>Fax: (202) 616-8470<br>Elizabeth.t.hedges@usdoj.gov<br><br>*Counsel for Defendants* |