IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB *et al.* ) | |
| ) | |
| Plaintiffs, ) | No. 25-cv-12173 |
| ) | |
| v. ) | Hon. Sara L. Ellis, |
| ) | United States District Judge |
| KRISTI NOEM, Secretary of U.S. ) | |
| Department of Homeland Security, in her ) | |
| official capacity, *et al.*, ) | |
| ) | |
| Defendants. ) | |

**PARTIES' JOINT STATUS REPORT REGARDING HEARING**

Plaintiffs Chicago Headline Club, et al., by their undersigned attorneys, and Defendants Kristi Noem, et al., by their undersigned attorneys, respectfully submit this joint status report to apprise the Court of their views about the November 5, 2025, hearing on Plaintiffs' motions for a preliminary injunction and class certification, stating:

1. The parties agree that there should be time allotted for presenting witness testimony and evidence. The parties agree that the time for presenting witness testimony and evidence should be divided equally and that the parties' examinations, whether direct, cross, etc., should be deducted from their total time. Under the competing schedules set forth below, each side would receive 2 hours and fifteen total minutes to present testimony and evidence.

2. Plaintiffs propose a schedule that resembles the following:

   9:00 a.m. – Resolution of pending motions and other issues relating to the conduct of the hearing

   9:30 a.m. – Brief opening statements (5 mins per side)

   10 a.m. to 12 p.m. - Witness testimony/evidence (with a break)

   12 p.m. to 1 p.m. - Lunch

   1 p.m. to 4:30 p.m. - Witness testimony/evidence (with a break)

   4:30 p.m. - 6:00 p.m. - Arguments

3. Defendants propose a slightly modified schedule with the Court hearing argument on the motion for class certification before the presentation of evidence. The class certification motion raises unique issues unconnected to the evidentiary issues. Accordingly, Defendants believe it would be more efficient to address that issue before the presentation of evidence and argument over the merits of the motion for preliminary injunction. Plaintiffs think all of the argument should happen at one time, after evidence. Defendants' proposed schedule is as follows:

   9:00 a.m. – Resolution of pending motions and other issues relating to the conduct of the hearing

   9:30 a.m. Motion for class certification (15 mins per side)

   10 a.m. Brief opening statements (5 mins per side)

   10:30 a.m. to 12:30 p.m. - Witness testimony/evidence (with a break)

   12:30 p.m. to 1:30 p.m. - Lunch

   1:30 p.m. to 5 p.m. - Witness testimony/evidence (with a break)

   5 p.m. - 6:00 p.m. – Motion for Preliminary Injunction Arguments (30 mins per side)

4. This weekend Plaintiffs disclosed a list of may-call witnesses to the government, which included Gregory Bovino, Russell Hott, Daniel Parra, Emily Steelhammer, Bruce Turner, Rev. David Black, Fr. Brendan Curran, John Bodett, Julia Ramirez, Paul Goyette, Leslie Cortez, Jo-Elle Munchak, Juan Munoz, Shawn Mulcahey, Autumn Reidy-Hamer, Andrea Pedroza, Bill

Paulson, Rudy Villa, Daniel Biss, and Plaintiffs' expert Gil Kerlikowske. The disclosure was made to give fair notice to the government of the potential universe of Plaintiffs' witnesses; Plaintiffs understand that they cannot call 17 witnesses in a day (though many of these witnesses will provide extremely brief testimony on direct); and Plaintiffs continue to work to whittle their witness list (at least three have already been removed, as discussed in paragraph 6, below). Defendants have filed a motion to exclude declarations and testimony of Plaintiffs' proposed witness Gil Kerlikowske.

5. Defendants have said that they may call three or four live witnesses, but they have not disclosed the identity of those witnesses. Defendants will disclose to the Court and Plaintiffs any witnesses they intend to call at the preliminary injunction hearing by November 4, 2025, which is what the Court ordered on October 20, 2025. *See* Hearing Tr. (Oct. 20, 2025) ("The last thing would be maybe a day before the hearing if I can get a list of the witnesses that folks intend to call just so that I can prepare and then any documents from either side that people intend to use with those witnesses."). Plaintiffs have filed a motion to bar Defendants from calling previously undisclosed witnesses. Dkt. 185. Defendants oppose Plaintiffs' motion.

6. Defendants oppose Plaintiffs calling Bovino, Hott, and Parra live at the hearing. In exchange for Defendant Bovino's agreement to sit for an additional 90 minutes of deposition time on November 4, 2025, Plaintiffs have agreed not to file a motion to compel him to testify live on November 5, 2025. Plaintiffs reserve their right to rely on the deposition testimony of Bovino, Hott, and Parra at the hearing, which they will file under seal prior to the hearing, and some of which they may present in Court.

7. Plaintiffs intend to provide the government with an exhibit list this morning. Defendants will also disclose to Plaintiffs and this Court any specific exhibits that Defendants

3

may rely on at the preliminary injunction hearing by November 4, 2025, in accordance with the Court's order. *See* Hearing Tr. (Oct. 20, 2025). Plaintiffs have filed a motion to bar the government from relying on evidence that has not been cited in briefing or introduced at the hearing. Dkt. 186. Defendants oppose Plaintiffs' motion.

