IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, et al., ) <br> ) <br> *Plaintiffs,* ) <br> ) <br> v. ) <br> ) <br> KRISTI NOEM, Secretary, U.S. Department of ) <br> Homeland Security, in her official capacity, et ) <br> al. ) <br> ) <br> *Defendants* ) | No. 25-cv-12173 <br> **Hon. Sara L. Ellis** |

**MOTION TO BAR DEFENDANTS FROM PRESENTING EVIDENCE OR ARGUMENT RELATING TO THE TRUMP ADMINISTRATION'S PURPORTED JUSTIFICATIONS FOR TACTICS AND USES OF FORCE DURING OPERATION MIDWAY BLITZ**

A party cannot use privilege as both a sword and a shield. Under Rule 37(c)(1), parties are prohibited from using information in a motion or hearing that they have refused to provide to the other side on the basis of privilege. That black-letter rule should prohibit Defendants from relying upon the Trump Administration's broad-based justifications for their tactics and uses of force during Operation Midway Blitz when defending against Plaintiffs' motion for preliminary injunction.

Defendants have stoutly refused in depositions and discovery to let Plaintiffs discover any information about the Trump Administration's purported justifications for their tactics and uses of force during Operation Midway Blitz, from the President, from the White House, or from Defendant Noem. Instead, Defendants have asserted various privileges to shield those justifications from discovery, and they have instructed witnesses not to answer questions on these subjects at depositions. For instance, during Defendant Bovino's deposition, he was instructed not to answer any questions about directions or justifications he has received from anyone up the chain

1

of command in the Trump Administration regarding the tactics or uses of force during Operation Midway Blitz. Having prevented any discovery into these subjects based on privilege, this Court should now preclude the Defendants from advancing any evidence or argument about the Trump Administration's broad-based justifications for their tactics or uses of force during operating Midway Blitz.

To be clear, Defendants can of course present evidence about the reasons that Defendant Bovino and those down the chain of command from him think particular deployments of force were justified, because they have testified about those subjects without asserting privilege (often asserting a lack of personal knowledge). And Plaintiffs of course can present evidence they have discovered regarding the Trump Administration and Defendants' justifications for tactics and uses of force during Operation Midway Blitz, given that they have not shielded anything from discovery. Those subjects aside, this Court should limit the government's presentation of evidence and argument so that Defendants are not using privilege as a sword and shield.

## BACKGROUND

As this Court is well aware, Plaintiffs allege that Defendants are using unlawful force against protesters, religious practitioners, and journalists in violation of the First Amendment, Fourth Amendment, and Religious Freedom Restoration Act. *See generally* Dkt. 82 at 1-5. Plaintiffs moved for expedited discovery in anticipation of filing a motion for preliminary judgment. Dkt. 50. This Court granted Plaintiffs' motion and permitted Plaintiffs to depose Gregory Bovino, Russell Hott, and Daniel Parra. Dkt. 87.

███████████████████████████████████████████████████
███████████████████████████████████████████████████████████████
███████████████████████████████████████████████████████

2

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████
████████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
██████████████████████████████████

## ARGUMENT

███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
███████████████████████████████████████████
████████████ Defendants are precluded from relying on those justifications when defending against Plaintiff's motion for preliminary injunction.

A party cannot "use privilege as both a shield and a sword." *Caine v. Burge*, 2012 WL 6720597, at *2 (N.D. Ill. Dec. 27, 2012) (citing *Kronenberg v. Baker & McKensie*, 747 F. Supp. 2d 983, 989 (N.D. Ill. 2007)). That familiar maxim is codified in Federal Rule of Civil Procedure 37(c)(1), which instructs that parties who refuse to provide information are prohibited from using that information as evidence on a motion or at a hearing. Case law in the Northern District of Illinois uniformly agrees that when a party invokes privilege as a basis to shield certain information

3

from disclosure, the withholding party cannot turn around and rely on that information as a sword. *E.g.*, *Harris v. City of Chicago*, 266 F.3d 750, 754 (7th Cir. 2001); *Manning v. Buchan*, 357 F. Supp. 2d 1036, 1048-49 (7th Cir. 2004); *Motorola Solutions, Inc. v. Hytera Comm'ns Corp.*, 2018 WL 1804350, at *5 (N.D. Ill. Apr. 17, 2018); *United States ex rel. Derrick v. Roche Diagnostics Corp.*, 2019 WL 1789883, at *4 (N.D. Ill. Apr. 24, 2019); *Rossman v. EN Engineering, LLC*, 2020 WL 5979554, at *2-3 (N.D. Ill. Oct. 8, 2020).

Defendants are attempting to use this proscribed tactic here. In the course of this litigation so far, Defendants have asserted various overarching justifications for their tactics and use of force in Operation Midway Blitz. For example, Defendants have contended that dispersal warnings and forceful measures are necessitated by violent threats against law enforcement officers, including bounties placed against DHS officials, *e.g.*, Dkt. 173 at 9-10, 28. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████.

Similarly, Defendants have said that Executive Branch officials have intended for force to be used only in response to escalating violence. *E.g.*, Ex. C (Transcript of Oct. 6 Hearing) at 20-21. ███████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████████. As a final example, Defendants have asserted that "agitators appear to be organized" to engage in violence with federal officers, Dkt. 35 at 3. ████████████████████████████████████████████████████████████████████████████████████████████████████████████

4

██████████████████████████████████████████████████████████████████
████████████████████████████████

Under Rule 37(c)(1) and the case law cited above, Defendants cannot be allowed to use overarching justifications for their tactics and uses of force during Operation Midway Blitz as a sword to defend against Plaintiff's motion for preliminary injunction. ████████████
████████████████████████████████████████████████ and now they must accept the consequences of their choice. ████████████████████████

████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████

Defendants are free to revisit their decision in the normal course of discovery and alter course for the remainder of this case—████████████████████████████████
████████████████████████████████████████████████████████████████████
████████████████████████████████████████████████████████████.

## CONCLUSION

For the foregoing reasons, Plaintiffs request this Court to exclude evidence pertaining to overarching justifications for tactics and use of force in Operation Midway Blitz for purposes of deciding Plaintiffs' motion for preliminary injunction.

Respectfully Submitted,

/s/ Steve Art
One of Plaintiffs' Attorneys

5

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
% Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org

6