IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, ) | |
| ) | No. 25-cv-12173 |
| *Plaintiffs,* ) | |
| ) | Hon. Sara L. Ellis, |
| v. ) | District Judge |
| ) | |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, ) | |
| ) | |
| *Defendants.* ) | |

**DEFENDANTS' NOTICE OF JUSTIFICATION FOR CONTINUED SEALING OF RECORDS**

Defendants hereby provide justification for the continued sealing of the following exhibits, documents, and other records filed in this case. As explained in the joint status report filed on November 4 and the hearing held the same day, Defendants have worked diligently to produce documents and video required by the Court's orders under significant time pressure to provide responsive information to Plaintiffs and the Court. Accordingly, Defendants have not had sufficient time to conduct a thorough review of this voluminous collection of documents and videos to assess which specific time-stamps of videos and line-by-line portions of documents should be shielded from public view. Defendants therefore provide the following categories of information that may be included in the sealed reports and videos that should be protected from public disclosure.

**Justification for continued sealing of body camera footage:** The non-public portions of the body camera videos should remain sealed. Some of the videos include officers travelling to and from operations that may include discussion of operational tactics, procedures, and planning

1

about the enforcement operation. These internal discussions among officers outside of public view are neither material to this case and in some instances may reveal information protected by the law enforcement privilege. To the extent the public portions disclose discussion of operational tactics and procedures, that information should be protected. Public release of such footage allows for law enforcement tactics and techniques to be viewed or reverse-engineered to the detriment of the government's law enforcement interests. Defendants acknowledge the Court's comments at the hearing today regarding the public release of officer and agent names, but the personal safety of our officers and agents is a foremost concern for Defendants and identifying information about them should be protected from public view.

**Justification for continued sealing of E-star reports and preliminary use of force reports:** In the limited time Defendants have had to review the records in this case, Defendants note the following sensitivities that could be included in the reports. E-star reports and preliminary use of force reports contain evolving information that could cause damage if released publicly. This information includes, but is not limited to, HASH IDs (from which Social Security numbers can be reverse engineered); DOBs for third parties (facilitating identity theft); direct links to CBP systems (facilitating hacking of CBP systems, including those containing LES and PII); PII of third-parties; and individuals the Government has determined have travel patterns of risk.

**Justification for continued sealing of ICE arrest reports or investigation reports:** These may contain personally identifying information of the people arrested or involved in the incidents at issue, including dates of birth.

**Justification for sealing of produced emails:** Email addresses, phone numbers, and other contact information of ICE, FBI, CBP, ATF, DEA, DOJ personnel would need to be redacted before public disclosure would be appropriate.

**Justification for continued sealing of deposition transcripts:** The immediate publication of deposition transcripts without the usual 30 days to review for confidential information deprives Defendants the normal opportunity to review said transcripts for categories of information the parties agreed would be privileged under the protective order. Unless such review is allowed, the parts of the deposition the plaintiffs want to make public could reveal law enforcement sensitive information about techniques and tactics, allowing individuals to circumvent law enforcement efforts.

**Justification for continued sealing of arrest chart:** The government was unable, due to the time constraints, to assess, identify and if necessary redact third-party information, particularly that belonging to United States citizens. Public release of arrest information implicates third-party privacy concerns.

**Plaintiffs' Video Clips for Hearing.** Plaintiffs provided Defendants a list of time stamps that they want to play in open court, and none of those time stamps have privileged information.

Dated: November 4, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice

Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 674-9761
Fax: (202) 616-8470
*Counsel for Defendants*