IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHICAGO HEADLINE CLUB,** *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-12173 |
| | ) | |
| **KRISTI NOEM**, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.,* | ) ) ) | Hon. Judge Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

**CHICAGO PUBLIC MEDIA, INC.'S, CHICAGO SUN-TIMES MEDIA, INC.'S, AND CHICAGO TRIBUNE COMPANY, LLC'S EMERGENCY MOTION FOR LEAVE TO INTERVENE AND FOR IMMEDIATE ACCESS TO SEALED FILINGS**

Proposed intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC (collectively, the "Media Parties"), by their counsel, move for leave to intervene in this matter and for the unsealing and immediate access to materials submitted by the government in response to this Court's October 28, 2025 order. In support of their motion, the Media Parties state:

On October 28, 2025, after holding a hearing to address the terms of the October 17, 2025 Modified Temporary Restraining Order, this Court entered an order requiring the defendants to file with the Court, under seal, all Custom and Border Patrol use of force reports relating to Operation Midway Blitz dating back to September 2, 2025, all body worn camera footage relating to those reports, and a chart of all arrestees (including names, dates of arrests, charges, as resolution) for all persons arrested or detained not directly related to an immigration enforcement violation. (Dkt. No. 146.)

Permitting members of the media to intervene on matters affecting a right of access to court-filed is commonplace. Moreover, courts in the Seventh Circuit hold that there is a strong presumption of access to court materials grounded both in the First Amendment and in the common law. The Court has not found, and the government has not met its burden of establishing an interest sufficient to overcome either the constitutional right or the common law right of access and the Court has not made the required findings of fact necessary to support the blanket sealing ordered in this case.

Proposed intervenors respectfully maintain that the Court should consider the motion on an emergency basis because the Court is scheduled to begin a hearing on the plaintiffs' motion for preliminary injunction, and the public has a right to know the contents of the evidence that the Court will consider in addressing the important constitutional First and Fourth Amendment issues that lie at the heart of this case. The Court's review of this evidence will have ramifications for not only the immediate parties in this litigation, but also the public at large.

In further support of their arguments, the Media Parties are filing a memorandum of law contemporaneously with this Motion.

| | |
|---|---|
| Dated: November 4, 2025 | Respectfully submitted,<br><br>**CHICAGO PUBLIC MEDIA, INC., CHICAGO SUN-TIMES MEDIA, INC. AND CHICAGO TRIBUNE COMPANY, LLC**<br><br>By: /s/ Steven P. Mandell<br>    One of their attorneys |

Steven P. Mandell (ARDC No. 6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC No. 6226006)
bsaucier@mandellpc.com
MANDELL P.C.
1 N. Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 801-6337

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that a copy of the foregoing document has been served November 4, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

                                                    /s/ Steven P. Mandell