IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) |
| | ) |
| *Plaintiffs,* | ) No. 25-cv-12173 |
| | ) Hon. Sara L. Ellis |
| v. | ) |
| | ) |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) |
| | ) |
| *Defendants.* | ) |

**PLAINTIFFS' REPLY IN SUPPORT OF
MOTION TO BAR RELIANCE ON NON-RECORD EVIDENCE**

Plaintiffs yesterday filed a motion to bar the government from trying to shoehorn into consideration in this case evidence that is not part of the record in this case. The Court has heard from Plaintiffs on this issue in open court today, but Plaintiffs file this reply to raise one additional point.

In its written response (as echoed in open court today), the government tries to argue that while of course evidence is not admissible merely because it was produced in discovery, it considers part of the "judicial record" in this case evidence that is has produced in a "submission responsive to a Court order," and identifies in that category all use of force reports and all body camera footage provided in response to the Court's October 28, 2025 orders. (Dkt. 204 at 3-4.) The Court's October 28 rulings directed the government to provide to the Court all use of force reports and all body-worn camera video that linked up with any of those reports. (10/28/2025 Tr. at 33-34.) That discovery was part of the Court's inherent authority to enforce its temporary restraining order under Fed. R. Civ. P. 65(b), *see Shahi v. United States Dept. of State*, 572 F.

Supp.3d 470, 479 (N.D. Ill. 2021) (court has power to enforce its own orders) (internal citations omitted), and part of the discovery ordered on an expedited basis in this case. The Court's order requiring production did not confer evidentiary value on documents that neither party has relied on in its pleadings related to the now-pending motions for class certification and a preliminary injunction. Nothing about the Court's receipt of that evidence changes that this information is not otherwise part of the judicial record before this Court for consideration of the pending motions, particularly when the government has done nothing to identify how or why the Court should consider any specific portions of the reports or body-worn camera footage.

      This Court should grant Plaintiffs' motion and bar the government from relying on non-record evidence at the preliminary injunction hearing.

Respectfully Submitted,

/s/ Steve Art
*One of Plaintiffs' Attorneys*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org