IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-12173 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis, |
| | ) | United States District Judge |
| KRISTI NOEM, Secretary of U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION SEEKING EXCLUSION OF POLICE PRACTICES EXPERT GIL KERLIKOWSKE**

Come now Plaintiffs, by and through counsel, in response and opposition to Defendants' motion to bar their police practices expert, Gil Kerlikowske (Dkt. 202), stating:

**INTRODUCTION**

Defendants' eleventh-hour *Daubert* motion of Plaintiffs' expert—Gil Kerlikowske, a nearly fifty-year veteran of protest policing and former Commissioner of Customs and Border Protection—is both procedurally improper and fails on the merits. Defendants' last-ditch effort to exclude Plaintiffs' expert, whom Plaintiffs disclosed and provided an initial written report *a month ago*, is precisely the type of improper sandbagging that the Court warned the parties not to do. Further, Defendants misunderstand the standards applicable to the Court's consideration of expert declarations in a bench trial and at the preliminary injunction stage. And, regardless, Mr. Kerlikowske's opinions are reliable, helpful to the trier of fact and should be given substantial weight. The Court should deny the motion.

1

**ARGUMENT**

To start, the Court admonished weeks ago: "I don't allow folks to sandbag each other." Dkt. 75, 10/20/2025 Hr'g Tr. at 151. Defendants' last-minute motion to exclude Mr. Kerlikowske—whose identity and declaration have been available to Defendants for a month—is exactly the type of sandbagging tactic this Court should reject. With input from both parties, this Court set a schedule for preliminary injunction proceedings that Defendants' Motion now seeks to disrupt the day before the hearing. At no point during the several conferrals between the parties and with the Court to establish discovery timelines, disclose witnesses and evidence, and resolve preliminary disputes did Defendants indicate a challenge to Mr. Kerlikowske's reliability for which the parties could have established an orderly process to address.

For instance, Defendants would have been free to seek depositions of Mr. Kerlikowske. Hr'g Tr. at 105 (Oct. 20, 2025). Or Defendants also could have disclosed their own expert. *See* Fed. R. Civ. P. 26(a)(2)(D)(ii); *Finley v. Marathon Oil Co.*, 75 F.3d 1225, 1230 (7th Cir. 1996). In other cases against federal agents, Defendants submitted their own rebuttal expert reports. The courts in those matters, weighing the relative expert evidence, concluded that Mr. Kerlikowske was more "qualified, credible, and persuasive" than the rebuttal experts the government put forth. *LA Press Club v. Noem*, No. 2:25-CV-05563-HDV-E, 2025 WL 2658327, at *11-12, 17-20 (C.D. Cal. Sept. 10, 2025); *see also Index Newspapers LLC v. United States Marshals Serv.*, 977 F.3d 817, 828, 833, 836-37 (9th Cir. 2020); *Index Newspapers LLC v. Portland*, 480 F. Supp. 3d 1120, 1135-37 & n.4, 1148-49 (D. Or. 2020). Here, however, Defendants declined proffer any rebuttal witness or even argument to address the substance of Mr. Kerlikowske's opinions. Defendants should not be permitted to exclude probative evidence because, for reasons unknown, it elected not to proffer an expert here.

Regardless, the Court should promptly deny Defendants' Motion because Mr. Kerlikowske is qualified and reliably opine on the matters at issue in this case. As the Seventh Circuit has repeatedly held, police-practices expert testimony is relevant, admissible, reliable and helpful to the trier of fact. *See, e.g.*, *Jimenez v. City of Chicago*, 732 F.3d 710, 721-22 (7th Cir. 2013); *Abdullahi v. City of Madison*, 423 F.3d 763, 772 (7th Cir. 2005); *West v. Waymire*, 114 F.3d 646, 652 (7th Cir. 1997). Defendants fail to address these authorities or the core function of a police practices expert in providing testimony about standard and accepted policing practices and identifying departures from them. That testimony is helpful in assessing, among other things, whether Defendants have a legitimate policing justification for the actions taken, or are instead using excessive and retaliatory force against Plaintiffs in violation of their First and Fourth Amendment rights. *See Jimenez*, 732 F.3d at 721-22; *Abdullahi*, 423 F.3d at 772. Mr. Kerlikowske's testimony is well within this precedent acknowledging the reliability of policing experts.

Defendants also misstate the law on Federal Rule of Evidence 702 in this context because "where the factfinder and the gatekeeper are the same," the Seventh Circuit recognizes that "the court does not err in admitting the evidence" of an expert and promptly denying a Rule 702 motion, because the Court can later determine how to weigh the expert opinions based on the evidence. *In re Salem*, 465 F.3d 767, 777 (7th Cir. 2006). In these circumstances, "the usual concerns of" Rule 702—"keeping unreliable expert testimony from the jury—are not present . . ., and [the court's] review must take this factor into consideration." *Metavante Corp. v. Emigrant Sav. Bank*, 619 F.3d 748, 760 (7th Cir. 2010). Nearly every Circuit recognizes that Rule 702 standards are relaxed in a bench trial.[1] The same is true in a preliminary injunction proceeding.