8. The parties have a disagreement about the way that information produced subject to the protective order should be treated at the upcoming hearing. Plaintiffs' position is that evidentiary materials on which a Court relies during a public hearing are presumptively public, despite what a protective order might provide. *City of Greenville, Ill. v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014) (discussing *Bond v. Utreras*, 585 F.3d 1061, 1075 (7th Cir. 2009)). In response to Defendants' position, set out below, Plaintiffs state that any sensitive personal identifying information can be redacted from exhibits if the government makes a showing that particular documents on Plaintiffs' exhibits list contain information that is truly privileged or otherwise entitled to secrecy. Based on Plaintiffs' review of the exhibits that they intend to use, Plaintiffs cannot imagine why these records could not be shown in a public proceeding, and the government's vague explanation below does not lend clarity. As in any police case, police reports and body cam video can and should be viewed publicly. The same is true of the video of Defendant Bovino that Plaintiffs intended to designate and play during the proceedings, so the Court can assess his credibility on something other than a cold record. Nothing in Defendant Bovino's testimony comes close to requiring secrecy, principally because on any subject that is purportedly secret (and Plaintiffs' dispute these assertions), Defendant Bovino was instructed not to provide testimony. The federal government's view of what information must be kept secret from American civilians has ballooned this year, but in court proceedings the government cannot hand-wave and make broad proclamations about the need for

4

secrecy, threats, and law enforcement, and in doing so shield from public view court proceedings that are of pronounced public concern. That has happened already once in this case for no reason at all. See Dkts. 183&184. It should not happen at tomorrow's hearing.

9. Defendants' position is that due to the expedited production of sensitive law enforcement documents and videos in accordance with the Court's orders, Defendants have not been able to review and redact all of the disclosed documents and videos for privilege (*e.g.*, law enforcement privilege), law enforcement sensitivities, and for other privacy concerns, which, in some cases, would be required by statute (the Privacy Act). The law enforcement records and body camera videos submitted in this case contain personally identifying information about law enforcement officers, the public disclosure of which reasonably could be expected to cause invasions of privacy, harassment, and threats to their safety. The records also contain sensitive information about law enforcement techniques, tactics, and procedures that should be protected from public release. Public disclosure of internal law enforcement methods and procedures could enable individuals to alter their patterns of conduct, adopt new methods of operation, and effectuate countermeasures to circumvent and undermine law enforcement techniques. Thus, caselaw supports Defendants' position. *See Baxter Int'l, Inc. v. Abbott Lab'ys*, 297 F.3d 544, 546 (7th Cir. 2002) ("In civil litigation only trade secrets, information covered by a recognized privilege (such as the attorney-client privilege), and information required by statute to be maintained in confidence (such as the name of a minor victim of a sexual assault), is entitled to be kept secret[.]").

10. Defendants acknowledge the Court's preference for an open hearing and believe the best way to achieve an open proceeding while protecting Defendants' compelling interests is as follows:

    a. To the extent the parties discuss or reference any of the law enforcement documents produced under seal in this case, the parties may refer to that document by its document title and discuss the narrative facts in the document without reference to the names of any law enforcement officers or other internal tactics, technique, or procedures. The documents would not be displayed publicly through courtroom technology. The parties and the Court would refer to hard copies or digital copies at counsel table and the bench.

    b. To the extent the parties discuss any of the body camera footage, they may do so by reference to the date and time stamp on file names as produced. The parties may summarize the content of the video in open court. In the event a party wants to play a video, the Court would view that video in closed session or from the bench without display of the video publicly.

11. This parties will be prepared to discuss these issues with the Court at noon today.

Respectfully submitted,

| | |
|---|---|
| /s/ Steve Art | /s/ Elizabeth Hedges |
| *Counsel for Plaintiffs'* | *Counsel for Defendants* |
| Jon Loevy | |
| Locke Bowman | Andrew Irwin Warden |
| Steve Art | Christopher Marisak Lynch |
| Heather Lewis Donnell | Elizabeth Themins Hedges |
| Theresa Kleinhaus | Jeremy Samuel Bloch Newman |
| Scott Rauscher | Peter Roni Goldstone |
| Matt Topic | Samuel Holt |
| Julia Rickert | Sarmad M Khojasteh |
| Tara Thompson | Sean Skedzielewski |
| Lindsay Hagy | |
| Jordan Poole | U.S. Department of Justice, Civil Division |
| Dominique Gilbert | 950 Pennsylvania Ave NW |
| Justin Hill | Washington, D.C. 20530 |
| Aaron Tucek | (202) 860-9960 |

| | |
|---|---|
| **LOEVY + LOEVY**<br>311 N. Aberdeen Street<br>Chicago, Illinois 60647<br>(312) 243-5900<br>steve@loevy.com | sean.skedzielewski@usdoj.gov |

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org