---

[1] *See, e.g., United States v. Brown*, 415 F.3d 1257, 1269 (11th Cir. 2005); *United States v. Reynosa*, No. 22-1321, 2022 WL 17485956, at *3 (3d Cir. Dec. 7, 2022); *Whitehouse Hotel Ltd. P'ship v.*

*See Dexia Credit Loc. v. Rogan*, 602 F.3d 879, 885 (7th Cir. 2010). Thus, the Court has "wide latitude in performing its gate-keeping function and determining both how to measure the reliability of expert testimony and whether the testimony itself is reliable" after it has considered the record. *Bielskis v. Louisville Ladder, Inc.*, 663 F.3d 887, 894 (7th Cir. 2011).[2]

But even if the Court should apply the stricter standard Defendants seek, Mr. Kerlikowske meets them. He is a well-qualified, reliable, and helpful expert and the methodology he uses is consistent with other police practices experts. Defendants' lone argument against Mr. Kerlikowske claims he is unreliable because he did not perform an impossibility: review in advance Defendants' purported evidence, which they have refused to produce and successfully precluded Mr. Kerlikowske's from reviewing *at all* before the hearing. Defendants have demanded discovery produced to date be treated as "Attorney's Eyes Only," rather than confidential in a way that Plaintiffs could even provide an expert with materials. Faulting Mr. Kerlikowske for failing to consider records he neither had access to nor would be permitted to review is not a serious argument against his reliability or the weight of his testimony.

Moreover, Defendants fail to give any indication what other materials Mr. Kerlikowske should have considered in their view, or why the volume of materials he reviewed is in fact "skewed" in some significant way that undermines his reliability. *Cf.* Dkt. 202 at 3. Defendants

---

*Comm'r*, 615 F.3d 321, 330 (5th Cir. 2010); *David E. Watson, P.C. v. United States*, 668 F.3d 1008, 1015 (8th Cir. 2012); *F.T.C. v. BurnLounge, Inc.*, 753 F.3d 878, 888 (9th Cir. 2014); *Att'y Gen. of Oklahoma v. Tyson Foods, Inc.*, 565 F.3d 769, 779 (10th Cir. 2009); *Seaboard Lumber Co. v. United States*, 308 F.3d 1283, 1302 (Fed. Cir. 2002).

[2] Defendants' contrary argument that the Court must apply a stricter gate-keeping standard relies on two out-of-circuit decisions, but even those do not support Defendants. In *Baxter v. Commissioner of Internal Revenue Service*, the Fourth Circuit discussed the standard of review for the court of appeals to apply to trial decisions of the United States Tax Court, far from analogous to the standards here. 910 F.3d 150, 156 (4th Cir. 2018). And *United States v. H & R Block, Inc.* supports Plaintiffs in ruling that the *Daubert* standard is relaxed with the court as factfinder because "there being no jury, there is no risk of tainting the trial by exposing a jury to unreliable evidence." 831 F. Supp. 2d 27, 30 (D.D.C. 2011) (quoting *Whitehouse Hotel Ltd. Partnership v. Comm'r of Internal Revenue*, 615 F.3d 321, 330 (5th Cir. 2010)).

argue that the simple fact that Plaintiffs supplied the documentary and video evidence on which Mr. Kerlikowske bases his expert opinions—which include examining Defendants' own policies and numerous videos of Defendants' actions corroborated in dozens of declarations—renders his opinions categorically unreliable. Setting aside that materials for consideration provided by counsel is frequently how experts receive information in litigation, Defendants offer no argument in support of their claim that the actual materials Mr. Kerlikowske considers are somehow "selective," "curated," and "skewed" such that his opinion is categorically unreliable. *See id.* Defendants do not identify a single specific witness statement, photograph, or video that Mr. Kerlikowske reviewed and is purportedly misrepresentative or fatally one-sided.

Instead, Mr. Kerlikowske is a renowned expert in both protest policing and use of force standards and practices (with nearly fifty years of experience in law enforcement), and in the experiences and practices of the Defendant federal agents, particularly Customs and Border Protection agents. There are few other people in the country, if any, who have equivalent experience to Mr. Kerlikowske's expertise and qualifications to opine on both matters. His testimony is significantly helpful to the trier of fact because he establishes the standard and accepted practices an officer should follow in the protest policing context relevant here, and how departing from those standards does not further public safety needs.

The only aspect Rule 702 that Defendants invoke is whether his testimony is "based on sufficient facts or data." *See* Dkt. 202 at 2. But Mr. Kerlikowske's testimony is based on the same types of materials on which he based his expert opinions in *LA Press Club v. Noem* and *Index Newspapers*, and those courts found his opinions reliable and afforded them substantial weight. *See LA Press Club*, 2025 WL 2658327, at *11-12, 17-20; *Index Newspapers*, 480 F. Supp. 3d at 1135-37 & n.4, 1148-49; *Index Newspapers*, 977 F.3d at 828, 833, 836-37.

5

6

In sum, the Court should promptly deny Defendants' Motion, consider Mr. Kerlikowske written reports in full, and give them their appropriate significant weight in concluding that Defendants lack any legitimate law enforcement or public safety rationale for their pattern of violence that departs from standard and accepted practices in policing protests and use of force.

**Conclusion**

For these reasons, Defendants' motion to exclude Mr. Kerlikowske should be denied.

Respectfully Submitted,

*/s/ David B. Owens*
*One of Plaintiffs' Attorneys*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Scott Rauscher
Theresa Kleinhaus
Matt Topic
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
Alexandra Wolfson
Alyssa Martinez
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 601
Washington DC 20006
(202) 579-4582
hayden.johnson@protectdemocracy.org
katie.schwartzmann@protectdemocracy.org
conor.gaffney@protectdemocracy.org
* *Application for pro hac vice forthcoming*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.
Rebecca Glenberg
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org