## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-12173 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis, |
| | ) | United States District Judge |
| KRISTI NOEM, Secretary of U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>NOTICE OF APPEAL</u>

Defendants hereby appeal to the United States Court of Appeals for the Seventh Circuit

this Court's preliminary injunction order, *see* ECF Nos. 250 & 256, including this Court's

Opinion and Order granting class certification, *see* ECF Nos. 252 & 256, to the extent the

Court's grant of a class-wide preliminary injunction depends on that decision.

.

Dated: November 9, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

SARMAD KHOJASTEH
Senior Counsel to the Assistant Attorney
General, Civil Division

ELIZABETH HEDGES
Counsel to the Assistant Attorney General
Civil Division

*/s/ Andrew I. Warden*
ANDREW I. WARDEN
Assistant Director
JEREMY NEWMAN

CHRISTOPHER LYNCH
SAMUEL HOLT
PETER GOLDSTONE
Trial Attorneys
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-5084
Fax: (202) 616-8470

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT COURT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, et al., | ) ) ) | |
| *Plaintiffs*, | ) ) | **No. 25-cv-12173** |
| v. | ) ) | **Hon. Sara L. Ellis** |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, et al., | ) ) ) ) ) | |
| *Defendants*, | ) | |

**<u>Preliminary Injunction Order</u>**

Plaintiffs filed a Motion for a Preliminary Injunction Order [82, 86] against Defendants. Having held a hearing on November 5 and 6, 2025, the Court finds that Plaintiffs have met their burden to support the issuance of a Preliminary Injunction. The Court orally issued its ruling, containing findings of facts, conclusions of law, and stated reasons why the Court issued the injunction pursuant to Federal Rules of Civil Procedure 52(a)(2) and 65(d), on November 6, 2025, and indicated that a written opinion will follow further explaining the Court's ruling and providing supporting evidentiary and case citations within 14 days of the issuance of this Order. Accordingly, the Court grants the motion and orders as follows:

1.     It is hereby ORDERED that Defendants, their officers, agents, assigns, and all persons acting in concert with them (hereafter referred to as "Federal Agents"), are ENJOINED in this judicial district from:

a.     <u>Interactions with Journalists:</u> Dispersing, arresting, threatening to arrest, threatening or using physical force against any person whom they know or reasonably

1

should know is a Journalist, unless Federal Agents have probable cause to believe that the individual has committed a crime unrelated to failing to obey a dispersal order lawfully issued to non-Journalists. Federal Agents may order a Journalist to change location to avoid disrupting law enforcement, as long as the Journalist has an objectively reasonable amount of time to comply and an objectively reasonable opportunity to report and observe;

b. <u>Dispersal of Others:</u> Issuing a crowd dispersal order, meaning a lawful command given by an authorized Federal Agent for all persons to leave a designated area, that requires any Class member to leave a public place that they lawfully have a right to be, unless dispersal is justified by exigent circumstances such that immediate action is objectively necessary in order to preserve life or prevent catastrophic outcomes as defined by Department of Homeland Security Use of Force Policy (updated Feb. 6, 2023), Section XII.E;

c. Using riot control weapons—including kinetic impact projectiles (KIPs), Compressed Air Launchers (e.g., PLS and FN303), Oleoresin Capsicum (OC) Spray, CS gas, CN gas, or other chemical irritants, 40 mm Munitions Launchers, less-lethal shotguns, Less-Lethal Specialty Impact-Chemical Munitions (LLSI-CM), Controlled Noise and Light Distraction Devices (CNLDDs), Electronic Control Weapons (ECWs)—on any Class member, unless such force is objectively necessary to stop the person from causing an immediate threat of physical harm to another person;

d. Using riot control weapons (including those described above) at identified targets if it is reasonably foreseeable that doing so could result in injury to any Class member, unless such force is objectively necessary to stop the person from causing an immediate threat of physical harm to another person;

2

e.      Deploying CS or CN gas canisters, OC spray, or other chemical irritants into a group of people or in residential or commercial areas in a manner that poses a reasonably foreseeable risk of injuring any Class member who is not causing an immediate threat of physical harm to another person;

f.      Deploying CS or CN gas canisters, Controlled Noise and Light Distraction Devices (CNLDD), or Less-Lethal Specialty Impact and Chemical Munitions (LLSI-CM) so as to strike any Class member, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

g.      Deploying CS or CN gas canisters, Controlled Noise and Light Distraction Devices (CNLDD), or Less-Lethal Specialty Impact and Chemical Munitions (LLSI-CM) above the head of any Class member, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

h.      Firing Compressed Air Launchers (e.g., PLS and FN303), or Munitions Launchers (e.g., 40mm), or KIPs so as to strike the head, neck, groin, spine, or female breast of any Class member, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

i.      Striking any Class member with a vehicle, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

j.      Using hands-on physical force such as pulling or shoving to the ground, tackling, or body slamming any Class member who is not causing an immediate threat of physical harm to others, unless objectively necessary and proportional to effectuate an apprehension and arrest;

3

k.    Using chokeholds, carotid restraints, neck restraints, or any other restraint technique that applies prolonged pressure to the neck that may restrict blood flow or air passage against any Class member, unless such force is objectively necessary to stop an immediate threat of the person causing serious bodily injury or death to another person;

l.    Using any riot control weapon, including those listed in this Order, against any Class member, without first giving at least two separate warnings at a sound level where the targeted individual(s) can reasonably hear it, unless justified by exigent circumstances when immediate action is necessary in order to preserve life or prevent catastrophic outcomes, as defined by Department of Homeland Security Use of Force Policy (updated Feb. 6, 2023), Section XII.E. Such warnings shall explain that Federal Agents may employ riot control weapons or force, give the targeted individual(s) reasonable time to avoid the use of force, and provide a reasonable opportunity to comply;

m.    Seizing or arresting any Class member who is not resisting a lawful and authorized crowd dispersal order (as defined in 1.b. above), unless there is specific probable cause to believe that the person has committed a crime for which a custodial arrest is warranted and for which the Federal Agent has lawful authority to make an arrest; and

n.    Defendants shall not be liable for violating this injunction if any Class member is incidentally exposed to riot control devices after such a device was deployed in a manner that complies with this injunction.

2.    To facilitate the Defendants' identification of Journalists protected under this Order, the following are examples of indicia of being a Journalist: visual identification as a member of the press, such as by displaying a professional press pass, badge, or credentials; wearing distinctive clothing or patches that identify the wearer as a member of the press; or carrying

professional gear such as professional photographic or videography equipment. Other indicia of being a Journalist under this Order include that the person is standing off to the side of a protest, not engaging in chanting, sign holding, or shouting slogans, and is instead documenting protest activities, although these are not requirements. These indicia are illustrative, and a person need not exhibit every indicium to be considered a Journalist under this Order. Defendants shall not be liable for incidental violations of this Order if Defendants establish that the affected individual lacked any of the illustrative indicia of a Journalist described in this provision.

3.      It is further ORDERED that all Federal Agents, excepting those who do not wear a uniform or other distinguishing clothing or equipment in the regular performance of their official duties or are engaged in undercover operations in the regular performance of their official duties, must have visible identification of a unique, personally assigned, and recognizable alphanumeric identifier sequence affixed to their uniforms and conspicuously displayed in two separate places. The same unique and personally assigned identifier sequence must remain conspicuously displayed in two separate places despite changes to a Federal Agent's uniform or tactical gear.

4.      It is further ORDERED that all Federal Agents, excepting those who do not wear a uniform or other distinguishing clothing or equipment in the regular performance of their official duties or are engaged in undercover operations in the regular performance of their official duties, that are, have been, or will be equipped and trained with body-worn cameras ("BWCs") shall activate them when engaged in enforcement activity unless expressly exempted by CBP, ICE, or DHS policy.

a.      The definitions of "body worn cameras" shall be as defined in DHS Policy Statement 045-07 Section VIII and CBP Directive 4320-020B Section 6.2: Audio/video/digital recording equipment combined into a single unit and typically worn

on clothing or otherwise secured to a person, e.g., affixed to the outside of the carrier/tactical vest facing forward.

b.      For the purposes of this Order, the definition of "enforcement activity" shall be as defined in ICE Directive 19010.3 Section (3.6)(8) and CBP Directive 4320-020B Section 6.4. Such activities include but are not limited to:

   i.     Protecting Federal Government facilities;

   ii.    Responding to public disturbances;

   iii.   Interacting with members of the public while conducting Title 8 enforcement activities in the field;  and

   iv.    When responding to emergencies.

c.      Enforcement activities where BWCs are not required to be worn or activated for the purposes of this Order are:

   i.     Where agents are conducting undercover activity or confidential informants will or may be present;

   ii.    Information-gathering surveillance activities where and when an enforcement activity is not planned;

   iii.   Onboard commercial flights;

   iv.    Controlled deliveries; and

   v.     Custodial interviews conducted inside jails, prisons, detention centers, or DHS owned or leased facilities.

d.      This provision requiring BWCs shall not apply to Federal Agents operating at any port of entry into the United States including but not limited to Chicago O'Hare International Airport and Chicago Midway International Airport.

6

e.     Federal Agents shall not be liable for violating this provision (i) for failure to record due to equipment failure beyond the control of Federal Agents, or (ii) in the event that cloud storage for storing recordings made by BWCs should become unavailable, through no fault of Federal Agents, either due to (a) the lapse in appropriations, or (b) license or contract expiration.

5.     It is further ORDERED that Defendants widely disseminate notice of this Order. Specifically, Defendants are ORDERED to provide copies of this Order, in either electronic or paper form, no later than 10 p.m. Central Time on November 6, 2025, to all those described below:

a.     all law enforcement personnel, officers, and agents of the Federal Agents currently or subsequently deployed in the Northern District of Illinois, including but not limited to all personnel operating within this District who are part of Operation Midway Blitz or any equivalent operation by a different name; and

b.     all employees, officers, and agents of Federal Agents with supervisory or management authority over any law enforcement officers or agents currently or subsequently deployed in the Northern District of Illinois, up the chain of command to and including the Secretary of Homeland Security and other named Defendants.

6.     It is further ORDERED that Defendants shall issue guidance to officers and agents to implement this Order. Defendants shall file with this Court such guidance and any directives, policies, or regulations implementing the guidance within 5 business days of issuance of the Order, with a continuing obligation to immediately file with this Court any subsequent changes or revisions to that guidance or implementing directives, policies, or regulations through the period of this Order.

7.      It is further ORDERED that in the event that Plaintiffs seek relief for an alleged violation of this Order, Plaintiffs should make good faith attempts to meet and confer with Defendants at least 24 hours before filing a request for relief and Defendants must respond to the motion for relief as ordered by the Court.

8.      It is further ORDERED that in the interest of justice, the Court orders Plaintiffs to provide $0 in security, and the Court rules that any other requirements under Rule 65(c) of the Federal Rules of Civil Procedure are satisfied.

9.      The parties shall meet and confer and provide a joint status report within 7 days setting forth proposals for ensuring that Federal Agents present in the Northern District of Illinois while this action is pending remain informed of the limitations imposed by this Order.

10.      This Preliminary Injunction Order is entered at 11:48 a.m. Central Time on this 6th day of November 2025 and shall remain in effect pending further proceedings before this Court.

Date: November 6, 2025

Sara L. Ellis
U.S. District Judge

**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| CHICAGO HEADLINE CLUB, et al., | ) | |
| | ) | |
| *Plaintiffs*, | ) | **No. 25-cv-12173** |
| | ) | **Hon. Sara L. Ellis** |
| v. | ) | |
| | ) | |
| KRISTI NOEM, Secretary, U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, et al., | ) | |
| | ) | |
| *Defendants*, | ) | |

**OPINION AND ORDER**

This case arises from protests throughout the Chicagoland area associated with the federal government's immigration enforcement and removal operations and deployment of federal agents, which have increased over the past several months. Plaintiffs[1] allege that federal agents have targeted peaceful individuals, religious practitioners, and members of the media participating in or reporting on these protests with excessive force, threats, and/or detention. Among other things, these federal agents have allegedly fired rubber bullets and pepper balls, launched flashbang grenades, and indiscriminately sprayed tear gas at protesters, religious practitioners, and journalists without legal justification or adequate warning.

Plaintiffs filed this suit against Defendants Kristi Noem, the Secretary of U.S. Department of Homeland Security ("DHS"); Todd Lyons, the Acting Director of ICE; Marcos

---

[1] Plaintiffs divide themselves into three groups. The Journalist Plaintiffs consist of Chicago Headline Club, Block Club Chicago, the Chicago Newspaper Guild Local 34071 (CNG), NABET-CWA Local 54041, Raven Geary, Charles Thrush, and Stephen Held. The Demonstrator Plaintiffs consist of William Paulson, Autumn Reidy-Hamer, Leigh Kunkel, Rudy Villa, and Jennifer Crespo. The Religious Practitioner Plaintiffs consist of Reverend David Black, Father Brendan Curran, Reverend Dr. Beth Johnson, and Reverend Abby Holcombe.

Charles, the Acting Executive Associate Director of Enforcement and Removal Operations at ICE; Russell Hott, the former Chicago Field Office Director of ICE; Rodney S. Scott, the Commissioner of U.S. Customs and Border Protection ("CBP"); Gregory Bovino, the Chief Border Patrol Agent of CBP's El Centro Sector; Daniel Driscoll, the Director of the Bureau of Alcohol, Tobacco, Firearms, and Explosives ("ATF"); William K. Marshall III, the Director of the Federal Bureau of Prisons ("BOP"); Pamela Bondi, the Attorney General of the United States; DHS; U.S. DOJ; Unidentified Federal Agencies; Unidentified Federal Officers; and Donald J. Trump, the President of the United States (collectively, "Defendants"). In an amended complaint filed on October 21, 2025, Plaintiffs added as Defendants Sam Olson, the interim Chicago Field Office Director of ICE; Shawn Byers, the Chicago Deputy Field Office Director of ICE; Kyle Harvick, the Deputy Incident Commander for CBP; Kash Patel, the Director of the Federal Bureau of Investigation ("FBI"); Faron Paramore, the Director of the Federal Protective Service ("FPS"); and Stephen Miller, the White House Deputy Chief of Staff and U.S. Homeland Security Adviser. Plaintiffs bring claims against Defendants for (1) violations of their First Amendment rights, including First Amendment retaliation; (2) violation of the Religious Freedom Restoration Act ("RFRA"), 42 U.S.C. § 2000bb-1; (3) excessive force and unreasonable seizure in violation of the Fourth Amendment; (4) violations of the Administrative Procedures Act; and (5) conspiracy to violate Plaintiffs' constitutional rights.

Plaintiffs now seek to certify a class of "all persons who are or will in the future non-violently protest, observe, document, or record Department of Homeland Security immigration operations in the Northern District of Illinois." Doc. 80 ¶ 125. They also seek to proceed with two subclasses. The first is a religious exercise subclass for their RFRA claim of "persons who are or will in the future engage in religious expression in the form of prayer, procession, song,

preaching, or proselytizing at Department of Homeland Security immigration operations in the Northern District of Illinois." *Id.* The second is a press subclass of "all persons who are or will in the future engage in news gathering or reporting at Department of Homeland Security immigration operations in the Northern District of Illinois." *Id.* Plaintiffs move to certify these classes under Federal Rule of Civil Procedure 23(b)(2).

The Court finds that Plaintiffs have carried their burden under Rules 23(a) and 23(b)(2) to show that certification is appropriate and certifies the following class:

> All persons who are or will in the future non-violently demonstrate, protest, observe, document, or record at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

The Court also certifies the following subclasses:

> **Religious Exercise Subclass:** All persons who are or will in the future engage in religious expression in the form of prayer, procession, song, preaching, or proselytizing at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

> **Press Subclass:** All persons who are or will in the future engage in news gathering or reporting at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

## BACKGROUND

The Court will set forth the full factual background and summary of the evidence relied upon in the forthcoming written opinion on Plaintiffs' motion for a preliminary injunction. The Court additionally relies on the factual findings stated during the November 6, 2025 hearing.

## LEGAL STANDARD

Class certification is appropriate where a plaintiff can meet the four requirements of Rule 23(a)—numerosity, commonality, typicality, and adequacy of representation. Fed. R. Civ. P.

23(a).  Additionally, a plaintiff must also satisfy one of the three subsections of Rule 23(b).  Fed. R. Civ. P. 23(b); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 513 (7th Cir. 2006).  Here, Plaintiffs seek certification under Rule 23(b)(2), which requires a finding that "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole."  Fed. R. Civ. P. 23(b)(2).  Finally, although not an explicit requirement of Rule 23, the party seeking certification must demonstrate that the class members are identifiable.  *Oshana*, 472 F.3d at 513.

The Court has broad discretion in determining whether to certify a proposed class.  *Keele v. Wexler*, 149 F.3d 589, 592 (7th Cir. 1998).  The party seeking certification bears the burden of demonstrating that certification is proper by a preponderance of the evidence.  *Messner v. Northshore Univ. HealthSystem*, 669 F.3d 802, 811 (7th Cir. 2012).  The Court must engage in a "rigorous analysis," resolving material factual disputes where necessary.  *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350–51 (2011); *Szabo v. Bridgeport Machs., Inc.*, 249 F.3d 672, 676 (7th Cir. 2001).  But "[i]n conducting [the Rule 23] analysis, the court should not turn the class certification proceedings into a dress rehearsal for the trial on the merits."  *Messner*, 669 F.3d at 811; *Amgen Inc. v. Conn. Ret. Plans & Tr. Funds*, 568 U.S. 455, 465–66 (2013) (court should consider merits questions only to the extent relevant to determining if a plaintiff has met Rule 23's prerequisites).

## ANALYSIS

### I.     Ascertainability

Defendants raise various challenges to the ascertainability of Plaintiffs' proposed classes. The Seventh Circuit has confirmed that ascertainability is an "implicit requirement" of Rule 23,

4

focused on the "adequacy of the class definition itself." *Mullins v. Direct Digital, LLC*, 795 F.3d 654, 659 (7th Cir. 2015). Classes must be "defined clearly and based on objective criteria." *Id.*

## A. Vague and/or Ambiguous Terms

To start, Defendants argue that the proposed class definitions are "inherently ambiguous" and "too vague" for certification. In particular, they contend that determining whether an individual is an observer, news gatherer, religious practitioner, or bystander is not "clear-cut." Doc. 170 at 7. Similarly, they contend that it is difficult to determine when protesters are non-violent. Defendants do not explain why these terms are vague or ambiguous or cite to any case law finding that similar terms are vague or ambiguous, and the Court finds that this argument strains credulity. As Plaintiffs point out in reply, these terms all have well-known, objective meanings. Doc. 189 at 4 (providing dictionary definitions of "observer" and "bystander"); *see also Multi-Ethnic Immigrant Workers Org. Network v. City of Los Angeles*, 246 F.R.D. 621, 630 (C.D. Cal. 2007) ("Although class definitions should avoid criteria that are subjective, the words 'peaceful' and 'demonstration' are objectively determinable descriptors of class members' behavior."). The Court therefore finds that these terms are sufficiently defined and objective.

Defendants also argue that the term "immigration operations" is unidentified and could include anything from "DHS officials driving away from a detention facility" to "non-enforcement activity such as immigration airport screening." Doc. 170 at 5. In reply, Plaintiffs propose replacing this term in the proposed class definitions with "immigration enforcement and removal operations." Doc. 189 at 5. Given that Defendants themselves use this modified term when describing the relevant operations,[2] the Court agrees that this modification should remedy Defendants' concerns. The Court therefore modifies the proposed class definitions accordingly.

---

[2] *See Enforcement and Removal Operations*, U.S. Immigration and Customs Enforcement, https://www.ice.gov/about-ice/ero ("ERO manages all aspects of the immigration enforcement process,

5

## B.      Uninjured Class Members

Defendants next argue that Plaintiffs do not allege or provide evidence to show that Defendants have acted unlawfully towards all or most of the putative class members.  They contend that "a substantial number of" putative class members "have presumably been able to exercise their constitutional rights without incident" and that the "scores of uninjured members seemingly included in Plaintiffs' proposed class also raise serious standing concerns that further undermine the propriety of certification."  Doc. 170 at 7.

The Seventh Circuit has explained that courts should deny certification if it is apparent that the proposed class definition "contains a great many persons who have suffered no injury." *Kohen v. Pac. Inv. Mgmt. Co.*, 571 F.3d 672, 677 (7th Cir. 2009).  That said, it is "almost inevitable" that "a class will often include persons who have not been injured by the defendant's conduct . . . because at the outset of the case many of the members of the class may be unknown, or if they are known still the facts bearing on their claims may be unknown." *Id.*  "Such a possibility or indeed inevitability does not preclude class certification." *Id.*  There is no "precise tipping point at which a class includes too many people who have not been harmed," and this determination is a "matter of degree" that "will turn on the facts as they appear from case to case." *Lacy v. Cook Cnty.*, 897 F.3d 847, 864 (7th Cir. 2018) (citing *Messner*, 669 F.3d at 825).

At this stage, the Court cannot say that the proposed class definitions include a great number of uninjured individuals.  Defendants do not provide the Court with any evidence or support for the contention that "it is likely" that many putative class members have "presumably" been able to exercise their constitutional rights without incident.  Doc. 170 at 7.  Plaintiffs, on the other hand, have submitted extensive evidence showing that no-violent civilians and members of

---

including the identification, arrest, detention and removal of aliens who are subject to removal or are unlawfully present in the U.S.").

6

the press have been frequently and consistently subjected to unlawful dispersal orders and excessive force. *See, e.g.*, Docs. 22-1–22-34, 22-41–22-45, 57-1, 73-1–73-30, 77-1, 77-2, 94-1–94-4, 118-1–118-3, 140-1, 140-2, 188-1–188-3, 190-3, 190-4, 190-8, 190-9, 190-15. This evidence further shows that Defendants' actions have had a clear chilling effect on the class members. In light of this, the Court finds that "the balance tips in favor of certification." *Lacy*, 897 F.3d at 864 ("The defendants have not suggested how many of these individuals could not have been injured under the ADA, let alone shown 'a great many' who evaded harm.").

C.      **State of Mind**

Defendants further argue that the proposed classes are not sufficiently ascertainable because they would require inquiring into class members' subjective states of mind. For example, they believe that determining whether an individual was praying or news gathering requires a state of mind inquiry. The Court disagrees. Seventh Circuit case law makes clear that "Plaintiffs can generally avoid the subjectivity problem by defining the class in terms of conduct (an objective fact) rather than a state of mind." *Mullins*, 795 F.3d at 660. That is precisely what Plaintiffs have done here—the class definitions refer to conduct, not subjective states of mind.

D.      **Temporal and Geographic Scope**

Finally, Defendants argue that Plaintiffs' proposed class definitions lack definiteness due to their lack of an appropriate temporal and geographic scope. The Court again finds this argument unpersuasive.

Defendants' arguments regarding the temporal scope of the class seemingly focus on the fact that the class is open to future members. They argue that this is concerning, because "class membership can vary considerably day to day." Doc. 170 at 6. Defendants cite to no authority supporting this argument. This is unsurprising, as courts "routinely" certify classes that are

7

"open to future members." *Sparger-Withers v. Taylor*, 628 F. Supp. 3d 821, 830–31 (S.D. Ind. 2022)*; see also Plaintiffs #1-21 v. Cnty. of Suffolk*, No. 15 CV 2431, 2021 WL 1255011, at \*16 (E.D.N.Y. Mar. 12, 2021) (rejecting argument that proposed class "without temporal limitation" was not ascertainable because "classes for injunctive relief can include future members"), *report and recommendation adopted*, No. 15CV2431, 2021 WL 1254408 (E.D.N.Y. Apr. 5, 2021); *Crissen v. Gupta*, No. 2:12-CV-00355, 2014 WL 4129586, at \*14 (S.D. Ind. Aug. 19, 2014) (holding that "the lack of a temporal limitation is not problematic for purposes of ascertainability").

Next, Defendants argue that the proposed class definitions have a "sweeping geographic reach, covering protesters, religious observers, and reporters from Lake Shore Drive to Rockford and Galena." Doc. 170 at 6. Yet they again cite to no authority supporting the proposition that this geographic scope is so expansive to defeat certification. Nor can they, as courts routinely certify classes with much broader geographic scopes than proposed here. *See, e.g.*, *In re Hair Relaxer Mktg. Sales Pracs. & Prods. Liab. Litig.*, No. 23-CV-0818, 2024 WL 4333709, at \*2 (N.D. Ill. Sept. 27, 2024) (finding nationwide consumer class sufficiently ascertainable); *Suchanek v. Sturm Foods, Inc.*, 311 F.R.D. 239, 252, 260 (S.D. Ill. 2015) (proposed class of individuals who purchased defendants' products "in Alabama, California, Illinois, New Jersey, New York, North Carolina, South Carolina, and Tennessee" was ascertainable); *Foley v. Student Assistance Corp.*, 336 F.R.D. 445 (E.D. Wis. 2020) (certifying class of "[a]ll persons in the States of Wisconsin, Illinois, and Indiana"). The Court therefore finds that the class is sufficiently ascertainable and turns to the requirements under Rule 23(a).

## II.      Rule 23(a) Requirements

### A.      Numerosity

Rule 23(a) requires that a class be "so numerous that joinder of all members is impracticable."  Fed. R. Civ. P. 23(a)(1).  Generally, numerosity exists where the proposed class includes at least forty members.  *See Swanson v. Am. Consumer Indus., Inc.*, 415 F.2d 1326, 1333 n.9 (7th Cir. 1969); *Smith v. Nike Retail Servs., Inc.*, 234 F.R.D. 648, 659 (N.D. Ill. 2006). At the time they filed their amended complaint, Plaintiffs represented that the global class was composed of thousands of members.  Plaintiffs further contend that the subclasses are sufficiently numerous under Rule 23, with the religious exercise and press subclasses comprising hundreds of members each.  Defendants do not contest that Plaintiffs meet the numerosity requirement in this case, and the number of members here more than meets the minimum number necessary for class certification.  Thus, the Court concludes that Plaintiffs have met the numerosity requirement.

### B.      Commonality

Commonality requires Plaintiffs to show that "there are questions of law or fact common to the class."  Fed. R. Civ. P. 23(a)(2).  "Their claims must depend upon a common contention of such a nature that it is capable of classwide resolution—which means that determination of its truth or falsity will resolve an issue that is central to the validity of each one of the claims in one stroke."  *Dukes*, 564 U.S. at 350.  Even a single common question of law or fact will do.  *Id.* at 359.  "Where the same conduct or practice by the same defendant gives rise to the same kind of claims from all class members, there is a common question."  *Suchanek v. Sturm Foods, Inc.*, 764 F.3d 750 (7th Cir. 2014); *Rahim v. Sheahan*, No. 99 C 0395, 2001 WL 1263493, at *13 (N.D. Ill. Oct. 19, 2001) ("Perhaps more importantly here, when a 'question of law refers to

9

standardized conduct by defendants toward members of the class, a common nucleus of operative facts is typically presented, and the commonality requirement is usually met.'") (citation omitted); *Anderson v. Cornejo*, 199 F.R.D. 228, 239 (N.D. Ill. 2000) ("[A] common question of fact will exist as to whether the practices and policies alleged actually existed").

Plaintiffs argue that commonality is satisfied in this case because "the putative class's claims all derive from Defendants' common course of conduct in unlawfully dispersing, targeting, and retaliating against people exercising their First Amendment rights" in the Northern District of Illinois. Doc. 81 at 8. The Court agrees. Plaintiffs have presented significant evidence that, throughout the course of Operation Midway Blitz, Defendants have regularly and systemically targeted non-violent civilians and members of the press while they are exercising their First Amendment rights. *See, e.g.*, Docs. 22-1–22-34, 22-41-22-45, 57-1, 73-1–73-30, 77-1, 77-2, 94-1–94-4, 118-1–118-3, 140-1, 140-2, 188-1–188-3, 190-3, 190-4, 190-8, 190-9, 190-15. Defendants and their agents have used force indiscriminately, without making individualized assessments as to threat. And while Defendants argue that federal agents have only used force when objectively reasonable and in response to violent mobs and rioters, the government's own evidence in this case belies that assertion. *See* Doc. 232. Further, as the Court explained in its oral ruling on the preliminary injunction, Defendants' accounts of these protests and uses of force are simply not credible.

Plaintiffs have also presented evidence that makes clear that senior officials have encouraged and endorsed federal agents' targeting of non-violent individuals exercising their First Amendment rights. For example, Defendant Noem has instructed federal agents to "go hard" and "hammer" individuals for "the way they are talking, speaking, who they're affiliated with." Doc. 21 n.15. Defendant Bovino followed this up by informing federal agents that a

"free speech zone" outside of the Broadview Detention Center is "now going to be a 'free arrest zone.'" *Id.* He later stated in an interview: "If someone strays into a pepper ball, then that's on them. Don't protest, and don't trespass." Doc. 190-5 at 4:4–6. And during his deposition, he confirmed that he believed federal agents' uses of force throughout Operation Midway Blitz were "more than exemplary." Doc. 238 at 59:9–15.

The Court is not persuaded by Defendants' arguments against a finding of commonality. First, Defendants argue that Plaintiffs do not allege (let alone show) that Defendants' allegedly unlawful conduct has injured all or most of the putative class members. From a factual perspective, however, Plaintiffs *have* provided sufficient evidence to show that Defendants have indiscriminately used force and retaliated against non-violent demonstrators, religious practitioners, and members of the press. Further, the law does not require Plaintiffs to prove that every member of the proposed class has been injured at this stage. *See Bell v. PNC Bank, Nat. Ass'n*, 800 F.3d 360, 380 (7th Cir. 2015) ("Plaintiffs need not prove that every member of the proposed class has been harmed before the class can be certified."). As explained above, Defendants have not presented any evidence to show that a great number of class members are uninjured or could not have been injured.

Next, Defendants argue that the classes cannot meet the commonality requirement because the factual circumstances of each putative class members' encounters with federal agents vary, and the legal theories underlying their claims will differ as well. But the fact that individualized inquiries may be necessary for some questions does not defeat commonality. "Neither Rule 23 nor any gloss that decided cases have added to it requires that every question be common." *Suchanek*, 764 F.3d at 756; *see also Lacy*, 897 F.3d at 865 ("Although it is true that the reasonableness of a given accommodation will vary among individuals with differing

11

disabilities, any dissimilarities among the proposed class members will not impede the generation of common answers in this case."); *Bell v. PNC Bank, Nat'l Ass'n*, 800 F.3d 360, 381 (7th Cir. 2015) ("[O]ur cases demonstrate that commonality as to every issue is not required for class certification."); *Patrykus v. Gomilla*, 121 F.R.D. 357, 361 (N.D. Ill. 1988) ("It is insignificant that individual roles and levels of participation among defendants varied or that different degrees of harassment or abuse were inflicted upon individual class members, given the common legal question presented for determination.").

Because the Court finds that Defendants have a common practice that they applied indiscriminately across the classes, there is a "common core of salient facts" in this case which supports a finding of commonality. *See Multi-Ethnic Immigrant Workers Org. Network*, 246 F.R.D. at 630 ("The LAPD's command decisions to declare an unlawful assembly, disperse the crowd, and authorize the use of force constitute the 'common core of salient facts' that support commonality.").

### C.    Typicality

To satisfy typicality, "there must be enough congruence between the named representative's claim and that of the unnamed members of the class to justify allowing the named party to litigate on behalf of the group." *Spano v. The Boeing Co.*, 633 F.3d 574, 586 (7th Cir. 2011). The typicality requirement is "closely related" to the commonality inquiry, and a "plaintiff's claim is typical if it arises from the same event or practice or course of conduct that gives rise to the claims of other class members." *Keele*, 149 F.3d at 595 (quoting *De La Fuente v. Stokely-Van Camp, Inc.*, 713 F.2d 225, 232 (7th Cir. 1983)). Typicality is determined with reference to a defendant's actions, not with respect to specific defenses a defendant may have against certain class members. *Wagner v. NutraSweet Co.*, 95 F.3d 527, 534 (7th Cir. 1996).

12

The Court finds that Plaintiffs have satisfied the typicality requirement. Here, the named Plaintiffs' claims arise from the same course of conduct as the claims of the other class members; namely, Defendants' and their agents' indiscriminate use of force against non-violent civilians and members of the press exercising their First Amendment rights. This is sufficient to support a finding of typicality.

Defendants' arguments regarding typicality again fall flat. The fact that "each Plaintiff has unique circumstances . . . does not make his claims atypical or inadequately aligned with those of the class." *Zollicoffer v. Gold Standard Baking, Inc*., 335 F.R.D. 126 (N.D. Ill. 2020). "The typicality requirement may be satisfied even if there are factual distinctions between the claims of the named plaintiffs and those of other class members." *De La Fuente*, 713 F.2d at 232; *see also Multi-Ethnic Immigrant Workers Org. Network*, 246 F.R.D. at 632 ("Defendants nevertheless argue that typicality is lacking because the May Day incident gave rise to *different* rights, injuries, and claims, depending on whether one was a participant, legal observer, or bystander, whether one heard the dispersal order, whether one had physical contact with the police, and whether one suffered physical injury. Plaintiffs correctly respond that one's status as participant, observer or bystander does not defeat typicality as to their First Amendment claim, because that claim alleges that *everyone* had a First Amendment right to be in the park. Similarly, one's right to be free from excessive force does not depend on whether one was participating in the protest. Nor do differences in physical contact and injury defeat typicality as to the Fourth Amendment claim, because they are permissible variations within a class."). Thus, the variations that Defendants identify do not defeat typicality here.

### D.      Adequacy of Representation

To satisfy the adequacy of representation requirement, the class representative must possess the same interest as the class members and not have claims or interests that are antagonistic or conflicting with those of the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 625–26 (1997); *Rosario v. Livaditis*, 963 F.2d 1013, 1018 (7th Cir. 1992). The adequacy inquiry also involves determining whether the proposed class counsel is adequate. *Gomez v. St. Vincent Health, Inc.*, 649 F.3d 583, 592 (7th Cir. 2011). Defendants do not challenge the adequacy of the proposed class representatives or class counsel. Plaintiffs have participated in the litigation by signing declarations regarding their experiences demonstrating, protesting, observing, documenting, and/or recording DHS immigration operations in the Northern District of Illinois, and they contend that they are prepared to remain informed and involved with the case, and to testify at deposition or trial if needed. They further confirm that they understand and will fulfill their obligation to pursue the best interests of the Class. The Court does not perceive any issues with Plaintiffs' ability to represent the proposed class. Similarly, Plaintiffs' counsel has adequately represented Plaintiffs throughout the litigation and has significant experience litigating complex federal civil rights cases and class actions. The Court finds that Plaintiffs have met the adequacy requirements. Having found that Plaintiffs have satisfied Rule 23(a)'s requirements, the Court moves to consideration of Rule 23(b)(2)'s requirements.

### III.      Rule 23(b)(2)

A court may certify a class under Rule 23(b)(2) if "the party opposing the class has acted or refused to act on grounds that apply generally to the class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the class as a whole." Fed. R. Civ. P. 23(b)(2). "The key to the (b)(2) class is the indivisible nature of the injunctive or declaratory

remedy warranted—the notion that the conduct is such that it can be enjoined or declared unlawful only as to all of the class members or as to none of them." *Dukes*, 564 U.S. at 360, (citation omitted) (internal quotation marks omitted). Thus, a court can only certify a Rule 23(b)(2) class if "a single injunction or declaratory judgment would provide relief to each member of the class." *Id.* That relief must also be final regarding the class as a whole. *Jamie S. v. Milwaukee Pub. Schs.*, 668 F.3d 481, 499 (7th Cir. 2012).

Plaintiffs seek injunctive and declaratory relief that would not require individualized determinations because Defendants have acted on grounds that apply generally to the class. Thus, certification of a Rule 23(b)(2) class is proper.

## IV.    8 U.S.C. § 1252(f)(1)

Finally, Defendants argue that the Court should deny Plaintiffs' motion because 8 U.S.C. § 1252(f)(1) bars the requested class-wide relief. The Court finds Defendants' argument unavailing, as this issue is more relevant to the merits of Plaintiffs' case than the requirements for class certification. As the Seventh Circuit has explained, "surety of prevailing on the merits is not among" the class certification requirements and "[c]lasses can lose as well as win." *Bennett v. Dart*, 953 F.3d 467, 469 (7th Cir. 2020). Thus, whether § 1252(f)(1) bars the requested injunction would not change the Court's determination as to whether Plaintiffs have met the Rule 23 requirements for class certification. If anything, "[t]he pertinent observation here is that deciding who is correct on these issues will resolve the issues as to the entire class," which only serves to "underscore[e] the appropriateness of class certification." *Kidd v. Mayorkas*, 343 F.R.D. 428, 442 (C.D. Cal. 2023) (analyzing § 1252(f)(1) argument in the context of class certification motion). Regardless, as explained in the Court's oral ruling on Plaintiffs'

motion for preliminary injunction, the Court concludes that the requested injunctive relief does not implicate § 1252(f)(1).

## CONCLUSION

The Court therefore finds that Plaintiffs have met the requirements of Rule 23 and grants Plaintiffs' motion for class certification. The Court certifies the following class:

> All persons who are or will in the future non-violently demonstrate, protest, observe, document, or record at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

The Court also certifies the following subclasses:

> **Religious Exercise Subclass:** All persons who are or will in the future engage in religious expression in the form of prayer, procession, song, preaching, or proselytizing at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

> **Press Subclass:** All persons who are or will in the future engage in news gathering or reporting at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois.

Finally, the Court appoints The Civil Rights and Police Accountability Project of the Edwin F. Mandel Legal Aid Clinic at the University of Chicago Law School; The Community Justice and Civil Rights Clinic at Northwestern University Law School; Loevy + Loevy; The Roger Baldwin Foundation of ACLU, Inc.; and Protect Democracy as class counsel.

Dated: November 6, 2025

_____
SARA L. ELLIS
United States District Judge

16

```
 1                   IN THE UNITED STATES DISTRICT COURT
                       NORTHERN DISTRICT OF ILLINOIS
 2                           EASTERN DIVISION

 3
     CHICAGO HEADLINE CLUB, BLOCK        )  Case No. 25 C 12173
 4   CLUB CHICAGO, CHICAGO NEWSPAPER     )
     GUILD LOCAL 34071, NABET-CWA        )
 5   LOCAL 54041, ILLINOIS PRESS         )
     ASSOCIATION, RAVEN GEARY,           )
 6   CHARLES THRUSH, STEPHEN HELD,       )
     DAVID BLACK, WILLIAM PAULSON,       )
 7   AUTUMN REIDY-HAMER, and LEIGH       )
     KUNKEL,                             )
 8                                       )
                      Plaintiffs,        )
 9                                       )
              v.                         )
10                                       )
     KRISTI NOEM, Secretary, U.S.        )
11   Department of Homeland Security     )
     (DHS); TODD LYONS, Acting           )
12   Director, U.S. Immigration and      )
     Customs Enforcement (ICE);          )
13   MARCOS CHARLES, Acting Executive    )
     Associate Director, Enforcement     )
14   and Removal Operations, ICE;        )
     RUSSELL HOTT, Chicago Field         )
15   Office Director, ICE; RODNEY S.     )
     SCOTT, Commissioner, U.S.           )
16   Customs and Border Protection       )
     (CBP); GREGORY BOVINO, Chief        )
17   Border Patrol Agent, CBP; DANIEL    )
     DRISCOLL, Director of the Bureau    )
18   of Alcohol, Tobacco, Firearms       )
     and Explosives (ATF); WILLIAM K.    )
19   MARSHALL III, Director of the       )
     Federal Bureau of Prisons (BOP);    )
20   PAMELA BONDI, Attorney General      )
     of the United States; U.S.          )
21   DEPARTMENT OF HOMELAND SECURITY;    )
     U.S. DEPARTMENT OF JUSTICE;         )
22   UNIDENTIFIED FEDERAL OFFICER        )
     DEFENDANTS; UNIDENTIFIED FEDERAL    )
23   AGENCY DEFENDANTS; and DONALD J.    )
     TRUMP, President of the             )
24   United States,                      )  Chicago, Illinois
                                         )  November 6, 2025
25                    Defendants.        )  10:12 a.m.
```

```
1            TRANSCRIPT OF PROCEEDINGS - IN-COURT HEARING
                 BEFORE THE HONORABLE SARA L. ELLIS
2
      APPEARANCES:
3
      For the Plaintiffs:    LOEVY & LOEVY
4                            BY:  MR. JONATHAN I. LOEVY
                                  MR. STEVEN E. ART
5                                 MS. HEATHER LEWIS DONNELL
                                  MS. THERESA KLEINHAUS
6                                 MR. SCOTT R. RAUSCHER
                                  MR. DAVID B. OWENS
7                            311 N. Aberdeen Street, Third Floor
                             Chicago, Illinois 60607
8
                             LOEVY & LOEVY
9                            BY:  MS. ELIZABETH C. WANG
                             2060 Broadway, Suite 460
10                           Boulder, Colorado 80302

11                           MANDEL LEGAL AID CLINIC
                             BY:  MR. CRAIG B. FUTTERMAN
12                           6020 South University Avenue
                             Chicago, Illinois 60637
13
                             NORTHWESTERN PRITZKER SCHOOL OF LAW -
14                           COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC
                             BY:  MR. WALLACE B. HILKE
15                           375 E. Chicago Avenue, 8th Floor
                             Chicago, Illinois 60611
16
                             FIRST DEFENSE LEGAL AID
17                           BY:  MR. DANIEL MASSOGLIA
                             601 S. California Avenue
18                           Chicago, Illinois 60612

19                           ROGER BALDWIN FOUNDATION OF ACLU, INC.
                             BY:  MS. REBECCA K. GLENBERG
20                           150 N. Michigan Avenue, Suite 600
                             Chicago, Illinois 60601
21
      For the Defendants:    U.S. DEPARTMENT OF JUSTICE
22                           BY:  MR. ANDREW I. WARDEN
                                  MR. JEREMY S. NEWMAN
23                           1100 L Street NW
                             Washington, DC 20005
24

25
```

1   Court Reporter:          KELLY M. FITZGERALD, RPR, RMR, CRR
                             Official Court Reporter
2                            United States District Court
                             219 S. Dearborn Street, Room 1412
3                            Chicago, Illinois 60604
                             312-818-6626
4                            kmftranscripts@gmail.com

5                        *   *   *   *   *

6                 PROCEEDINGS REPORTED BY STENOTYPE
          TRANSCRIPT PRODUCED USING COMPUTER-AIDED TRANSCRIPTION
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

4

1          (Proceedings heard in open court:)

2               THE CLERK:  We are here on Case 25 CV 12173, Chicago

3     Headline Club, et al. v. Noem, et al.

4               Counsel, please state your names for the record.

5               Everyone else, please be seated and come to order.

6               MR. ART:  Good morning, Your Honor.  Steve Art for the

7     plaintiffs.

8               MR. BOWMAN:  Locke Bowman for plaintiff.

9               MS. WANG:  Elizabeth Wang for the plaintiffs.

10              MR. LOEVY:  Jon Loevy for the plaintiffs.

11              MR. HILKE:  Wally Hilke for the plaintiffs.

12              MS. KLEINHAUS:  Theresa Kleinhaus for the plaintiffs.

13              MR. OWENS:  David Owens.

14              MR. FUTTERMAN:  Craig Futterman, also for plaintiffs.

15              MR. RAUSCHER:  Scott Rauscher for plaintiffs.

16              MR. MASSOGLIA:  Daniel Massoglia for plaintiffs.

17              MS. GLENBERG:  Rebecca Glenberg for plaintiffs.

18              MR. WARDEN:  Good morning, Your Honor.  Andrew Warden

19    for the defendants.

20              MR. NEWMAN:  Jeremy Newman for the defendants.

21              THE COURT:  All right.  Good morning.

22              MR. ART:  Judge, do we need to do anything before we

23    get started to make sure that the exhibits listed on

24    plaintiffs' list, which is Docket 222 and defendants' list,

25    that is Docket 209, are moved into the record?  Or does the

1  Court consider all of those exhibits on the list to be already

2  into the record?

3          THE COURT:  I -- I consider them to be already in the

4  record.

5          MR. ART:  Thank you, Judge.

6          THE COURT:  Mm-hmm.

7          All right.  So we'll get started.

8          You ready, Kelly?

9          COURT REPORTER:  Yes, Judge.

10         THE COURT:  Okay.

11         So Chicago is home to many artists and poets and

12  writers.  One of them is Carl Sandburg who wrote a poem:

13         Chicago

14         Hog Butcher for the World,

15         Tool Maker, Stacker of Wheat,

16         Player with Railroads and the Nation's Freight

17  Handler;

18         Stormy, husky, brawling,

19         City of the Big Shoulders:

20         They tell me you are wicked and I believe them, for I

21  have seen your painted women under the gas lamps luring the

22  farm boys.

23         And they tell me you are crooked and I answered:  Yes,

24  it is true I have seen the gunman kill and go free to kill

25  again.

6

1    And they tell me you are brutal and my reply is:  On

2  the faces of women and children I have seen the marks of wanton

3  hunger.

4    And having answered so I turn once more to those who

5  sneer at this my city, and I give them back the sneer and say

6  to them:

7    Come and show me another city with lifted head singing

8  so proud to be alive and coarse and strong and cunning.

9    Flinging magnetic curses amid the toil of piling job

10  on job, here is a tall bold slugger set vivid against the

11  little soft cities;

12    Fierce as a dog with tongue lapping for action,

13  cunning as a savage, pitted against the wilderness,

14    Bareheaded,

15    Shoveling,

16    Wrecking,

17    Planning,

18    Building, breaking, rebuilding,

19    Under the smoke, dust all over his mouth, laughing

20  with white teeth,

21    Under the terrible burden of destiny laughing as a

22  young man laughs,

23    Laughing even as an ignorant fighter laughs who has

24  never lost a battle,

25    Bragging and laughing that under his wrist is the

1    pulse, and under his ribs the heart of the people,

2            Laughing!

3            Laughing the stormy, husky, brawling laughter of

4    Youth, half-naked, sweating, proud to be Hog Butcher,

5    Tool Maker, Stacker of Wheat, Player with Railroads and Freight

6    Handler to the Nation.

7            This is the Chicagoland I see, from Aurora to Cicero,

8    and Chicago to Evanston, to Waukegan.  This is a vibrant place,

9    brimming with vitality and hope, striving to move forward from

10   its complicated history of segregation, police brutality, and

11   gun violence; expressing the joy of community in block parties,

12   street festivals, and Sunday jazz shows on the lawn of Senn

13   High School;

14           Neighbors from every community showing up for each

15   other, by stocking food banks, restaurants offering free meals

16   to those facing cuts in food benefits.  Everyday people

17   standing watch to protect the most vulnerable among us; from

18   standing guard at intersections to help trick-or-treaters cross

19   the street or standing on the sidewalk, to document law

20   enforcement activities and protest against immigration

21   enforcement activities they believe to be unjust; or simply

22   praying the Rosary, to provide comfort to those detained at the

23   Broadview detention facility who are facing fear and

24   uncertainty.

25           The government would have people believe instead that

1    the Chicagoland area is in a vise hold of violence, ransacked

2    by rioters, and attacked by agitators.  That simply is untrue.

3    And the government's own evidence in this case belies that

4    assertion.

5         After reviewing all of the evidence submitted and

6    listening to the testimony, I find the defendants' evidence

7    simply not credible.  I watched the defendants' videos that

8    they asked us to watch.  This, in hours and hours and hours of

9    body cam video and video from helicopters, was the best they

10   could provide.

11        I'll note two examples.

12        On September 19th, there was a video of agents opening

13   the gate at Broadview.  The protesters were standing far away.

14   Agents immediately began lobbing flash gang -- I'm sorry --

15   flash-bang grenades and tear gas with no warning whatsoever.

16        On October 4th in Brighton Park, an agent pushed a

17   protester to the ground, then released tear gas and

18   PepperBalls.  After instigating the chaos, some of the

19   protesters threw a drink and some bottles of water.  The agents

20   let the protester up and then tackled him again to the ground

21   and knelt on his head or his neck.

22        There is nothing that plaintiffs set forth in their

23   declarations or testimony that defendants rebutted, even with

24   the body cam footage.  Minor consistencies will add up.

25        For example, we've got the testimony of Defendant

1    Bovino.  In one of the videos, Defendant Bovino obviously

2    attacks and tackles the declarant, Mr. Blackburn, to the

3    ground.  But Bovino, despite watching this video, says that he

4    never used force against Mr. Blackburn, and later denied seeing

5    a projectile hit Reverend Black after watching that video.

6          More tellingly, Defendant Bovino admitted that he

7    lied.  He admitted that he lied about whether a rock hit him

8    before he deployed tear gas in Little Village.

9          Videos of what happened in Little Village, even from

10    the agents' body-worn cameras and helicopter footage, do not

11    match up with agents' descriptions of the chaos that was going

12    on.

13          The number of protesters was about equal, if not less

14    than, the number of agents gathered at the time that Defendant

15    Bovino threw the tear gas canisters.

16          In fact, when he threw the second one, the crowd was

17    running back.  And there was an apparent flash-bang grenade

18    that agents tried to claim were fireworks that the crowd threw.

19    That's simply not true.

20          In Albany Park, agents wrote in their reports and the

21    Department of Homeland Security publicized that a bicyclist

22    threw a bike at agents.  In watching the video, it shows that

23    after agents deployed tear gas, the agents took a protester's

24    bike and threw it to the side.

25          Mr. Hott represents in his declaration that someone

1    ripped a beard off an agent's face.  He also represented that

2    at the Broadview facility a downspout was broken by protesters.

3    However, when questioned about it in his deposition, he

4    acknowledged that he didn't even know if it was a person who

5    caused that damage, much less a protester.

6           Mr. Hewson testified that in Broadview there were

7    people with shields with nails in them that were dangerous.

8    But, again, in looking at this video, at least some of these

9    shields, if not all, were pieces of cardboard.  And the body

10   cam video did not show any aggression that warranted agents

11   going out to attack them.

12          He testified that on body cam -- that on the body cam

13   when he said something, it was "get them."  In listening to

14   that body cam audio and watching it over again, clearly what he

15   said was "hit them."

16          Overall, this calls into question everything that

17   defendants say they are doing and their characterization of

18   what is happening either at the Broadview facility or out in

19   the streets of the Chicagoland area during law enforcement

20   activities.

21          I want to turn to some specific incidents.

22          The Broadview facility has had numerous protests.

23   Father Curran testified that he's been to the Broadview

24   facility for over 19 years every Friday to offer prayers and

25   the Rosary.  They gather on a public pathway on the sidewalk

1    and in the parkway.  He said in September, Broadview had become

2    an utterly militarized zone.  Father Curran realized that it

3    was no longer a safe space for high school and college students

4    to come.  And the protesters themselves had to move their

5    location.  He saw agents launching projectiles at people who

6    were unarmed and not violent in any way.  And he himself was

7    tear-gassed.

8            Emily Steelhammer, who's the executive director of the

9    Chicago Newspaper Guild, described indiscriminate uses of

10   force.

11           A photographer, standing off to the side with another

12   group of journalists and photographers, recognized some agents

13   whom she had taken pictures of earlier in the week.  She was

14   shot in her rib cage with a PepperBall and then shot again in

15   her back when she turned.

16           On September 26th, journalists from the Chicago

17   Tribune and Chicago Sun-Times were filming an arrest late at

18   night with few protesters around and clear press badges

19   visible, and they had their cameras out.  They were both hit at

20   close range multiple times with PepperBalls.  There were no

21   reports of disobeying law enforcement commands when they were

22   hit.

23           Juan Muñoz, who's an Oak Park trustee, attended a

24   protest on October 3rd.  He heard Mr. Bovino say that he'd give

25   one warning to protesters to move back; if they did not, they'd

1    be arrested.

2        Mr. Bovino then turned to the agents and said, "Arrest

3    them."  Mr. Bovino pushed Mr. Muñoz down and then was --

4    Mr. Muñoz was detained for eight hours.  He was used as a prop

5    for the Department of Homeland Security videos and then

6    released at a gas station a mile and a half away.  Mr. Muñoz

7    has not been back to the Broadview facility, and he's now

8    concerned for his own safety and that of his family.

9        I do acknowledge that after the state and county and

10   the city of Broadview have set up a Unified Command that the

11   level of violence and the issues at the Broadview facility with

12   respect to federal agents has decreased.  But because it has

13   decreased does not mean that it doesn't still have the

14   likelihood to exist.

15       Leslie Cortez testified that on October 1st she was

16   documenting federal immigration agents conducting enforcement

17   activities at a Home Depot in Cicero.  When she returned to her

18   car, federal agents pulled up around her and one drew his

19   weapon at her, aiming it right at her so that she could see

20   inside the barrel, causing her heart to accelerate and make her

21   freeze.  She gathered her courage.  She told the agents that

22   she knew what her rights were; and, ultimately, the agent put

23   down his weapon and left.

24       On October the 3rd in Logan Square, near an elementary

25   school, a crowd gathered when they noticed federal immigration

1   vehicles, and they began protesting.  A motorcycle stopped in

2   front of one vehicle, and that, simply that, prompted the

3   agents to deploy a tear gas canister.

4          On October 4th in Brighton Park, Border Patrol agents

5   claim they were boxed in by about ten vehicles, two of which

6   rammed one of their vehicles.  An agent shot at one of the

7   individuals who allegedly rammed the vehicles, and a group

8   gathered at the scene after hearing what happened.

9          A number of declarants stated that they nonviolently

10  gathered, protested, chanted, and filmed agents, and that

11  without any warning or dispersal orders, agents deployed tear

12  gas indiscriminately into the crowd and threw flash-bang

13  grenades.

14         Rudy Villa stated that he and others formed a barrier

15  between protesters and agents chanting "don't take the bait"

16  and encouraging the protesters to remain peaceful.

17         Alderwoman Julia Ramirez arrived and observed a very

18  calm scene with people chanting.  She noticed that the

19  protesters were well organized, with many chanting "don't take

20  the bait," and she did not observe anyone around her exhibiting

21  violence toward the agents.  She testified that as everyone

22  stood around, PepperBalls were fired without warning and an

23  armored vehicle came through with an agent pointing his gun at

24  the protesters.  She ran away from tear gas while eight and a

25  half months pregnant.

1          Now, admittedly, some in the crowd threw water

2     bottles.  But this did not warrant the indiscriminate shooting

3     of PepperBalls and deployment of tear gas at the crowd without

4     warning.

5          On October 10th, in Edgewater, Jo-Elle Munchak stopped

6     on the drive home when she noticed immigration enforcement

7     activities happening.  She videotaped and yelled out, "It's

8     almost like they're storm troopers or something" and "Smile

9     nice, boys, for the Hague."

10         She was about two and a half car lengths from the

11    agents and had enough room for the agents' vehicle to pull

12    away.  After the agents left, she continued home, turning onto

13    the street on which she lives.

14         One of the agents' cars stopped in the middle of the

15    block and the other one pulled up behind her and blocked her

16    in.  Agents surrounded her car with an agent aiming a gun at

17    her head and other agents banging on her windows, trying to

18    open the doors, and demanding that she get out of the car.

19         On October 12th, in Albany Park, Border Patrol agents

20    were arresting someone when a crowd of neighbors came outside

21    to observe and protest.  And I will say that some of the agents

22    described the protesters to be professional agitators based on

23    their style of dress, possession and use of alert whistles, and

24    using bicycles to follow and alert the community of the agents'

25    presence.

1        Describing rapid response networks, neighborhood moms

2   as professional agitators shows just how out of touch these

3   agents are and how incredible their views are.

4        The agents' cars hit a woman standing in front of the

5   car.  Mr. Harvick recounted that he learned that protesters had

6   linked arms to block agents' exit, which Border Patrol

7   considers active resistance, and then had disobeyed multiple

8   orders to move out of agents' way to let them leave.

9        According to Mr. Parra, based on previous experience,

10  the agents became concerned that the longer they remained on

11  the scene, the more dangerous the environment would become,

12  anticipating that social media would broadcast their location

13  and allow for the threatening crowd to continue to grow.

14       Agents rolled a tear gas canister toward the

15  protesters.  Agents claimed they gave warnings, but the

16  protesters said they didn't hear any warnings or dispersal

17  orders.  And body camera video reflects the agent with a tear

18  gas canister telling another agent that "If they don't want to

19  clear, we're going to pass, or it could be "We're going to

20  gas."  But nothing was said to the crowd.

21       The Department of Homeland Security claimed that a

22  woman threw her bicycle at agents, but the video actually shows

23  an agent throwing it out of the way.

24       On October 14th in East Chicago, a Border Patrol car

25  gave chase to a suspect vehicle in a neighborhood with tight

1    streets, ultimately disabling the suspect vehicle by using a

2    PIT maneuver.  Neighbors came out to see what happened,

3    protesting and yelling at the agents to go home.

4          The use of force reports from Border Patrol note that

5    people yelled things like "ICE go home" and called agents

6    "racists" or "Nazis."

7          Admittedly, again, while the protest remained

8    relatively calm, there were some bad eggs, including those who

9    threw eggs and threw back a smoke canister at agents.  But the

10   agents were able to find those who threw the objects and they

11   actually took them into custody.

12         Plaintiffs' declarants did not identify hearing any

13   warnings or dispersal orders before the agents deployed tear

14   gas.  And while the agents recorded having -- having given

15   repeated warnings to disperse and indicated that they would

16   deploy chemical munitions if they did not, one agent recorded

17   that he deployed a smoke canister to disperse the crowd without

18   giving notification, although he did claim it was because of

19   exigent circumstances.  Another agent indicated it was not

20   tactically feasible to issue warnings prior to the deployment

21   of chemical munitions.

22         One resident, Manuel Garcia, was shot with rubber

23   bullets as he shepherded his girlfriend and 4-year-old daughter

24   home.  And he also helped a woman who had her baby and was

25   trapped in the tear gas.

1          Agents pushed, shoved, tackled protesters, pointed

2     guns at them, threw tear gas, and deployed smoke canisters.

3     Everyone that agents detained were released by the FBI, and

4     none of them are currently charged with assault.

5          In Little Village, the agents were there on

6     October 22nd and 23rd.

7          On October 22nd, Mr. Bovino and other agents were

8     confronted by protesters in a parking lot. Some of the

9     protesters were recording what happened. Agents claim that a

10    woman threatened to kill Mr. Bovino. And Mr. Bovino asked the

11    woman, "Did you make a threat?" She denied it. Then agents

12    grabbed her, pulled her to the ground, and placed a knee on her

13    back.

14         Later in Cicero near the Home Depot, an agent sitting

15    in a car deployed OC spray to an individual who had been

16    shouting obscenities in a threatening manner and aggressively

17    kicking the side of the vehicle. The agent did not give

18    explicit warnings before deploying the OC spray in a targeted

19    fashion because CBP personnel had to act quickly to stop the

20    individual from damaging government property.

21         On October 23rd, Mr. Bovino threw two tear gas

22    canisters over the heads of agents in front of him toward a

23    crowd of protesters without providing verbal warnings. And I

24    will say this happened after I entered the TRO that required at

25    least two.

1       Mr. Bovino and the Department of Homeland Security

2  claimed that he had been hit by a rock in the head before

3  throwing the tear gas, but video evidence disproves this.  And

4  he ultimately admitted he was not hit until after he threw the

5  tear gas.

6       An agent, without warning, lifted a gun and shot a

7  protester from 5 feet away with a PepperBall that hit his neck.

8       John Bodett did not hear any warnings before tear gas

9  or the projectile was fired, even though he was 25 to 30 feet

10  away.  But he did hear someone say "get them" to the agents

11  before the tear gas was fired.

12       There were no hand gestures or other direction of what

13  officers wanted people to do.  He acknowledged seeing one

14  firework go off straight in the air, something that happens

15  every day.  And he also noted that the Latin Kings' colors are

16  black and gold, not maroon.

17       In Lakeview, on October 24th, Border Patrol agents

18  drove down a one-way residential street and attempted to arrest

19  some construction workers.  A crowd began to gather, screaming

20  things at agents like "go home; cowards don't show their

21  faces."

22       Declarations reflect that observers did not see anyone

23  touch a vehicle or make physical threats or act violently

24  towards the agents, although agents reported that someone tried

25  to deflate the tire of one of their vehicles.

1      Agents did order the crowd to stay back and at least

2  made some comments instructing them that if they did not stay

3  back, they would be gassed.  And then stated things like, "You

4  want gas?  You want gas?"  When an agent deployed gas, he

5  stated, "Have fun!"  And then two additional tear gas canisters

6  were deployed.

7      On October 25th, in Old Irving Park, families were

8  getting ready for a neighborhood Halloween parade when agents

9  arrived on Kildare and arrested a man.  Neighbors gathered and

10  began yelling at the agents.  George Witchek came out in a duck

11  costume and was standing behind a car when, without warning,

12  officers tackled him to the ground, leaving him with a

13  traumatic brain injury.

14      As a federal vehicle slowly drove down the street, a

15  woman stood in front of the vehicle with her bike positioned in

16  front of her.  The car accelerated and ran into her, causing

17  her to fall to the ground.  An agent then rolled a tear gas

18  canister toward people behind the car, and agents surrounded

19  another car that had pulled up around that time, pulling that

20  man out of the car and tackling him to the ground.

21      Neighbors did not hear any audible warnings or orders

22  before agents deployed tear gas, although agents reported that

23  they gave orders to disperse.  Ultimately, the Halloween parade

24  was cancelled and activities stayed on school grounds.

25      On October 25th, in Aurora, two individuals were

1   observing for immigration agents around Aurora when one of them

2   approached an unmarked car in a school parking lot.  An agent

3   in the back seat rolled down the window and motioned for the

4   individual to move away.  That person did.  But the agent

5   nonetheless pepper-sprayed him and tackled him to the ground.

6           The other resident documented what happened, and for

7   his efforts, he was pepper-sprayed and pushed to the ground.

8           Several days later, on October 29th, Elizabeth Pineda

9   heard whistles and pulled into a grocery store parking lot,

10  unintentionally blocking a federal agent's car.  An agent

11  raised his weapon and fired PepperBall projectiles at her

12  windshield.

13          On October 30th, in Gurnee, agents chased two

14  individuals into a high school parking lot.  As people,

15  including a pastor, began recording, an agent threatened to

16  pepper spray the pastor, which then deterred him from

17  recording.

18          And finally, in Evanston, on October 31st, concerned

19  citizens followed federal agents in their vehicles.  Near

20  Lincolnwood Elementary School, agents shoved a man who was

21  speaking to agents without warning.

22          About an hour later near Chute Middle School, a car

23  rear-ended a federal vehicle after that vehicle stopped

24  quickly.  Agents detained three people, including a male

25  bystander, whom they shoved to the ground, put a knee on his

1    back, bashed his head into the street, and punched him in the

2    head at least two times.

3         Despite a statement from the Department of Homeland

4    Security and Mr. Bovino indicating that this individual grabbed

5    the agent's genitals, videos don't bear this out, nor would

6    such force have been appropriate even if this had occurred.

7         Agents also deployed pepper spray at the crowd, and

8    one agent pointed his gun at protesters on two separate

9    occasions.

10        Given the government -- given all the evidence that

11   has been presented so far in this case, those are the factual

12   findings that I am making that support this preliminary

13   injunction.

14        To obtain a preliminary injunction, plaintiffs need to

15   satisfy three threshold requirements:

16        First, that they have some likelihood of success on

17   the merits; second, that there's an inadequate remedy at law;

18   and finally, that they will suffer irreparable harm if the

19   relief is not granted.

20        If plaintiffs satisfy these three factors, then I

21   conduct a balancing test, weighing the harm the denial of the

22   preliminary injunction would cause the plaintiff against the

23   harm to the defendant if I were to grant it.  This balancing

24   process involves a sliding scale approach:  The more likely the

25   plaintiff is to win on the merits, the less the balance of

1    harms needs to weigh in his favor, and vice versa.

2         I'm also to consider the public interest, which

3    includes taking into account any effects on nonparties.

4         So, first, standing.  To establish standing to seek

5    injunctive relief, plaintiffs must allege an actual or imminent

6    threat of suffering a concrete and particularized injury in

7    fact, which plaintiffs can fairly trace to the defendants'

8    conduct and that a favorable judicial decision will likely

9    prevent or redress.  A plaintiff must face a real and immediate

10   threat of future injury.

11        Here, defendants argue that plaintiffs have not

12   established that their injuries are likely to recur so as to

13   warrant injunctive relief, but I disagree.  The individual

14   plaintiffs' risk of future injury is not speculative.  Given

15   the ongoing and sustained pattern of conduct that plaintiffs

16   have documented over the last month and even after I entered

17   the TRO, this conduct shows no sign of stopping.

18        Plaintiffs also indicate that they intend to continue

19   their reporting, ministering, and protesting.  And while things

20   at Broadview have calmed down after the establishment by state

21   and local officials of the Unified Command and designated

22   protest zone, protests have continued there.  And there's no

23   guarantee that state and local police will continue to patrol

24   there, in which case control over the facility's security would

25   revert back to federal agents who have consistently shown a

1    disregard for protesters, journalists, and religious

2    practitioners' First Amendment rights, suggesting that such an

3    officially sanctioned course of retaliation would continue.

4         Unlike in *Lyons*, where the plaintiff could avoid being

5    choked by conducting his activities within the law, thus

6    avoiding exposure to violence, plaintiffs here cannot avoid

7    injury, as they are being threatened and harmed for exercising

8    their constitutional First Amendment rights and acting firmly

9    within the bounds of the law.

10        Therefore, I find that plaintiffs have standing to

11   pursue their claims.

12        Further, for their First Amendment claims, plaintiffs

13   also have standing based on the chilling effect of defendants'

14   conduct, given that some plaintiffs have expressed that

15   defendants' actions have caused them to limit their activities.

16        It doesn't matter that someone continues to go protest

17   or continues to be courageous.  That is irrelevant as to

18   whether there was a chilling effect.  If someone has to think

19   twice or they are making changes to what they do because

20   they've been hit in the head with a PepperBall, they've been

21   tear-gassed, they've stared down the barrel of a gun, or

22   they've been slammed to the ground with their head bashed into

23   the street, claiming that they can't breathe because someone is

24   on their back, all of that would cause a reasonable person to

25   think twice about exercising their fundamental constitutional

1    rights.  And that is a chilling effect.

2         For example, Leslie Cortez testified that the pointing

3    of the gun was a traumatizing experience because she'd never

4    had a weapon drawn at her.  It made her really consider if this

5    is something that's safe to do, even though she wasn't doing

6    anything to obstruct agents.  But it has made her more fearful

7    to document and witness.

8         Reverend Black testified that it took him days before

9    he went back to the Broadview facility; and even then, it was

10   difficult for him.

11        The news organizations have standing to sue on behalf

12   of their members and for their own injuries.

13        An organization has standing to sue on behalf of its

14   members when its members would otherwise have standing to sue

15   in their own right; the interests it seeks to protect are

16   germane to the organization's purpose; and neither the claim

17   asserted nor the relief requested requires the participation of

18   individual members in the lawsuit.

19        To have standing in their own right, organizations

20   must show that defendants' conduct impaired their ability to

21   conduct their business or services.  The news organizations

22   meet these requirements with respect to both associational and

23   organizational standing.

24        So with standing established, I now turn to the

25   substantive requirements for the issuance of a preliminary

1    injunction.

2            The first factor is likelihood of success.  To meet

3    this requirement, the plaintiff must demonstrate that its claim

4    has some likelihood of success on the merits.  What amounts to

5    some depends on the facts of the case at hand because of the

6    Seventh Circuit's sliding scale approach, but it at least

7    requires a strong showing that normally includes a

8    demonstration of how the applicant proposes to prove the key

9    elements of its case.  A mere possibility of success doesn't

10   meet this standard.

11           So I turn to each of the plaintiffs' claims.

12           First Amendment.  The First Amendment bars the

13   government from prohibiting the free exercise of religion or

14   abridging the freedom of speech, or of the press; or the right

15   of the people to peaceably assemble.  The right of peaceable

16   assembly is a right cognate to those of free speech and free

17   press and is equally fundamental.

18           Of all constitutional rights, the freedoms of speech

19   and of assembly are the most perishable, yet the most vital to

20   the preservation of American democracy.

21           The government has no power to restrict expression

22   because of its message, its ideas, its subject matter, or its

23   content.  Protest participation is a pristine and classic form

24   of protected speech.  Undeniably, group demonstrations are

25   quintessentially protected speech.  Sidewalks, parks, streets,

1    and other public ways and the like are traditional public fora,

2    in which the government may impose reasonable time, place, and

3    manner restrictions on private speech but for which

4    content-based restrictions must satisfy strict scrutiny and

5    viewpoint-based restrictions are prohibited.

6           Defendants argue that plaintiffs have not been engaged

7    in First Amendment-protected activity because they've

8    intermingled themselves with rioters and obstructors and other

9    lawless actors, meaning that law enforcement may disperse

10   crowds before they become unmanageable or when a clear and

11   present danger of a riot, disorder, interference with traffic,

12   or other immediate threat to public safety, peace, or order

13   appears.

14          But as I've previously stated, I don't find

15   defendants' version of events credible.

16          Moreover, plaintiffs agree that individuals who have

17   committed isolated acts of vandalism, assault on, or

18   threatening officers, forcible obstruction, may be arrested and

19   prosecuted.

20          While government officials may stop or disperse public

21   demonstrations or protests where clear and present danger of

22   riot, disorder, interference with traffic upon the public

23   streets, or other immediate threat to the public safety, peace,

24   or order appears, an official's fear of serious injury cannot

25   alone justify suppression of free speech and assembly.

1    Instead, to justify suppression of free speech, there

2    must be reasonable ground to fear that serious evil will result

3    if free speech is practiced.  The First and

4    Fourteenth Amendment do not permit a state to make criminal the

5    exercise of the right of assembly simply because its exercise

6    may be annoying to some people.

7    Plaintiffs have marshalled evidence that suggests that

8    they are likely to succeed in showing they engaged in protected

9    speech.  At this stage, I don't find defendants' intermixed or

10   intermingled justification for restricting speech persuasive

11   because the unlawful activity by a few protesters does not

12   transform a peaceable assembly into an unlawful assembly.

13   With respect to newsgathering, the First Amendment

14   protects press plaintiffs' nonviolent newsgathering.  The

15   record indicates that Plaintiffs Block Club Chicago,

16   Raven Geary, and Stephen Held all wear clear press

17   identification when reporting, do not engage in protests, and

18   do not talk with or to federal officers unless to ask them

19   journalistic questions.

20   I reject defendants' implication that plaintiffs are

21   suggesting that the members of the press should receive special

22   treatment.  Instead, the Supreme Court has long recognized a

23   qualified right of access for the press and public to observe

24   government activities.

25   While plaintiffs argue a First Amendment

1    viewpoint-based discrimination claim, I'm not going to reach

2    that claim's merits at this time, because I find that

3    plaintiffs have a likelihood of success on the merits on their

4    content-based claim.

5         To determine whether a challenged regulation is

6    content-based, I first ask whether the regulation draws

7    distinctions on its face based on the message a speaker

8    conveys.

9         Facial distinctions include those which define

10   regulated speech by a particular subject matter or its function

11   or purpose.  Laws that are facially content-neutral may still

12   be considered content-based restrictions on speech if they

13   cannot be justified without reference to the content of the

14   regulated speech or that were adopted by the government because

15   of disagreement with the message that the speech conveys.  Any

16   law distinguishing one kind of speech from another by reference

17   to its meaning now requires a compelling justification.

18        I find that defendants have restricted the plaintiffs'

19   speech, assembly, and press based on their content.  Plaintiffs

20   have been open and vocal about their dislike for defendants'

21   actions, and in return, defendants have publicly announced

22   their attention -- intention to target such protesters.

23        Plaintiffs' declarations and testimony at the

24   preliminary injunction hearing clearly establishes that

25   protesters have gathered at the Broadview facility and around

1      the Chicagoland area to nonviolently express their views

2      opposing Operation Midway Blitz.

3             Plaintiffs' declarations describe the specific

4      language that protesters have used to voice their views

5      opposing the government's immigration enforcement efforts and

6      tactics in Chicago.

7             At the preliminary injunction hearing, several of

8      plaintiffs' witnesses stated that they have participated in

9      demonstrations and protests opposing the government's

10     immigration enforcement efforts in Chicago.  And press

11     personnel have worn clear press identification and have not

12     engaged in violent behavior, even while vigorously covering the

13     immigration officials' activities.

14            In response, Secretary Noem commented that "the more

15     people protest, the harder ICE is going to come after them."

16            President Trump encouraged federal officers to use

17     physical violence against protesters if they get too close.

18     And defendants have consistently expelled and targeted

19     plaintiffs with various uses of force who hold signs, chant,

20     shout, and otherwise assemble against Operation Midway Blitz.

21            Further, while permitting exclusive access to

22     journalists who portray them in a more favorable light,

23     defendants have tackled and arrested at least one member of the

24     media covering the Broadview facility.  Tellingly, defendants

25     do not deny that they would treat pro-ICE demonstrators more

1    favorably.  Accordingly, I find that defendants have placed

2    content-based restrictions on plaintiffs, and strict scrutiny

3    applies.

4          To survive strict scrutiny, defendants must prove that

5    the restriction furthers a compelling interest and is narrowly

6    tailored to achieve that interest.  I don't dispute the

7    defendants have a compelling interest in the protection of

8    federal property and personnel and enforcement of federal laws.

9          Defendants argue that the use of lawful, less-lethal

10   crowd control devices is narrowly tailored to achieve these

11   goals, claiming these devices are the most effective method

12   that law enforcement has to push an entire crowd back from

13   destroying property and blocking traffic.

14         But I find it likely that plaintiffs will succeed in

15   showing that defendants' use of tear gas, pepper bullets, and

16   other less-lethal force is not sufficiently narrowly tailored.

17   Plaintiffs' police practices expert opined that there's no law

18   enforcement purpose to use less-lethal weapons or chemical

19   irritants other than in narrow circumstances addressing a riot

20   or imminent violent actions, and to minimize bodily injury to

21   specific targets.

22         He further concluded that federal agents significantly

23   deviated from standard and accepted practices for how officers

24   are trained to manage the First Amendment rights of

25   individuals, protesters, and journalists.

1    I've already found that defendants' allegations of

2    riots and violence, and therefore their justification for the

3    use of this force, lack credibility from my review of the

4    entire record.

5    Even if plaintiffs can only show that its actions have

6    regulated speech and assembly neutrally, defendants' arguments

7    still fail intermediate scrutiny.  Under intermediate scrutiny,

8    courts consider whether there's a reasonably close fit between

9    the government's means and its ends.  I find it likely that

10   plaintiffs will be able to show that while defendants'

11   interests are significant, defendants' actions are not narrowly

12   tailored to survive immediate scrutiny.

13   The next claim is the First Amendment retaliation.

14   To prevail on a First Amendment retaliation claim,

15   plaintiffs must ultimately show that they engaged in activity

16   protected by the First Amendment; that they suffered a

17   deprivation that would likely deter First Amendment activity in

18   the future; and that the First Amendment activity was at least

19   a motivating factor in defendants' decision to take retaliatory

20   action.

21   Despite defendants' attempts to paint all protesters

22   as violent or disobedient, I find that plaintiffs have provided

23   evidence that they engaged in First Amendment-protected

24   activity.

25   Numerous declarants and witnesses at the preliminary

1   injunction hearing stated that they were shot with less-lethal

2   munitions, gassed, pepper sprayed, threatened with arrests for

3   recording and observing, tackled, and had guns pointed at them.

4   As these declarants and witnesses have stated, such actions

5   would likely deter a person of ordinary firmness from

6   continuing to engage in protected activity.

7           Finally, proof of motive can be established through

8   either direct or circumstantial evidence, including suspicious

9   timing, ambiguous oral or written statements, or behavior

10  towards or comments directed at other people in the protected

11  group.

12          Plaintiffs have provided such evidence here, including

13  public statements made by defendants regarding protesters,

14  including Secretary Noem admonishing agents at Broadview to go

15  hard against people for "the way they're talking, speaking, who

16  they're affiliated with, who they're funded with, and what

17  they're talking about as far as consequences for what we're

18  doing by protecting this country."

19          Plaintiffs have provided declarations and evidence

20  that federal agents have used excessive force against

21  peacefully protesting -- those peacefully protesting the

22  federal agents' presence and operations in the Chicagoland

23  area, as I reviewed.

24          The free exercise and the RFRA -- so R-F-R-A --

25  statute, prohibit the federal government from imposing

substantial burdens on religious exercise, absent a compelling

interest pursued through the least restrictive means.  In

passing RFRA, Congress sought to create a broad statutory right

that provides greater protections for religious exercise than

is available under the First Amendment.

Under RFRA's burden shifting-framework, once a RFRA

claimant makes a *prima facie* case that the application of a law

or regulation substantially burdens one's religious practice,

the burden shifts to the government to justify the burden under

strict scrutiny.

Earlier this year, the Seventh Circuit, analyzing a

line of relevant Supreme Court cases, identified three ways a

plaintiff can prove a government policy or act substantially

burdens their religious practice:  If the government policy or

act compelled them to perform acts undeniably at odds with

fundamental tenets of their religious beliefs, put substantial

pressure on them to modify their behavior and violate their

beliefs, or bears direct, primary, and fundamental

responsibility for -- for rendering a religious exercise

effectively impracticable.

In assessing whether a burden is substantial, we focus

primarily on the intensity of the coercion applied by the

government and not the centrality of the religious practice in

question.

Plaintiffs have shown that they're likely to succeed

1   in establishing that defendants' actions put substantial

2   pressure on religious practitioners to modify their behavior

3   and violate their beliefs under highly coercive threats of

4   violence.

5          Plaintiffs contend that defendants have engaged in a

6   policy, pattern, and practice of targeting people visibly

7   engaged in prayer and other religious exercise with

8   PepperBalls, tear gas, and other physical violence without

9   provocation.

10         Plaintiffs have submitted declarations from

11  Reverend Black, Reverend Holcombe, and others describing

12  defendants' targeted actions against religious practitioners,

13  including shooting PepperBalls and other projectiles at

14  Reverend Black and Reverend Holcombe while they were praying.

15         Further, plaintiffs argue that defendants' actions

16  force the religious practitioners to choose between their

17  health and safety on the one hand and authentically practicing

18  their faith on the other.

19         For example, Father Curran stated that he's restricted

20  whom he invites to join prayer vigils at Broadview and stopped

21  using the vigils as an opportunity to provide religious

22  education to Catholic students because of the high risk of

23  violence.  This alleged coercion is enough to show that

24  plaintiffs are likely to establish that the government has

25  substantially burdened religious practice.

1          Now turning to the Fourth Amendment claim.

2          Although plaintiffs make a claim based on arrests

3     without probable cause, I don't find it necessary to reach at

4     this time to decide whether they have a likelihood of success

5     on the merits to decide the preliminary injunction motion.

6          Plaintiffs also make a claim based on excessive force.

7     Excessive force is a form of unreasonable seizure in violation

8     of the Fourth Amendment.  These types of claims are evaluated

9     based on whether the officer's actions were objectively

10    reasonable under the circumstances.  Reasonableness must be

11    judged from the perspective of a reasonable officer on the

12    scene and not on hindsight.

13         The proper application of the standard requires

14    careful attention to the facts and circumstances of each

15    particular case, including the severity of the crime at issue,

16    whether the subject poses an immediate threat to the safety of

17    others, and whether he's actively resisting arrest or

18    attempting to evade arrest by flight.

19         Defendants argue that the proper standard is the

20    14th Amendment shocks the conscience standard for substantive

21    due process and not the Fourth Amendment because no seizure is

22    effectuated because the defendants are seeking to disperse

23    dangerous crowds, not restrain them.  But I disagree.

24         A seizure occurs under the Fourth Amendment when an

25    officer, by means of physical force or show of authority has --

1    has in some way restrained the liberty of a citizen.  Here,

2    plaintiffs have submitted declarations and testimony indicating

3    that the use of less-lethal force, as well as physical contact,

4    has restrained their liberty, instead of being merely used as a

5    measure to disperse a crowd.

6         Officers may not, according to the Seventh Circuit,

7    without provocation, start beating, pepper spraying, kicking,

8    or otherwise mistreating people standing around a restaurant

9    parking lot, even in the middle of the night.

10        The Seventh Circuit has also noted that the use of

11   pepper spray could be considered excessive force if used

12   without justification, noting that assaulting citizens who are

13   safely detained without any provocation violates clearly

14   established constitutional principles.

15        And the Ninth Circuit noted that use of projectile --

16   that use of a projectile filled with pepper spray amounted to a

17   seizure and was unreasonable where the plaintiff posed no

18   visible threat and did not demonstrate an unwillingness to

19   comply with officers' orders.

20        I see little reason for the use of force that the

21   federal agents are currently using.  Pointing guns, pulling out

22   pepper spray, throwing tear gas, shooting PepperBalls, and

23   using other less-lethal munitions do not appear to be

24   appropriate uses of force in light of the totality of the

25   circumstances.  This is particularly a cause for concern where

1    plaintiffs' evidence suggests that federal agents are using

2    this force indiscriminately instead of in a targeted manner.

3    And even if this fell under a 14th Amendment analysis, I would

4    find the use of force shocks the conscience.

5           While the defendants argue that the use of less-lethal

6    force here was a de-escalation technique to reduce the risk of

7    harm to officers and the public, plaintiffs have marshalled

8    ample evidence that agents instead intended to cause protesters

9    harm.

10          The next factor I need to consider is irreparable harm

11   and inadequate remedy at law.

12          Having found that plaintiffs have shown a likelihood

13   of success on their claims, I next consider whether they've

14   demonstrated irreparable harm and whether they have an

15   inadequate remedy at law as to each of their claims.

16          The loss of First Amendment freedoms, even for minimal

17   periods of time, unquestionably constitutes an irreparable

18   injury.  Accordingly, under Seventh Circuit law, irreparable

19   harm is presumed in First Amendment cases.  And although the

20   claim is statutory, RFRA protects First Amendment exercise --

21   I'm sorry -- RFRA protects First Amendment free-exercise

22   rights, so courts apply First Amendment irreparable harm

23   analysis to RFRA claims.

24          Moreover, quantifying a First Amendment injury is

25   difficult and damages are therefore not an adequate remedy.

1   Because I conclude that defendants' conduct likely violates the

2   First Amendment and RFRA, plaintiffs have established that they

3   will suffer irreparable harm and that they have an inadequate

4   remedy at law if I deny the motion for preliminary injunction.

5          A Fourth Amendment violation stemming from an illegal

6   search or seizure does not presumptively cause irreparable harm

7   or suggest an inadequate remedy at law because it's a

8   constitutional tort analogous to a personal injury claim where

9   money damages will be awarded.

10         An inadequate remedy at law does not mean wholly

11  ineffectual, however.  Although the remedy must be seriously

12  deficient as compared to the harm suffered, here, plaintiffs

13  have shown irreparable harm because of the ongoing nature of

14  the alleged violation of their Fourth Amendment rights, with

15  money damages insufficient to compensate them for the

16  repetitive constitutional violations.

17         And I acknowledge that some limited legal remedies

18  exist under the federal torts -- Federal Tort Claims Act, and

19  *Bivens* case law, for at least some Fourth Amendment violations.

20  But given the limited nature of these legal remedies, I do not

21  find that their existence precludes injunctive relief.

22         The next factor is -- the next two factors are the

23  balance of harms and the public interest.

24         I weigh the harms the denial of the preliminary

25  injunction would cause the plaintiffs against the harm to the

1   defendants if I were to grant it.  This balancing process

2   involves a sliding scale approach:  The more likely the

3   plaintiff is to win on the merits, the less the balance of

4   harms needs to weigh in their favor, and vice versa.  When the

5   government is a party, the balance of equities and the public

6   interest factors merge.

7           The government argues that the public has an interest

8   in ensuring public safety and order and preventing attacks on

9   federal property and personnel.  While they do have such an

10  interest, the public also as an interest in its citizens'

11  bodily integrity, the right to peaceful protest, the right to

12  assemble, the right to a peaceful free exercise of religion.

13          Moreover, the public has a strong interest in having a

14  government that conducts itself fairly and according to its own

15  stated regulations and policies.

16          With respect to the First Amendment and RFRA, once a

17  moving party establishes a likelihood of success on the merits

18  in First Amendment cases, the balance of harms normally favors

19  granting preliminary injunctive relief because injunctives --

20  injunctions protecting First Amendment freedoms are always in

21  the public interest.

22          And just as with irreparable harm, the same analysis

23  applies to plaintiffs' RFRA claim.  Because defendants' conduct

24  likely violates the First Amendment, the balance of equities on

25  these two claims weighs in favor of a preliminary injunction.

1          It is difficult to conceive how an injunction

2     requiring the government to comply with the Constitution could

3     possibly be harmful.  The balance of equities favors the

4     plaintiffs, because without a preliminary injunction, they will

5     be subject to defendants' ongoing violations of their Fourth

6     Amendment right to be free from excessive force.  And the

7     public interest is served when courts uphold constitutional

8     rights.

9          The government does argue that the Fourth Amendment

10    decisions are too fact-sensitive for injunctive relief.  And

11    while I acknowledge that there are fact-specific situations

12    where the government, as here, is indiscriminately using force

13    untethered to any specific threat that they are perceiving and

14    failing to conduct any individualized assessment on the

15    appropriate use of forth -- force that is tethered to the facts

16    facing the agents on the ground, an injunction requiring the

17    government to make these individualized assessments that they

18    are required to undertake under the Constitution is not a harm

19    to the government.

20         To put it another way, requiring the government to

21    comply with its obligations under the Constitution, and in

22    particular the Fourth Amendment, is simply not a harm.

23         So finally turning to the scope of relief.

24         Defendants argue that plaintiffs -- that I should deny

25    plaintiffs' motion because I lack jurisdiction to enjoin the

1  Department of Homeland Security's immigration enforcement

2  operations.  Specifically, defendants point to

3  Section 1252(f)(1) of the Immigration and Nationality Act,

4  which provides that regardless of the nature of the action or

5  the claim or of the identity of the party or parties bringing

6  the action, no court, other than the Supreme Court, shall have

7  jurisdiction or authority to enjoin or restrain the operations

8  of Sections 1221 through Sections 1232, as amended by the

9  Illegal Immigration Reform and Immigrant Responsibility Act of

10  1996, other than with respect to the application of such

11  provisions to an individual alien against whom proceedings

12  under such part have been initiated.

13        The Supreme Court has explained that this provision

14  generally prohibits lower courts from entering injunctions that

15  order federal officials to take or refrain from taking actions

16  to enforce, implement, or otherwise carry out the specified

17  statutory provisions.  However, this provision does not

18  categorically insulate immigration enforcement from judicial

19  class-wide injunctions.

20        To trigger Section 1252(f)(1)'s bar, a class-wide

21  injunction must directly enjoin or restrain the operation of a

22  specified statutory provision.  A class-wide injunction which

23  only collaterally impacts the operation of the specified

24  statutory provision will not implicate Section 1252(f)(1).

25        Here, plaintiffs seek to enjoin defendants from

violating class members' First and Fourth Amendment rights and require defendants to have visible identification affixed to their uniforms and conspicuously displayed.  The only connection between this relief and Section 1252(f)(1)'s specified statutory provisions is that the class members allege that their First and Fourth Amendment rights are being violated while they're observing, recording, and/or protesting the Department of Homeland Security's immigration enforcement operations.

Thus, to the extent that the requested injunctive relief would have any impact on the operation of the specified statutory provisions, I find that such an effect would be entirely collateral in nature and therefore is not barred by Section 1252(f)(1).

Defendants additionally argue that plaintiffs are improperly requesting a universal injunction seeking relief on behalf of nonparties.  In June of 2025, the Supreme Court clarified that federal courts cannot issue universal injunctions; in other words, injunctions that prohibit enforcement of a law or policy against anyone.

Pursuant to *CASA*, then, the Court must ensure that it does not issue an injunction broader than necessary to provide complete relief to each plaintiff with standing to sue.  But this does not mean that the Court's injunction cannot incidentally benefit a nonparty.

1  Here, in awarding complete relief to plaintiffs, the

2  injunction will necessarily incidentally benefit other

3  protesters, journalists, and religious figures present at

4  protests.

5  Plaintiffs contend that defendants have

6  indiscriminately used force against them, even though they have

7  not engaged in any violent or noncompliant actions.  Given the

8  scale of the protests, defendants likely cannot determine who

9  among the protesters is a plaintiff in this case.

10  Moreover, plaintiffs could not be assured that the

11  injunction has any force if defendants could engage in the

12  crowd control tactics addressed in the injunction with respect

13  to other protesters, journalists, or religious figures present

14  near them, given the fact that these crowd control tactics are

15  designed to have an impact beyond just one individual.

16  For this reason, the injunction does not violate

17  *CASA*'s prohibition on universal injunctions, because the

18  effects on nonparties are incidental to the need to provide

19  complete relief to the named plaintiffs.

20  Only plaintiffs can enforce the preliminary

21  injunction's terms.

22  And the relief that the Court is ordering, enjoining

23  all chilling of First Amendment rights, is in line with other

24  well-accepted jurisdictional and remedial principles with

25  respect to First Amendment claims.

44

1          First Amendment challenges, if successful, justify an

2   expansive remedy, suspending all enforcement of the challenged

3   practice, to protect an uninhibited marketplace of ideas, and

4   reduce the social costs caused by the withholding of protected

5   speech.

6          Finally, defendants raise a concern about the Court

7   micromanaging law enforcement and the internal operations of

8   law enforcement with a preliminary injunction.  Defendants

9   emphasize that the Court cannot intrude into personnel

10  management decisions of the Executive Branch.  But I'm doing no

11  such thing with this injunction.  I'm not telling defendants

12  how to staff its operations.  I'm not telling defendants whom

13  to hire.

14         And more importantly, both Mr. Hewson and Mr. Bovino

15  stated that they were already following the terms of the

16  temporary restraining order.  They stated that, in fact, it

17  wasn't a change from how they were operating previously.

18  Therefore, any implementation of a preliminary injunction is

19  not going to change how ICE or CBP operates.  It is not

20  micromanaging.  It is simply in accordance with how they say

21  they are conducting their activities.

22         Rule 65(c) provides that a court may issue a

23  preliminary injunction or a temporary restraining order only if

24  the movant gives security in an amount that the Court considers

25  proper to pay the costs and damages sustained by any party

1    found to have been wrongfully enjoined or restrained.

2            However, the case law has somewhat weakened the force

3    of the no or- -- "no order shall issue" language in Rule 65(c).

4            Under appropriate circumstances, a court may excuse

5    bond, notwithstanding the literal language of Rule 65(c), and

6    district courts retain the discretion to determine if a bond

7    must be posted despite that mandatory language.

8            Seventh Circuit case law identifies two scenarios in

9    which a district court may forgo requiring a bond.  First, a

10   court may not require a bond if the enjoined party does not

11   demonstrate it will incur any damages from the injunction;

12   second, a court may forgo a bond when a bond that would give

13   the opposing party absolute security against incurring any loss

14   from the injunction would exceed the applicant's ability to

15   pay, and the district court balances, often implicitly, the

16   relative cost to the opponent of a smaller bond against the

17   cost to the applicant of having to do without a preliminary

18   injunction that he may need desperately.

19           Both scenarios support waiving the bond requirement

20   here.

21           First, I do not find that the training costs that

22   defendants identified to be significant, particularly because a

23   preliminary injunction essentially directs agents and officers

24   to follow the training they've already received on crowd

25   control, as well as what the Constitution demands of them.

1       More importantly, when a court implicitly balances the

2   cost of injunctive relief against the harm to speech if an

3   injunction is denied, free speech prevails.

4       That is the case here, and therefore I will not

5   require plaintiffs to post a bond.

6       As to whether I would stay this order pending appeal,

7   in deciding whether to issue a stay pending appeal, I consider

8   whether the stay applicant has made a strong showing that

9   they're likely to succeed on the merits, whether the applicant

10  will be irreparably injured absent a stay, whether issuance of

11  the stay will substantially injure the other parties interested

12  in the proceeding, and where the public interest lies.

13      The party requesting a stay bears the burden of

14  showing that the circumstances justify an exercise of that

15  discretion.

16      I don't find it appropriate to stay a preliminary

17  injunction pending appeal.  Defendants have not made a strong

18  showing that they're likely to succeed on the merits of their

19  claim, and I fail to see any irreparable injury to defendants

20  if I allow the preliminary injunction to go forward.

21      Defendants have been operating under the rules of the

22  temporary restraining order for the last 28 days.  Instead,

23  staying the injunction pending appeal would substantially

24  injure the plaintiffs and the public who deserve to have their

25  fundamental constitutional rights respected.

1    There are people that have made comments about these

2  rights at issue here, and I just simply want to end with their

3  words.  You may recognize some of them.

4    A Constitution of Government once changed from

5  Freedom, can never be restored.  Liberty once lost is lost

6  forever.  When the People once surrender their share of the

7  Legislature, and their Right of defending the Limitations upon

8  the Government, and of resisting every Encroachment upon them,

9  they can never regain it.  That's what John Adams said to his

10  wife, Abigail, in 1775.

11    For if Men are to be precluded from offering their

12  sentiments on a matter, which may involve the most serious and

13  alarming consequences, that can invite the consideration of

14  Mankind; reason is of no use to us - the freedom of speech may

15  be taken away - and, dumb and silent we may be led, like sheep,

16  to the Slaughter.  That was George Washington in 1783 in the

17  Newburgh address.

18    Freedom of speech is a principal pillar of a free

19  government.  When this support is taken away, the Constitution

20  of a free society is dissolved and tyranny is erected on its

21  ruins.  Republics and limited monarchies divide -- derive their

22  strength and vigor from a popular examination into the actions

23  of the magistrates.  Benjamin Franklin wrote that in the

24  Pennsylvania Gazette.

25    Of that freedom of thought and speech, one may say

1   that it is the matrix, the indispens- -- indispensable

2   condition, of nearly every other form of freedom.  That was

3   from Justice Cardozo in 1969.  Oh, sorry, actually, 1937.

4         In 1799, Thomas Jefferson wrote:  I am for freedom of

5   the press, and against all violations of the Constitution to

6   silence by force and not by reason the complaints or

7   criticisms, the just or unjust, of our citizens against the

8   conduct of their agents.

9         He also noted that:  The only security of all is in a

10  free press.

11        And finally he said:  Our liberty depends on the

12  freedom of the press, and that cannot be limited without being

13  lost.

14        And finally, James Monroe, when he was addressing the

15  Virginia General Assembly in 1785 said:  We hold it for a

16  fundamental and an inane -- sorry -- inalienable truth, that

17  Religion and the manner of discharging it, can be directed only

18  by reason and conviction, not by force and violence.  The

19  Religion then of every man must be left to the conviction and

20  conscience of every man; and it is the right of every man to

21  exercise it as these may dictate.

22        So I will now read into the record the preliminary

23  injunction order that I will also enter in writing.

24        It's hereby ordered that defendants, their officers,

25  agents, assigns, and all persons acting in concert with them

(hereafter referred to as "federal agents"), are enjoined in this judicial district from:

Interactions with journalists:  Dispersing, arresting, threatening to arrest, threatening or using physical force against any person whom they know or reasonably should know is a journalist, unless federal agents have probable cause to believe that the individual has committed a crime unrelated to failing to obey a dispersal order lawfully issued to nonjournalists.  Federal agents may order a journalist to change location to avoid disrupting law enforcement, as long as the journalist has an objectively reasonable amount of time to comply and an objectively reasonable opportunity to report and observe;

Dispersal of others:  Issuing a crowd dispersal order, meaning a lawful command given by an authorized federal agent for all persons to leave the designated area, that requires any class member to leave a public place that they lawfully have a right to be, unless dispersal is justified by exigent circumstances such that immediate action is objectively necessary in order to preserve life or prevent catastrophic outcomes as defined by the Department of Homeland Security use of force policy, updated February 6, 2023, Section XII.E;

Using riot control weapons, including kinetic impact projectiles, compressed air launchers, oleoresin capsicum spray, CS gas, CN gas, or other chemical irritants, 40 mm

1    munition launchers, less-lethal shotguns, less-lethal specialty

2    impact chemical munitions, controlled noise and light

3    distraction devices, electronic control weapons, on any class

4    member, unless such force is objectively necessary to stop the

5    person from causing an immediate threat of physical harm to

6    another person;

7            Using riot control weapons, including those that I

8    just described, at identified targets if it is reasonably

9    foreseeable that doing so could result in injury to any class

10   member, unless such force is objectively necessary to stop the

11   person from causing an immediate threat of physical harm to

12   another person;

13           Deploying CS or CN gas canisters, OC spray, or other

14   chemical irritants into a group of people or in residential or

15   commercial areas in a manner that poses a reasonably

16   foreseeable risk of injuring any class member who is not

17   causing an immediate threat of physical harm to another person;

18           Deploying CS or CN gas canisters, controlled noise and

19   light distraction devices, or less-lethal specialty impact and

20   chemical munitions so as to strike any class member, unless

21   such force is objectively necessary to stop an immediate threat

22   of the person causing serious bodily injury or death to another

23   person;

24           Deploying CS or CN gas canisters, controlled noise and

25   light distraction devices, or less-lethal specialty impact and

1    chemical munitions above the head of any class member, unless

2    such force is objectively necessary to stop an immediate threat

3    of the person causing serious bodily injury or death to another

4    person;

5              Firing compressed air launchers, or munition

6    launchers, or KIPs so as to strike the head, neck, groin,

7    spine, or female breast of any class member, unless such force

8    is objectively necessary to stop an immediate threat of the

9    person causing serious bodily injury or death to another

10   person;

11             Striking any class member with a vehicle, unless such

12   force is objectively necessary to stop an immediate threat of

13   the person causing serious bodily injury or death to another

14   person;

15             Using hands-on physical force such as pulling or

16   shoving to the ground, tackling, or body slamming any class

17   member who is not causing an immediate threat of physical harm

18   to others, unless objectively necessary and proportional to

19   effectuate an apprehension and arrest;

20             Using choke holds, carotid restraints, neck

21   restraints, or any other restraint technique that applies

22   prolonged pressure to the neck that may restrict blood flow or

23   air passage against any class member, unless such force is

24   objectively necessary to stop an immediate threat of the person

25   causing serious bodily injury or death to another person;

1    Using any riot control weapon, including those listed

2  in the order, against any class member, without first giving at

3  least two separate warnings at a sound level where the targeted

4  individuals can reasonably hear it, unless justified by exigent

5  circumstances when immediate action is necessary in order to

6  preserve life or prevent catastrophic outcomes, as defined by

7  the Department of Homeland Security use of force policy,

8  updated February 6, 2023, Section XII.E.  Such warnings shall

9  explain that federal agents may employ riot control weapons or

10 force, give the targeted individuals reasonable time to avoid

11 the use of force, and provide a reasonable opportunity to

12 comply;

13    Seizing or arresting any class member who is not

14 resisting a lawful and authorized crowd dispersal order, as

15 defined earlier, unless there is specific probable cause to

16 believe that the person has committed a crime for which a

17 custodial arrest is warranted and for which federal -- the

18 federal agent has lawful authority to make the arrest;

19    And, finally, defendants shall not be liable for

20 violating this injunction if any class member is incidentally

21 exposed to riot control devices after such device was deployed

22 in a manner that complies with the injunction;

23    To facilitate defendants' identification of

24 journalists protected under this order, the following are

25 examples of indicia of being a journalist: visual

1    identification as a member of the press, such as by displaying

2    a professional press badge, pass, or credentials; wearing

3    distinctive clothing or patches that identify the wearer as a

4    member of the press; or carrying professional gear such as

5    professional photographic or videography equipment.  Other

6    indicia of being a journalist under this order include that the

7    person is standing off to the side of a protest, not engaging

8    in chanting, sign holding, or shouting slogans, and is instead

9    documenting protest activities, although these are not

10   requirements.  These indicia are illustrative, and a person

11   need not exhibit every indicium to be considered a journalist

12   under the order.  Defendants shall not be liable for incidental

13   violations of the order if defendants establish that the

14   affected individual lacked any of the illustrative indicia of a

15   journalist described in the provision.

16          It's further ordered that all federal agents,

17   excepting those who do not wear a uniform or other

18   distinguishing clothing or equipment in the regular performance

19   of their official duties or are engaged in undercover

20   operations in the regular performance of their official duties,

21   must have visible identification of a unique, personally

22   assigned, and recognizable alphanumeric identifier sequence

23   affixed to their uniforms and conspicuously displayed in two

24   separate places.  The same unique and personally assigned

25   identifier sequence must remain conspicuously displayed in two

1   separate places despite changes to a federal agent's uniform or

2   tactical gear.

3          It's further ordered that all federal agents,

4   excepting those who do not wear a uniform or other

5   distinguishing clothing or equipment in the regular performance

6   of their official duties or are engaged in undercover

7   operations in the regular performance of their official duties,

8   that are, have been, or will be equipped and trained with

9   body-worn cameras shall activate them when engaged in

10  enforcement activity unless expressly exempted by CBP, ICE, or

11  DHS policy.

12         The definitions of "body-worn cameras" shall be

13  defined in DHS Policy Statement 045-07 Section VII and CBP

14  Directive 4320-020B Section 6.2:

15         Audio, video, or digital recording equipment combined

16  into a single unit and typically worn on clothing or otherwise

17  secured to a person; for example, affixed to the outside of the

18  carrier or tactical vest facing forward.

19         For the purposes of this order, definition of

20  "enforcement activity" shall be as defined in ICE Directive

21  19010.3 Section (3.6)(8), and CBP Directive 4320-020B

22  Section 6.4.  Such activities include, but are not limited to:

23         Protecting federal government facilities;

24         Responding to public disturbances;

25         Interacting with members of the public while

1    conducting Title 8 enforcement activities in the field; and

2            When responding to emergencies.

3            Enforcement activities where body-worn cameras are not

4    required to be worn or activated for the purposes of this order

5    are:

6            Where agents are conducting undercover activity or

7    confidential informants will or may be present;

8            Information-gathering surveillance activities where

9    and when an enforcement activity is not planned;

10           Onboard commercial flights;

11           Controlled deliveries; and

12           Custodial interviews conducted inside jails, prisons,

13   detention centers, or DHS owned or leased facilities.

14           This provision requiring body-worn cameras shall not

15   apply to federal agents operating at any port of entry into the

16   United States, including, but not limited to, Chicago O'Hare

17   International Airport and Chicago Midway International Airport.

18            Federal agents shall not be liable for violating this

19   provision for failure to record due to equipment failure beyond

20   the control of federal agents, or in the event that cloud

21   storage for storing recordings made by body-worn cameras should

22   become unavailable, through no fault of federal agents, either

23   due to the lapse in appropriations, or license or contract

24   expiration.

25           It's further ordered that defendants widely

1    disseminate the notice of this order.  Specifically, defendants

2    are ordered to provide copies of this order, in either

3    electronic or paper form, no later than 10:00 p.m. Central Time

4    on November 6, 2025, to all others described below:

5            All law enforcement personnel, officers, and agents of

6    the federal agents currently or subsequently deployed in the

7    Northern District of Illinois, including, but not limited to,

8    all personnel operating within this district who are part of

9    Operation Midway Blitz or any equivalent operation by a

10   different name; and

11           All employees, officers, and agents of federal agents

12   with supervisory or management authority over any law

13   enforcement officers or agents currently or subsequently

14   deployed in the Northern District of Illinois, up the chain of

15   command to and including the Secretary of Homeland Security and

16   other named defendants.

17           It's further ordered that defendant shall issue

18   guidance to officers and agents to implement this order.

19   Defendants shall file with the Court such guidance and any

20   directives, policies, or regulations implementing the guidance

21   within five business days of issuance of the order, with a

22   continuing obligation to immediately file with the Court any

23   subsequent changes or revisions to that guidance or

24   implementing directives, policies, or regulations through the

25   period of the order.

1    It is further ordered that in the event plaintiffs

2  seek relief for an alleged violation of this order, plaintiffs

3  should make a good faith attempt to meet and confer with

4  defendants for at least 24 hours before filing a request for

5  relief and defendants must respond to the motion for relief as

6  ordered by the Court.

7    It's further ordered that in the interest of justice,

8  I order plaintiffs to provide zero dollars in security.  And I

9  rule that any other requirements under Rule 65(c) of the

10  Federal Rules of Civil Procedure are satisfied.

11    The parties shall meet and confer and provide a joint

12  status report within seven days setting forth proposals for

13  ensuring that federal agents present in the Northern District

14  of Illinois while this action is pending remain informed of the

15  limitations imposed by this order.

16    I am ordering this preliminary injunction at 11:48,

17  Central Time, on the 6th day of November, and it shall remain

18  in effect pending further proceedings before this Court.

19    All right.  The last is the class certification

20  motion.

21    I am going to grant the plaintiffs' motion for class

22  certification.  I do find that I have broad discretion in

23  determining whether to certify a proposed class.  The parties

24  seeking certification bears the burden of demonstrating that a

25  certification is proper by a preponderance of the evidence.

1        And I will issue a written order later today.

2        However, I do find that plaintiffs have met by a

3  preponderance of the evidence the requirements under Rule 23

4  for numerosity, commonality, typicality, and adequacy of

5  representation.

6        I also find under Rule 23(b)(2) that a class should be

7  certified and find defendants' argument unavailing that I

8  should deny plaintiffs' motion because 8, United States Code,

9  Section 1252(f)(1) bars the requested class-wide relief.

10        So the class that I will be certifying -- that I am

11  certifying and will explain further in writing later today is

12  all persons who are or will in the future nonviolently

13  demonstrate, protest, observe, document, or record at

14  Department of Homeland Security Immigration Enforcement and

15  Removal Operations in the Northern District of Illinois.

16        I am certifying a religious exercise subclass, which

17  consists of all persons who are or will in the future engage in

18  religious expression in the form of prayer, procession, song,

19  preaching, or proselytizing at Department of Homeland Security

20  Immigration Enforcement and Removal Operations in the Northern

21  District of Illinois.

22        And I am also certifying a press subclass defined as

23  all persons who are or will in the future engage in

24  newsgathering or reporting at Department of Homeland Security

25  Immigration Enforcement and Removal Operations in the Northern

1    District of Illinois.

2           All right.  There was just a couple of things we need

3    to just tie up.

4           One is directed to the government, which is I had

5    previously ordered Defendant Bovino to have a body camera and

6    use it by last Friday.

7           Do you know whether that's been done?

8           MR. WARDEN:  It's my understanding I believe, yes,

9    that's correct.  We can file a certification on the docket if

10   that would be helpful.

11          THE COURT:  Okay.  That would be.  Thank you.

12          All right.  Then we should set another status date to

13   just take up about the proposals for ensuring that everybody

14   knows of the preliminary injunction order and its terms.

15          So how about next Thursday afternoon?

16          MR. ART:  Good for the plaintiffs, Your Honor.

17          THE COURT:  Mr. Warden?

18          MR. WARDEN:  Thursday afternoon, yes.

19          THE COURT:  Okay.

20          MR. WARDEN:  Excuse me.  The purpose of that

21   conference is just to --

22          THE COURT:  Ensure that everybody knows --

23          MR. WARDEN:  Okay.

24          THE COURT:  -- that the -- it's been disseminated.

25          So why don't we say 3:00 next Thursday.

1    MR. ART:  Very good, Judge.

2    THE COURT:  Does that work for you, Mr. Warden?

3    MR. WARDEN:  I believe so.  Would it be possible for

4  government counsel to appear virtually at that since we're in

5  Washington, D.C. --

6    THE COURT:  Sure.

7    MR. WARDEN:  -- if that's going to be a brief status?

8    THE COURT:  Yep.  That's fine.

9    MR. WARDEN:  Thank you.

10    THE COURT:  All right.  I think that kind of takes up

11  all of my stuff.

12    I know we had talked yesterday about going through and

13  figuring out how to determine what needs to stay under seal and

14  what doesn't.  I think, if it's okay with the parties, that,

15  Mr. Warden, you can kind of take a look at everything that has

16  been submitted under seal.  And then when we come back next

17  Thursday, you can let me know beyond then how much longer you

18  think you would need to do any sort of review.

19    MR. WARDEN:  Yes, that sounds appropriate.

20    THE COURT:  Does that work, Mr. Art?

21    MR. ART:  It works for the plaintiffs.

22    I believe counsel for the intervenors is --

23    MS. DACY:  Excuse me, Your Honor.  Julia Dacy for the

24  media intervenors.

25    So that should work for us if we can attend that

1    status as well, and then we'll address the government's needs

2    for any more time.

3              THE COURT:  Okay.  That sounds great.

4              All right.  And then the only last thing were these

5    violations hanging out that I -- if plaintiffs want to move

6    forward on those, you know, you can file something, and then

7    we'd set a briefing schedule at the next status.

8              Does that make sense?

9              MR. ART:  Yes.  We intend to file something.  We will

10   hopefully do that before the next status, and then we can brief

11   it then.

12             THE COURT:  Okay.  All right.

13             Anything else left outstanding?

14             MR. ART:  On -- on behalf of us and our clients and

15   all of the counsel, thank you so much for the Court's time and

16   to the Court's staff for the tremendous expenditure of time in

17   the past few weeks.  We appreciate it.  We appreciate you

18   protecting this community.  And we appreciate you upholding the

19   constitutional rights of our clients.

20             Thank you, Judge.

21             MR. WARDEN:  We appreciate the Court's time.  Thank

22   you very much, Your Honor.

23             THE COURT:  All right.  And since you did bring that

24   up, Mr. Art, I just want to publicly acknowledge the five

25   people on my staff, who have been absolutely outstanding over

1    the last month.  This case has taxed us unbelievably and never

2    once did I hear a peep of a complaint, any even saying that

3    they were tired.  And we were here late last night and back

4    again early this morning.  I think we all felt like we were

5    back in big firm life.  And not to mention that they aren't

6    being paid.  And they are truly public servants.  I am so proud

7    to work with them and call them my colleagues.

8            So just wanted to say that on the record.

9            All right.  We'll see everybody --

10           MR. ART:  Thank you.

11           THE COURT:  -- next week.

12           Thanks.

13       (Concluded at 11:58 a.m.)

14

15

16                    *   *   *   *   *

17       I certify that the foregoing is a correct transcript

18   from the record of proceedings in the above-entitled matter.

19   */s/ KELLY M. FITZGERALD*                    *November 6, 2025*
     KELLY M. FITZGERALD, RPR, RMR, CRR
20   Official Court Reporter

21

22

23

24

25

APPEAL,APPENTENG,PROTO

# United States District Court
## Northern District of Illinois - CM/ECF NextGen 1.8 (rev. 1.8.4) (Chicago)
## CIVIL DOCKET FOR CASE #: 1:25-cv-12173
## Internal Use Only

Chicago Headline Club et al v. Noem et al
Assigned to: Honorable Sara L. Ellis
Cause: 28:1331 Federal Question: Other Civil Rights

Date Filed: 10/06/2025
Jury Demand: Plaintiff
Nature of Suit: 440 Civil Rights: Other
Jurisdiction: Federal Question

### Plaintiff

**Chicago Headline Club**          represented by  **Jonathan I. Loevy**
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
(312)243-5900
Fax: Active
Email: jon@loevy.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
Loevy & Loevy
311 N. Aberdeen St., 3rd Floor
Chicago, IL 60607
(312) 361-8576
Fax: Not a member
Email: aaron@loevy.com
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
Loevy & Loevy
311 N. Aberdeen
311 N. Aberdeen
Chicago, IL 60515
(312) 243-5900
Fax: Not a member
Email: wolfson@loevy.com
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
Loevy & Loevy
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: Not a member
Email: alyssa@loevy.com
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
Protect Democracy
3014 Dauphine St
New Orleans, LA 70117
202-909-7272
Fax: Not a member
Email:
conor.gaffney@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
Mandel Legal Aid Clinic
6020 South University Avenue
Chicago, IL 60637
(312) 702-9611
Fax: Active
Email: futterman@uchicago.edu
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
336 575 6968
Fax: Active
Email: daniel@first-defense.org
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
Loevy & Loevy Attorneys At Law
311 N. Aberdeen St.
3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: Not a member
Email: david@loevy.com
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
Loevy & Loevy
311 N Aberdeen St
Ste 3rd Floor
Chicago, IL 60607
312-243-5900
Email: gilbert@loevy.com
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
Loevy & Loevy
2060 Broadway
Suite 460
Boulder, CO 80302
720-328-5642

Fax: Active
Email: elizabethw@loevy.com
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
First Defense Legal Aid
601 S. California Ave.
Chicago, IL 60612
919-943-3734
Fax: Active
Email: hannah@first-defense.org
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
Protect Democracy Project
2020 Pennsylvania Ave. NW
Ste 163
Washington, DC 20006
202-870-3210
Fax: Not a member
Email:
hayden.johnson@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
Loevy & Loevy
311 N. Aberdeen St.
3rd FL
Chicago, IL 60607
312 243 5900
Fax: Active
Email: heather@loevy.com
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
Roger Baldwin Foundation of ACLU, Inc.
150 North Michigan Avenue
Ste 600
Chicago, IL 60601
312-201-9740
Email: hjoshi@aclu-il.org
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
Loevy & Loevy
311 North Aberdeen St.
Chicago, IL 60607
(312) 736-0186
Fax: Not a member
Email: green@loevy.com
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
Loevy & Loevy

311 N. Aberdeen
3rd Fl
Chicago, IL 60607
(312) 243-5900
Fax: Not a member
Email: poole@loevy.com
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
Loevy & Loevy
311 N. Aberdeen, 3rd FL
Chicago, IL 60607
312-243-5900
Fax: Active
Email: julia@loevy.com
*ATTORNEY TO BE NOTICED*

**Justin Hill**
Loevy & Loevy Attorneys At Law
311 N Aberdeen Street
Chicago, IL 60607
(312) 243-5900
Fax: Not a member
Email: hill@loevy.com
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
Protect Democracy
3015 Magazine Street
New Orleans, LA 70118
202-573-4382
Fax: Not a member
Email:
katie.schwartzmann@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Avenue
Ste 600
Chicago, IL 60601
312-201-9740
Fax: Active
Email: kfee@aclu-il.org
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
Loevy & Loevy
311 N. Aberdeen St.
Ste 3
Chicago, IL 60611
312-243-5900
Fax: 312-243-5902
Email: lindsay@loevy.com

*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
Loevy & Loevy
311 N. Aberdeen
3rd FL
Chicago, IL 60607
312-243-5900
Fax: Active
Email: locke@loevy.com
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
Loevy & Loevy
311 N. Aberdeen
Third Floor
Chicago, IL 60607
312-243-5900
Fax: Active
Email: matt@loevy.com
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
Roger Baldwin Foundation
150 North Michigan Ave.
Ste 600
Chicago, IL 60601
734-255-6958
Email: pmenon@aclu-il.org
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
Roger Baldwin Foundation of ACLU, Inc.
150 N. Michigan Ave.
Ste. 600
Chicago, IL 60601
(312) 201-9740
Fax: Active
Email: rglenberg@aclu-il.org
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
Loevy and Loevy
311 N. Aberdeen Street
3rd Floor
Chicago, IL 60607
312-243-5900
Fax: Active
Email: scott@loevy.com
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
Protect Democracy
2020 Pennsylvania Ave. NW

Washington, DC 20006-1811
850-860-9344
Fax: Not a member
Email:
shalini.agarwal@protectdemocracy.org
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
Loevy & Loevy
311 N Aberdeen Street
3rd Floor, Ste E
Chicago, IL 60607
312-243-5900
Fax: 312-243-5902
Email: tara@loevy.com
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
Loevy & Loevy
311 North Aberdeen
3rd Floor
Chicago, IL 60607
(312) 243-5900
Fax: Active
Email: tess@loevy.com
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
Northwestern Pritzker School of Law -
Community Justice and
375 E. Chicago Ave.
Ste 8th Floor
Chicago, IL 60611
312-503-2224
Email: wally.hilke@law.northwestern.edu
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
Loevy & Loevy
311 N. Aberdeen St.
3rd Floor
Chicago, IL 60607
312 243 5900
Fax: Not a member
Email: steve@loevy.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Block Club Chicago**               represented by   **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Chicago Newspaper Guild Local 34071**    represented by    **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**NABET-CWA Local 54041**              represented by **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Illinois Press Association**                    represented by  **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Charles Thrush**                    represented by **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Raven Geary**                    represented by   **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Stephen Held**                    represented by    **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**

(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**David Black**                   represented by **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**William Paulson**                    represented by **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Autumn Reidy-Hamer**                    represented by    **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**

(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Leigh Kunkel**                    represented by **Jonathan I. Loevy**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Aaron Michael Tucek**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alexandra Wolfson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Conor Gaffney**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Craig Benson Futterman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Daniel Massoglia**
(See above for address)
*ATTORNEY TO BE NOTICED*

**David Benjamin Owens**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Dominique Anne Gilbert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth C. Wang**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hannah Corinne Marion**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hayden Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Heather Lewis Donnell**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Hirsh M Joshi**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Isaac M Green**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jordan Poole**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Therese Rickert**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Justin Hill**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Katharine Schwartzmann**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kevin M. Fee , Jr**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Lindsay Hagy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew Vincent Topic**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Priyanka Menon**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Rebecca Kim Glenberg**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Scott R. Rauscher**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Tara Thompson**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Theresa H. Kleinhaus**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Wallace Bertram Hilke**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Steven Edwards Art**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Reverend Dr. Beth Johnson**                represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**David Beale**                represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Rudy Villa**                represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>**Plaintiff**</u>

**Jennifer Crespo**                represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Rev. Abby Holcombe                    represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

Father Brendan Curran                 represented by    **Alyssa Martinez**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Shalini Goel Agarwal**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Locke E. Bowman , III**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Kristi Noem**                       represented by    **Andrew Irwin Warden**
*Secretary, U.S. Department of Homeland*                U.S. Department of Justice
*Security (DHS)*                                        1100 L Street, NW
Washington, DC 20901
(202) 616-5084
Fax: US Govt Attorney
Email: andrew.warden@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
United States Department of Justice-- Civil
Division, Federa
1100 L St NW
Washington, DC 20005
(202) 353-4537
Fax: US Govt Attorney

Email: christopher.m.lynch@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
DOJ-Civ
950 Pennsylvania Ave NW
Washington, DC 20530
771-209-1978
Fax: Not a member
Email: elizabeth.t.hedges@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
U.S. Department of Justice, Civil Division,
Federal Programs
Civil Division, Federal Programs Branch
1100 L Street NW
Washington, DC 20005
202-532-3114
Fax: Not a member
Email: jeremy.s.newman@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
DOJ-Civ
Civil Division, Federal Programs Branch
1100 L Street NW
Ste 11516
Washington, DC 20005
202-598-0912
Fax: Not a member
Email: peter.r.goldstone@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
DOJ-Civ
1100 L Street NW
Washington, DC 20005
202-674-9761
Email: samuel.holt2@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
DOJ-Civ
Civil Division
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington DC, DC 20530
202-353-0261
Fax: Not a member
Email: sarmad.khojasteh@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**

DOJ-Civ
950 Pennsylvania Ave NW
Washington, DC 20530
202-860-9960
Fax: Not a member
Email: sean.skedzielewski@usdoj.gov
*ATTORNEY TO BE NOTICED*

**Defendant**

**Todd Lyons**                                    represented by    **Andrew Irwin Warden**
*Acting Director, U.S. Immigration and*                           (See above for address)
*Customs Enforcement (ICE)*                                       *ATTORNEY TO BE NOTICED*

                                                                  **Christopher Marisak Lynch**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Elizabeth Themins Hedges**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Jeremy Samuel Bloch Newman**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Peter Roni Goldstone**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Samuel Holt**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Sarmad M Khojasteh**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Sean Skedzielewski**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Defendant**

**Marcos Charles**                                represented by    **Andrew Irwin Warden**
*Acting Executive Associate Director,*                            (See above for address)
*Enforcement and Removal Operations, ICE*                         *ATTORNEY TO BE NOTICED*

                                                                  **Christopher Marisak Lynch**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

                                                                  **Elizabeth Themins Hedges**
                                                                  (See above for address)
                                                                  *ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Russell Hott**
*Chicago Field Office Director, ICE*

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Rodney Scott**
*Commissioner, U.S. Customs and Border Protection (CBP)*

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Gregory Bovino**
*Chief Border Patrol Agent, CBP*

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Daniel Driscoll**                    represented by    **Andrew Irwin Warden**
*, Director of the Bureau of Alcohol,*                   (See above for address)
*Tobacco, Firearms and Explosives (ATF)*                 *ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**William K. Marshall III**            represented by    **Andrew Irwin Warden**
*Director of the Federal Bureau of Prisons*              (See above for address)
*(BOP)*                                                  *ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**

(See above of address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Pamela Bondi**                    represented by    **Andrew Irwin Warden**
*Attorney General of the United States*              (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Christopher Marisak Lynch**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Elizabeth Themins Hedges**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Jeremy Samuel Bloch Newman**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Peter Roni Goldstone**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Samuel Holt**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Sarmad M Khojasteh**
                                                     (See above for address)
                                                     *ATTORNEY TO BE NOTICED*

                                                     **Sean Skedzielewski**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S Department of Homeland Security**          represented by          **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**U.S. Department of Justice**          represented by          **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified Federal Officer Defendants**     represented by     **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Unidentified Federal Agency Defendants**     represented by     **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**

(See above of address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Donald J. Trump**
*President of the United States*

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Samuel Holt**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)

*ATTORNEY TO BE NOTICED*

**Sean Skedzielewski**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Sam Olson Chicago Field Office Director, ICE**　　　　represented by　**Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Shawn Byers Chicago Deputy Field Office Director**　　　　represented by　**Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kyle Harvick Deputy Incident Commander, CBP**    represented by    **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Kash Patel Director of the Federal Bureau of Investigation (FBI)**    represented by    **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Faron Paramore** Director of the Federal
Protective Service (FPS)

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**Stephen Miller** White House Deputy
Chief of Staff

represented by **Andrew Irwin Warden**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Christopher Marisak Lynch**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Elizabeth Themins Hedges**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jeremy Samuel Bloch Newman**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Peter Roni Goldstone**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Sarmad M Khojasteh**
(See above for address)
*ATTORNEY TO BE NOTICED*

**svc**

**Service List**

represented by **AUSA - Chicago**
United States Attorney's Office (NDIL -
Chicago)
219 South Dearborn Street

Chicago, IL 60604
Fax: US Govt Attorney
Email: USAILN.ECFAUSA@usdoj.gov
*ATTORNEY TO BE NOTICED*

V.

**Amicus**

**City of Chicago**　　　　　　　　　　represented by　**Chelsey Blaire Metcalf**
City Of Chicago Law Department
121 N. Lasalle St.
Suite 600
Chicago, IL 60602
(312) 744-9484
Fax: Active
Email: chelsey.metcalf@cityofchicago.org
*ATTORNEY TO BE NOTICED*

V.

**Intervenor**

**Chicago Public Media, Inc.**　　　　represented by　**Steven P. Mandell**
Mandell P.C.
1 N. Franklin Street
Suite 900
Chicago, IL 60606
312-251-1001
Email: smandell@mandellpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian D. Saucier**
Mandell P.C.
1 N. Franklin St.
Suite 900
Chicago, IL 60606
312-801-6482
Email: bsaucier@mandellpc.com
*ATTORNEY TO BE NOTICED*

**Julia Dacy**
Mandell PC
1 N. Franklin St.
Ste 900
Chicago, IL 60606
847-347-6676
Email: jdacy@mandellpc.com
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Chicago Sun-Times Media, Inc.**　　represented by　**Steven P. Mandell**
(See above for address)
*LEAD ATTORNEY*

*ATTORNEY TO BE NOTICED*

**Brian D. Saucier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Dacy**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Intervenor**

**Chicago Tribune Company, LLC**          represented by **Steven P. Mandell**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Brian D. Saucier**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Julia Dacy**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/06/2025 | 1 | COMPLAINT filed by Autumn Reidy-Hamer, Raven Geary, Block Club Chicago, Chicago Headline Club, Raven Geary, Chicago Newspaper Guild Local 34071, David Black, Leigh Kunkel, Stephen Held, NABET-CWA Local 54041, William Paulson, Illinois Press Association; Filing fee $ 405, receipt number AILNDC-24160520. (Attachments: # 1 Civil Cover Sheet Civil Cover Sheet)(Art, Steven) (Entered: 10/06/2025) |
| 10/06/2025 | 2 | CIVIL Cover Sheet (Art, Steven) (Entered: 10/06/2025) |
| 10/06/2025 | 3 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Locke E. Bowman, III (Bowman, Locke) (Entered: 10/06/2025) |
| 10/06/2025 | 4 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Jonathan I. Loevy (Loevy, Jonathan) (Entered: 10/06/2025) |
| 10/06/2025 | 5 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Elizabeth C. Wang (Wang, Elizabeth) (Entered: 10/06/2025) |
| 10/06/2025 | 6 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven |

| | | |
|---|---|---|
| | | Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Wallace Bertram Hilke (Hilke, Wallace) (Entered: 10/06/2025) |
| 10/06/2025 | 7 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Craig Benson Futterman (Futterman, Craig) (Entered: 10/06/2025) |
| 10/06/2025 | 8 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Hannah Corinne Marion (Marion, Hannah) (Entered: 10/06/2025) |
| 10/06/2025 | 9 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Theresa H. Kleinhaus (Kleinhaus, Theresa) (Entered: 10/06/2025) |
| 10/06/2025 | 10 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Daniel Massoglia (Massoglia, Daniel) (Entered: 10/06/2025) |
| 10/06/2025 | 11 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by David Benjamin Owens (Owens, David) (Entered: 10/06/2025) |
| 10/06/2025 | 12 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Jordan Poole (Poole, Jordan) (Entered: 10/06/2025) |
| 10/06/2025 | 13 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Isaac M Green (Green, Isaac) (Entered: 10/06/2025) |
| 10/06/2025 | 14 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Heather Lewis Donnell (Donnell, Heather) (Entered: 10/06/2025) |
| 10/06/2025 | 15 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Lindsay Hagy (Hagy, Lindsay) (Entered: 10/06/2025) |

| 10/06/2025 | | 16 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Aaron Michael Tucek (Tucek, Aaron) (Entered: 10/06/2025) |
|---|---|---|---|
| 10/06/2025 | | 17 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Justin Hill (Hill, Justin) (Entered: 10/06/2025) |
| 10/06/2025 | | 18 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Alexandra Wolfson (Wolfson, Alexandra) (Entered: 10/06/2025) |
| 10/06/2025 | | 19 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Dominique Anne Gilbert (Gilbert, Dominique) (Entered: 10/06/2025) |
| 10/06/2025 | | 20 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Matthew Vincent Topic (Topic, Matthew) (Entered: 10/06/2025) |
| 10/06/2025 | | 21 | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer for temporary restraining order *EMERGENCY* (Wang, Elizabeth) (Entered: 10/06/2025) |
| 10/06/2025 | | | CASE ASSIGNED to the Honorable Sara L. Ellis. Designated as Magistrate Judge the Honorable Jeannice W. Appenteng. Case assignment: Random assignment. (Civil Category 2). (khg, ) (Entered: 10/06/2025) |
| 10/06/2025 | | | CLERK'S NOTICE: Pursuant to Local Rule 73.1(b), a United States Magistrate Judge of this court is available to conduct all proceedings in this civil action. If all parties consent to have the currently assigned United States Magistrate Judge conduct all proceedings in this case, including trial, the entry of final judgment, and all post-trial proceedings, all parties must sign their names on the attached Consent To form. This consent form is eligible for filing only if executed by all parties. The parties can also express their consent to jurisdiction by a magistrate judge in any joint filing, including the Joint Initial Status Report or proposed Case Management Order. (khg, ) (Entered: 10/06/2025) |
| 10/06/2025 | | 22 | Plaintiffs' Exhibit List to Emergency Motion for Temporary Restraining Order by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, |

| | | |
|---|---|---|
| | | Raven Geary, Autumn Reidy-Hamer (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17, # 18 Exhibit 18, # 19 Exhibit 19, # 20 Exhibit 20, # 21 Exhibit 21, # 22 Exhibit 22, # 23 Exhibit 23, # 24 Exhibit 24, # 25 Exhibit 25, # 26 Exhibit 26, # 27 Exhibit 27, # 28 Exhibit 28, # 29 Exhibit 29, # 30 Exhibit 30, # 31 Exhibit 31, # 32 Exhibit 32, # 33 Exhibit 33, # 34 Exhibit 34, # 35 Exhibit 35, # 36 Exhibit 36, # 37 Exhibit 37, # 38 Exhibit 38, # 39 Exhibit 39, # 40 Exhibit 40, # 41 Exhibit 41, # 42 Exhibit 42, # 43 Exhibit 43, # 44 Exhibit 44, # 45 Exhibit 45)(Wang, Elizabeth) (Entered: 10/06/2025) |
| 10/06/2025 | 23 | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer for leave to file excess pages<br><br>(Art, Steven) (Entered: 10/06/2025) |
| 10/06/2025 | 24 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Kevin M. Fee, Jr (Fee, Kevin) (Entered: 10/06/2025) |
| 10/06/2025 | 25 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Rebecca Kim Glenberg (Glenberg, Rebecca) (Entered: 10/06/2025) |
| 10/06/2025 | 26 | MINUTE entry before the Honorable Sara L. Ellis: In Court hearing regarding emergency motion for temporary restraining order 21 is set for 10/6/2025 at 2:30 PM. The parties are required to appear in person in courtroom 1403. Emailed notice (rj, ) (Entered: 10/06/2025) |
| 10/06/2025 | 27 | Proposed Temporary Restraining Order by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer (Wang, Elizabeth) (Entered: 10/06/2025) |
| 10/06/2025 | 28 | DECLARATION of Elizabeth Wang *per Federal Rule of Civil Procedure 65(b)(1)(B)* (Wang, Elizabeth) (Entered: 10/06/2025) |
| 10/06/2025 | 29 | MOTION for Leave to Appear Pro Hac Vice on behalf of David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Katharine Schwartzmann; Filing fee $ 150, receipt number AILNDC-24163392.<br><br>(Schwartzmann, Katharine) (Entered: 10/06/2025) |
| 10/06/2025 | 30 | MOTION for Leave to Appear Pro Hac Vice on behalf of David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, |

| | | |
|---|---|---|
| | | NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Conor Gaffney; Filing fee $ 150, receipt number AILNDC-24163453.<br><br>(Gaffney, Conor) (Entered: 10/06/2025) |
| 10/06/2025 | 31 | MOTION for Leave to Appear Pro Hac Vice on behalf of David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Hamer by Hayden Johnson; Filing fee $ 150, receipt number AILNDC-24163521.<br><br>(Johnson, Hayden) (Entered: 10/06/2025) |
| 10/06/2025 | 32 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants by Sean Skedzielewski (Skedzielewski, Sean) (Entered: 10/06/2025) |
| 10/06/2025 | 33 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/6/2025 regarding emergency motion for a temporary restraining order, 21 and continued to 10/8/2025 at 2:00 PM. Plaintiffs to appear in person, and the Defendants to appear remotely. Emailed notice (rj, ) (Entered: 10/07/2025) |
| 10/08/2025 | 🔒 34 | TRANSCRIPT OF PROCEEDINGS held on October 6, 2025 before the Honorable Sara L. Ellis. Order Number: 53181. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 10/29/2025. Redacted Transcript Deadline set for 11/10/2025. Release of Transcript Restriction set for 1/6/2026. (Fitzgerald, Kelly) (Entered: 10/08/2025) |
| 10/08/2025 | 35 | RESPONSE by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendantsin Opposition to MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Raven Geary, Autumn Reidy-Ham 21 (Attachments: # 1 Exhibit, # 2 Exhibit, # 3 Exhibit, # 4 Exhibit, # 5 Exhibit, # 6 Exhibit, # 7 Exhibit, # 8 Exhibit, # 9 Exhibit, # 10 Exhibit, # 11 Exhibit, # 12 Exhibit)(Skedzielewski, Sean) (Entered: 10/08/2025) |

| 10/08/2025 | | 36 | PLAINTIFFS NOTICE OF AMENDED PROPOSED TEMPORARY RESTRAINING ORDER by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Service List, Charles Thrush (Attachments: # 1 Exhibit A, # 2 Exhibit B)(Art, Steven) (Entered: 10/08/2025) |
|---|---|---|---|
| 10/08/2025 | | 37 | NOTICE PURSUANT TO RULE 41(a)(1)(A(i) OF DISMISSAL OF THE ILLINOIS PRESS ASSOCIATION by Illinois Press Association (Art, Steven) (Entered: 10/08/2025) |
| 10/08/2025 | | 39 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/8/2025 regarding emergency motion for a temporary restraining order, 21 and continued to 10/9/2025 at 10:30 AM. Plaintiffs to appear in person, and the Defendants to appear remotely. Emailed notice (rj, ) (Entered: 10/09/2025) |
| 10/09/2025 | | 38 | PLAINTIFFS SUPPLEMENTAL MEMORANDUM BRIEF IN SUPPORT OF AMENDED PROPOSED TEMPORARY RESTRAINING ORDER by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush (Attachments: # 1 Exhibit Ex. 1)(Wang, Elizabeth) (Entered: 10/09/2025) |
| 10/09/2025 | | 40 | SUPPLEMENT to response in opposition to motion,,, 35 *CBP Directive re: Incident Driven Video Recording Systems* (Skedzielewski, Sean) (Entered: 10/09/2025) |
| 10/09/2025 | | 41 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/9/2025. Emergency motion for temporary restraining order 21 is granted. Plaintiffs' motion for excess pages 23 is granted. Motions for leave to appear pro hac vice 29 , 30 , and 31 are granted. In Court hearing set for 10/23/2025 at 9:00 AM CST. Enter Temporary Restraining Order. [For further details, see separate order]. Emailed notice (rj, ) (Entered: 10/09/2025) |
| 10/09/2025 | | 42 | TEMPORARY Restraining Order. Signed by the Honorable Sara L. Ellis on 10/9/2025:Emailed notice(rj, ) (Entered: 10/09/2025) |
| 10/09/2025 | | 43 | ORDER. The Court grants Plaintiffs' emergency motion for temporary restraining order ("TRO") 21 . The Court has set forth the terms of the TRO in a separate document. The Court sets a preliminary injunction hearing for October 23, 2025 at 9 a.m. See Statement. Signed by the Honorable Sara L. Ellis on 10/9/2025. Emailed notice(rj, ) (Entered: 10/09/2025) |
| 10/10/2025 | 🔒 | 44 | TRANSCRIPT OF PROCEEDINGS held on October 8, 2025 before the Honorable Sara L. Ellis. Order Number: 53214. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. |

| | | | |
|---|---|---|---|
| | | | Redaction Request due 10/31/2025. Redacted Transcript Deadline set for 11/10/2025. Release of Transcript Restriction set for 1/8/2026. (Fitzgerald, Kelly) (Entered: 10/10/2025) |
| 10/14/2025 | 🔒 | 45 | TRANSCRIPT OF PROCEEDINGS held on October 9, 2025 before the Honorable Sara L. Ellis. Order Number: 53219. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626. IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings. Redaction Request due 11/4/2025. Redacted Transcript Deadline set for 11/14/2025. Release of Transcript Restriction set for 1/12/2026. (Fitzgerald, Kelly) (Entered: 10/14/2025) |
| 10/15/2025 | | 46 | MINUTE entry before the Honorable Sara L. Ellis: In Court hearing set for 10/16/2025 at 8:30 AM. Plaintiffs to appear in person, and the Defendants to appear remotely (video). Emailed notice (rj, ) (Entered: 10/15/2025) |
| 10/15/2025 | | 47 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Scott R. Rauscher (Rauscher, Scott) (Entered: 10/15/2025) |
| 10/15/2025 | | 48 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants by Samuel Holt (Holt, Samuel) (Entered: 10/15/2025) |
| 10/15/2025 | | 49 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Hirsh M Joshi (Joshi, Hirsh) (Entered: 10/15/2025) |
| 10/15/2025 | | 50 | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush for discovery *(expedited)* (Owens, David) (Entered: 10/15/2025) |
| 10/16/2025 | | 51 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held. The Court modifies the Temporary Restraining Order and orders the parties to meet and confer regarding the modification as to use of body cameras. The parties must submit their proposed modified order to Judge Ellis' proposed order email. The Court sets a hearing for 10/20/2025 at 10:30 a.m. The Court orders Field Director Russell Holt to appear. The Court strikes the preliminary injunction hearing set for 10/23/2025 and resets it to 11/5/2025 at 9:00 AM. |

| | | | |
|---|---|---|---|
| | | | The Court sets the following briefing schedule on Plaintiffs' motion for preliminary injunction: Plaintiffs' motion is due by 10/21/2025; Defendants' response is due by 10/31/2025, and Plaintiffs' reply is due by 11/3/2025. The Court denies Plaintiffs' motion for expedited discovery as moot 50 as stated on the record. Plaintiffs should file their revised motion for expedited discovery by 10/16/2025 and Defendants' response is due by 10/17/2025. Plaintiffs should file any amended complaint and motion for class certification by 10/21/2025. Defendants' response to Plaintiffs' class certification motion is due by 10/31/2025 and Plaintiffs' reply is due by 11/3/2025. There will not be remote access for the hearing scheduled for October 20, 2025, pursuant to Judicial Conference policy, because the Court anticipates live testimony. The courtroom will be open to the public, and an overflow courtroom will be available for additional seating. Emailed notice (rj, ) (Entered: 10/16/2025) |
| 10/16/2025 | 🔒 | 52 | TRANSCRIPT OF PROCEEDINGS held on October 16, 2025 before the Honorable Sara L. Ellis. Order Number: 53522. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/6/2025. Redacted Transcript Deadline set for 11/17/2025. Release of Transcript Restriction set for 1/14/2026. (Fitzgerald, Kelly) (Entered: 10/16/2025) |
| 10/16/2025 | | 53 | STATUS Report *JOINT STATUS REPORT OF ALL PARTIES* by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants<br><br>(Attachments: # 1 Exhibit FPS TRO Guidance, # 2 Exhibit ICE TRO Guidance, # 3 Exhibit CBP Email Distribution, # 4 Exhibit CBP TRO Guidance, # 5 Exhibit DOJ Email Distribution)(Skedzielewski, Sean) (Entered: 10/16/2025) |
| 10/16/2025 | | 54 | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush for discovery *(expedited)*<br><br>(Attachments: # 1 Exhibit Requests for Production)(Owens, David) (Entered: 10/16/2025) |
| 10/17/2025 | | 55 | MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants for reconsideration regarding order on motion for discovery,,,,,,, in court hearing,,,,,,, set |

| | | | |
|---|---|---|---|
| | | | deadlines/hearings,,,,,, 51 EMERGENCY Motion to Modify Procedure For Hearing on October 20, 2025 <br><br> (Attachments: # 1 Text of Proposed Order)(Skedzielewski, Sean) (Entered: 10/17/2025) |
| 10/17/2025 | | 56 | MINUTE entry before the Honorable Sara L. Ellis: The Court sets a telephone conference for 10/17/2025 at 12:30 PM regarding the emergency motion to modify procedure for hearing on Oct. 20, 2025 55 . Attorneys/Parties should appear for the hearing by calling the Toll-Free Number: (650) 479-3207, Access Code: 2314 361 1508. Throughout the telephonic hearing, each speaker will be expected to identify themselves for the record before speaking. Please note that the conference call-in will be used by all cases that are on the court's calendar for the said date, therefore counsel must be in a quiet area while on the line and must have the telephone muted until your case is called. Members of the public and media will be able to call in to listen to this hearing (use toll-free number). Please be sure to keep your phone on mute when you are not speaking. Persons granted remote access to proceedings are reminded of the general prohibition against photographing, recording, and rebroadcasting court proceedings. Violation of these prohibitions may result in sanctions, including removal of court-issued media credentials, restricted entry to future hearings, denial of entry to future hearings, or any other sanctions deemed necessary by the Court. Emailed notice (rj, ) (Entered: 10/17/2025) |
| 10/17/2025 | 57 | | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, svc Service List to enforce TRO <br><br> (Attachments: # 1 Exhibit Ex. 1)(Kleinhaus, Theresa) (Entered: 10/17/2025) |
| 10/17/2025 | | 58 | Plaintiff's NOTICE of Motion by Theresa H. Kleinhaus for presentment of motion to enforce, 57 before Honorable Sara L. Ellis on 10/2/2025 at 10:30 AM. (Kleinhaus, Theresa) (Entered: 10/17/2025) |
| 10/17/2025 | | 59 | RESPONSE by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrushin Opposition to MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidenti 55 (Owens, David) (Entered: 10/17/2025) |
| 10/17/2025 | | 60 | PLAINTIFF'S PROPOSED MODIFICATION OF THE COURT'S TEMPORARY RESTRAINING ORDER by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush (Art, Steven) (Entered: 10/17/2025) |
| 10/17/2025 | | 61 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Tara Thompson (Thompson, Tara) (Entered: 10/17/2025) |

| 10/17/2025 | | 62 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Julia Therese Rickert (Rickert, Julia) (Entered: 10/17/2025) |
|---|---|---|---|
| 10/17/2025 | | 63 | DEFENDANTS PROPOSED MODIFICATION OF THE COURT'S TEMPORARY RESTRAINING ORDER by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants (Skedzielewski, Sean) (Entered: 10/17/2025) |
| 10/17/2025 | | 64 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Tara Thompson - *corrected* (Thompson, Tara) (Entered: 10/17/2025) |
| 10/17/2025 | | 65 | MINUTE entry before the Honorable Sara L. Ellis: Telephone conference held on 10/17/2025. The Court grants Defendants' emergency motion to modify procedure for hearing on Oct. 20, 2025 55 as stated on the record. Enter Modified Temporary Restraining Order. [For further details, see separate order.] Emailed notice (rj, ) (Entered: 10/17/2025) |
| 10/17/2025 | | 66 | Modified Temporary Restraining Order. Signed by the Honorable Sara L. Ellis on 10/17/2025:Emailed notice(rj, ) (Entered: 10/17/2025) |
| 10/17/2025 | | 67 | Plaintiffs' Proposed Questions for Defendants' Witnesses at October 20th Hearing by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush (Donnell, Heather) (Entered: 10/17/2025) |
| 10/17/2025 | | 68 | RESPONSE by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendantsin Opposition to MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Illinois Press Association, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Th 54 (Holt, Samuel) (Entered: 10/17/2025) |
| 10/18/2025 | | 69 | NOTICE by All Defendants *of Witnesses for the October 20, 2025 Hearing* (Holt, Samuel) (Entered: 10/18/2025) |
| 10/19/2025 | | 70 | Notice of Distribution of Modified Temporary Restraining Order by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants (Attachments: # 1 Exhibit CBP Email Distribution, # 2 Exhibit ICE Email Distribution, # 3 Exhibit DOJ Email Distribution)(Skedzielewski, Sean) (Entered: 10/19/2025) |

| 10/20/2025 | | 71 | REPLY by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush to motion for discovery, 54 , response in opposition to motion,, 68 (Owens, David) (Entered: 10/20/2025) |
| --- | --- | --- | --- |
| 10/20/2025 | | 72 | ATTORNEY Appearance for Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush by Priyanka Menon (Menon, Priyanka) (Entered: 10/20/2025) |
| 10/20/2025 | | 85 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/20/2025. The Court grants in part and denies in part Plaintiffs' motion for expedited discovery 54 as stated on the record. The Court enters and continues Plaintiffs' motion to enforce the Court's temporary restraining order 57 to 11/5/25 at 9 a.m. Emailed notice (rj, ) (Entered: 10/22/2025) |
| 10/21/2025 | | 73 | Plaintiffs' Supplemental Exhibit List by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush (Attachments: # 1 Exhibit 46, # 2 Exhibit 47, # 3 Exhibit 48, # 4 Exhibit 49, # 5 Exhibit 50, # 6 Exhibit 51, # 7 Exhibit 52, # 8 Exhibit 53, # 9 Exhibit 54, # 10 Exhibit 55, # 11 Exhibit 56, # 12 Exhibit 57, # 13 Exhibit 58, # 14 Exhibit 59, # 15 Exhibit 60, # 16 Exhibit 61, # 17 Exhibit 62, # 18 Exhibit 63, # 19 Exhibit 64, # 20 Exhibit 65, # 21 Exhibit 66, # 22 Exhibit 67, # 23 Exhibit 68, # 24 Exhibit 69, # 25 Exhibit 70, # 26 Exhibit 71, # 27 Exhibit 72, # 28 Exhibit 73, # 29 Exhibit 74, # 30 Exhibit 75, # 31 Exhibit 76)(Owens, David) (Entered: 10/21/2025) |
| 10/21/2025 | | 74 | Second Notice of Distribution of Modified Temporary Restraining Order by Pamela Bondi, Gregory Bovino, Marcos Charles, Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants (Attachments: # 1 Exhibit FPS Email Distribution)(Skedzielewski, Sean) (Entered: 10/21/2025) |
| 10/21/2025 | 🔒 | 75 | TRANSCRIPT OF PROCEEDINGS held on October 20, 2025 before the Honorable Sara L. Ellis. Order Number: 53552. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/11/2025. Redacted Transcript Deadline set for 11/21/2025. Release of Transcript Restriction set for 1/19/2026. (Fitzgerald, Kelly) (Entered: 10/21/2025) |
| 10/21/2025 | 🔒 | 76 | SEALED TRANSCRIPT OF PROCEEDINGS held on October 20, 2025 before the Honorable Sara L. Ellis. Court Reporter Contact Information: Kelly |

| | | | |
|---|---|---|---|
| | | | M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626. (Fitzgerald, Kelly) (Entered: 10/21/2025) |
| 10/21/2025 | | 77 | Plaintiffs' Second Supplemental Exhibit List by David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush (Attachments: # 1 Exhibit 77, # 2 Exhibit 78, # 3 Exhibit 79, # 4 Exhibit 80)(Owens, David) (Entered: 10/21/2025) |
| 10/21/2025 | | 78 | MOTION by Plaintiffs David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Raven Geary, Stephen Held, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush for leave to file excess pages *,Unopposed* (Rauscher, Scott) (Entered: 10/21/2025) |
| 10/21/2025 | | 79 | DECLARATION of Lindsay Hagy (Hagy, Lindsay) (Entered: 10/21/2025) |
| 10/21/2025 | | 80 | AMENDED complaint by Raven Geary, Block Club Chicago, Chicago Headline Club, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Chicago Newspaper Guild Local 34071, David Black, Leigh Kunkel, Stephen Held, NABET-CWA Local 54041, Reverend Dr. Beth Johnson, David Beale, Rudy Villa, Jennifer Crespo, Rev. Abby Holcombe, Father Brendan Curran against All Defendants (Bowman, Locke) (Entered: 10/21/2025) |
| 10/21/2025 | | 81 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to certify class (Rauscher, Scott) (Entered: 10/21/2025) |
| 10/22/2025 | | 82 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa for preliminary injunction (Owens, David) (Entered: 10/22/2025) |
| 10/22/2025 | | 83 | NOTICE of Motion by Steven Edwards Art for presentment of motion to certify class, 81 , motion for preliminary injunction, 82 before Honorable Sara L. Ellis on 11/4/2025 at 09:45 AM. (Art, Steven) (Entered: 10/22/2025) |
| 10/22/2025 | | 84 | Supplemental Filign - Exs to Dkt. 81 by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit Ex. 2, # 2 Exhibit Ex. 3, # 3 Exhibit Ex. 4, # 4 Exhibit Ex. 5)(Rauscher, Scott) (Entered: 10/22/2025) |
| 10/22/2025 | | 86 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer |

| | | |
|---|---|---|
| | | Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa for preliminary injunction *CORRECTED TOA* <br><br> (Owens, David) (Entered: 10/22/2025) |
| 10/23/2025 | 87 | MINUTE entry before the Honorable Sara L. Ellis: The Court modifies the order on expedited discovery <u>85</u> as follows: the Court expands the time for the depositions of Gregory Bovino to 5 hours, Daniel Parra to 3 hours, and Russell Hott to 3 hours. The Court orders the parties to include the use of force incidents by CBP in the neighborhood of Little Village on 10/22/2025 and 10/23/2025 when the Court will address Plaintiffs' motion to enforce the TRO <u>57</u> on 11/5/2025 during the preliminary injunction hearing. The Court reminds Defendants of their obligation to preserve all body-worn camera footage of any use of force incident resulting from Operation Midway Blitz from 9/2/2025 through the resolution of this case. Emailed notice (rj, ) (Entered: 10/23/2025) |
| 10/23/2025 | 88 | PLAINTFFS NOTICE OF ALLEGED VIOLATION by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/23/2025) |
| 10/23/2025 | 89 | CORRECTED Notice of Alleged Violation [Dkt. 88] by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *LINK CORRECTED* (Art, Steven) (Entered: 10/23/2025) |
| 10/23/2025 | 90 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *NOTICE OF VIOLATION OF TRO* (Attachments: # <u>1</u> Exhibit 81)(Kleinhaus, Theresa) (Entered: 10/23/2025) |
| 10/24/2025 | 91 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Peter Roni Goldstone (Goldstone, Peter) (Entered: 10/24/2025) |
| 10/24/2025 | 92 | ORDER. The Court sets a status hearing for 10/28/2025 at 10:00 AM. The Court orders Defendants to produce Defendant Gregory Bovino, in person, for |

| | | | |
|---|---|---|---|
| | | | this hearing. Signed by the Honorable Sara L. Ellis on 10/24/2025. Emailed notice(rj, ) (Entered: 10/24/2025) |
| 10/25/2025 | | 93 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Christopher Marisak Lynch (Lynch, Christopher) (Entered: 10/25/2025) |
| 10/26/2025 | | 94 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *OF VIOLATIONS OF THE COURTS TEMPORARY RESTRAINING ORDER* (Attachments: # 1 Exhibit 82, # 2 Exhibit 83, # 3 Exhibit 84, # 4 Exhibit 85) (Art, Steven) (Entered: 10/26/2025) |
| 10/26/2025 | ⊷ | 95 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa for protective order<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Art, Steven) (Entered: 10/26/2025) |
| 10/26/2025 | | 96 | MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff for protective order *and in opposition to Plaintiffs' Motion for Protective Order at ECF No. 95*<br><br>(Attachments: # 1 Exhibit Email from Plainitffs' Cousnel, # 2 Text of Proposed Order Protective Order, # 3 Text of Proposed Order Clawback Order) (Skedzielewski, Sean) (Entered: 10/26/2025) |
| 10/27/2025 | 🔒 🔒 | 97 | SUMMONS Submitted (Court Participant) for defendant(s) Pamela Bondi by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William |

| | | | |
|---|---|---|---|
| | | | Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 98 | SUMMONS Submitted (Court Participant) for defendant(s) Gregory Bovino by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 99 | SUMMONS Submitted (Court Participant) for defendant(s) Shawn Byers by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | | 100 | CLAWBACK ORDER AND FEDERAL RULE OF EVIDENCE 502(d) ORDER Signed by the Honorable Sara L. Ellis on 10/27/2025. Mailed notice (gel,) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 101 | SUMMONS Submitted (Court Participant) for defendant(s) Marcos Charles by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 102 | SUMMONS Submitted (Court Participant) for defendant(s) U.S Department of Homeland Security by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 103 | SUMMONS Submitted (Court Participant) for defendant(s) Daniel Driscoll by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 104 | SUMMONS Submitted (Court Participant) for defendant(s) Kyle Harvick by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 105 | SUMMONS Submitted (Court Participant) for defendant(s) Rusell Hott by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline |

| | | | |
|---|---|---|---|
| | 🔒 🔒 | | Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 106 | SUMMONS Submitted (Court Participant) for defendant(s) Todd Lyons by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 107 | SUMMONS Submitted (Court Participant) for defendant(s) William K, Marshall III by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 108 | SUMMONS Submitted (Court Participant) for defendant(s) Stephen Miller by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 109 | SUMMONS Submitted (Court Participant) for defendant(s) Kristi Noem by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 110 | SUMMONS Submitted (Court Participant) for defendant(s) Sam Olson by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 111 | SUMMONS Submitted (Court Participant) for defendant(s) Faron Paramore by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 112 | SUMMONS Submitted (Court Participant) for defendant(s) Kash Patel by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father |

| | | | |
|---|---|---|---|
| | | | Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 113 | SUMMONS Submitted (Court Participant) for defendant(s) Rodney S. Scott by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 114 | SUMMONS Submitted (Court Participant) for defendant(s) Donald J. Trump by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 115 | SUMMONS Submitted (Court Participant) for defendant(s) U.S. Department of Justice by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | | 116 | MINUTE entry before the Honorable Sara L. Ellis: The Court grants Defendants' motion for a protective order 96 and denies, without prejudice, Plaintiffs' motion for a protective order 95 . The Court enters Defendants' proposed protective order and clawback order that covers solely the expedited discovery (written discovery, document production, and depositions) disclosed by the parties in preparation for the preliminary injunction hearing set for 11/5/2025. The Court will allow the parties to confer and further negotiate a protective order to govern discovery during the remainder of this litigation. Mailed notice (gel,) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 | | SUMMONS - ERROR UNPROCESSED due to Wrong form used. Please use correct form here: https://www.ilnd.uscourts.gov/_assets/_documents/_forms/_online/ao440e.pdf (gmc, ) (Entered: 10/27/2025) |
| 10/27/2025 | | 117 | CONFIDENTIALITY ORDER Signed by the Honorable Sara L. Ellis on 10/27/2025. Mailed notice (gel,) (Entered: 10/27/2025) |
| 10/27/2025 | | 118 | Notice of Temporary Restraining Order Violation by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit 86, # 2 Exhibit 87, # 3 Exhibit 88)(Kleinhaus, Theresa) (Entered: 10/27/2025) |
| 10/27/2025 | | 119 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam |

| | | | |
|---|---|---|---|
| | 🔒 🔒 | | Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Elizabeth Themins Hedges (Hedges, Elizabeth) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 120 | SUMMONS Submitted (Court Participant) for defendant(s) Pamela Bondi by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 121 | SUMMONS Submitted (Court Participant) for defendant(s) Gregory Bovino by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 122 | SUMMONS Submitted (Court Participant) for defendant(s) Shawn Byers by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 123 | SUMMONS Submitted (Court Participant) for defendant(s) Marcos Charles by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 124 | SUMMONS Submitted (Court Participant) for defendant(s) Department of Homeland Security by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 125 | SUMMONS Submitted (Court Participant) for defendant(s) Daniel Driscoll by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William |

| | | | |
|---|---|---|---|
| | 🔒 🔒 | | Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 126 | SUMMONS Submitted (Court Participant) for defendant(s) Kyle Harvick by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 127 | SUMMONS Submitted (Court Participant) for defendant(s) Russell Hott by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 128 | SUMMONS Submitted (Court Participant) for defendant(s) Todd Lyons by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 129 | SUMMONS Submitted (Court Participant) for defendant(s) William K. Marshall III by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 130 | SUMMONS Submitted (Court Participant) for defendant(s) Stephen Miller by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 131 | SUMMONS Submitted (Court Participant) for defendant(s) Kristi Noem by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 132 | SUMMONS Submitted (Court Participant) for defendant(s) Sam Olson by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William |

| | | | |
|---|---|---|---|
| | | | Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 133 | SUMMONS Submitted (Court Participant) for defendant(s) Faron Paramore by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 134 | SUMMONS Submitted (Court Participant) for defendant(s) Kash Patel by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 135 | SUMMONS Submitted (Court Participant) for defendant(s) Rodney S. Scott by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 136 | SUMMONS Submitted (Court Participant) for defendant(s) Donald J. Trump by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 🔒 | 137 | SUMMONS Submitted (Court Participant) for defendant(s) U.S Department of Justice by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | | 138 | MINUTE entry before the Honorable Sara L. Ellis: There will not be remote access for the hearing scheduled for October 28, 2025, pursuant to Judicial Conference policy, because the Court anticipates live testimony. The courtroom will be open to the public, and an overflow courtroom will be available for additional seating. Emailed notice (rj, ) (Entered: 10/27/2025) |
| 10/27/2025 | 🔒 | 139 | SUMMONS Issued (Court Participant) as to Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Stephen Miller White House Deputy |

| | | | |
|---|---|---|---|
| | | | Chief of Staff (Attachments: # 1 Summons, # 2 Summons, # 3 Summons, # 4 Summons, # 5 Summons, # 6 Summons, # 7 Summons, # 8 Summons, # 9 Summons, # 10 Summons, # 11 Summons, # 12 Summons, # 13 Summons, # 14 Summons, # 15 Summons, # 16 Summons, # 17 Summons)(gmc, ) (Entered: 10/27/2025) |
| 10/27/2025 | | 140 | Plaintiffs Notice of Violations of the Courts Temporary Restraining Order by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit EX.89, # 2 Exhibit EX. 94)(Art, Steven) (Entered: 10/27/2025) |
| 10/27/2025 | | 141 | ATTORNEY Appearance for Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa by Alyssa Martinez (Martinez, Alyssa) (Entered: 10/27/2025) |
| 10/27/2025 | | 142 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to amend/correct temporary restraining order 66<br><br>(Art, Steven) (Entered: 10/27/2025) |
| 10/28/2025 | | 143 | SUPPLEMENTAL FILING IN SUPPORT OF NOTICE OF ALLEGED VIOLATION by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit A)(Art, Steven) (Entered: 10/28/2025) |
| 10/28/2025 | | 144 | TRANSCRIPT OF PROCEEDINGS held on October 28, 2025 before the Honorable Sara L. Ellis. Order Number: 53642. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/18/2025. Redacted Transcript Deadline set for 11/28/2025. Release of Transcript Restriction set for 1/26/2026. (Fitzgerald, Kelly) (Entered: 10/28/2025) |
| 10/28/2025 | | 145 | SEALED ORDER. Signed by the Honorable Sara L. Ellis on 10/28/2025 (td, ) (Entered: 10/28/2025) |

| 10/28/2025 | 146 | MINUTE entry before the Honorable Sara L. Ellis: Court hearing held. The Court enters and continues Plaintiffs' motion to modify the TRO 142 to the date of the preliminary injunction hearing on 11/5/2025. The Court orders Defendants to have all Federal Agents operating in Operation Midway Blitz to place an identifier conspicuously on their uniform where one can easily view it and the Agent's equipment does not obscure it. Custom and Border Protection will strive to ensure that all CBP agents working in Operation Midway Blitz have body-worn cameras. Additionally, Defendant Bovino has agreed to have a body-worn camera assigned to him by 10/31/2025 and have completed BWC training. The Court orders Defendants to provide to the Court, under seal, all CBP use of force reports relating to Operation Midway Blitz from 9/2/2025 through 10/25/2025, by COB 10/31/2025. The Court further orders Defendants to provide to the Court, under seal, all BWC video corresponding to the use of force reports from 9/2/2025 through 10/25/2025 filed with the Court by COB 10/31/2025. The Court orders Defendants to provide to the Court, under seal, all additional CBP use of force reports and corresponding BWC video within 24 hours of finalization of the CBP reports. The Court orders Defendant Bovino to appear in court, in person, week days at 5:45 PM (modifying the Court's oral order during the hearing to account for the security needs of the Dirksen Courthouse) in courtroom 1403 to report on the use of force activities for each day. Finally, the Court orders Defendants to provide to the Court, under seal, by COB 10/31/2025 a chart containing the names, dates of arrest or detention, charges or citations, and resolution of the arrest or detention (e.g., released with charging, charged with misdemeanor, charged with felony, given summons, or given citation) for all individuals detained or arrested by CBP from 9/2/2025 through 10/29/2025 that is not directly related to an immigration enforcement violation, such as a failure to appear for an immigration appointment or an outstanding order of removal. The Court denies Defendants' oral motion to stay this order. The Court denies Defendants' oral motion to stay Defendant Bovino's deposition. Emailed notice (rj, ) (Entered: 10/28/2025) |
| 10/28/2025 | 147 | SUMMONS Returned Executed by Raven Geary, Block Club Chicago, Chicago Headline Club, Father Brendan Curran, David Beale, Rev. Abby Holcombe, William Paulson, Reverend Dr. Beth Johnson, Autumn Reidy-Hamer, Jennifer Crespo, Charles Thrush, Rudy Villa, Chicago Newspaper Guild Local 34071, David Black, Leigh Kunkel, Stephen Held, NABET-CWA Local 54041 as to All Defendants. (Art, Steven) (Entered: 10/28/2025) |
| 10/29/2025 | 148 | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Sarmad M Khojasteh (Khojasteh, Sarmad) (Entered: 10/29/2025) |
| 10/29/2025 | 149 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local |

| | | | |
|---|---|---|---|
| | | | 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa FOR ENTRY OF ORDER ALLOWING EQUIPMENT INTO EVERETT MCKINLEY DIRKSEN UNITED STATES COURTHOUSE FOR THE DEPOSITION OF DEFENDANT GREGORY BOVINO AND DANIEL PARRA<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B)(Art, Steven) (Entered: 10/29/2025) |
| 10/29/2025 | | 150 | MINUTE entry before the Honorable Sara L. Ellis: Plaintiffs' motion for entry of order allowing equipment into Everett McKinley Dirksen United States Courthouse for the deposition of Defendant Gregory Bovino and Daniel Parra 149 is granted. [For further details, see separate order.] Emailed notice (rj, ) (Entered: 10/29/2025) |
| 10/29/2025 | | 151 | ORDER. Signed by the Honorable Sara L. Ellis on 10/29/2025. Emailed notice(rj, ) (Entered: 10/29/2025) |
| 10/29/2025 | | 152 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to compel<br><br>(Attachments: # 1 Exhibit A)(Donnell, Heather) (Entered: 10/29/2025) |
| 10/29/2025 | | 153 | ACKNOWLEDGMENT of receipt of short record on appeal; USCA Case No. 25-2936. (emc, ) (Entered: 10/29/2025) |
| 10/29/2025 | | 154 | ORDER dated 10/29/2025 from the 7th Circuit; Appellate case no.: 25-2936; The following are before the court: 1. PETITION FOR A WRIT OF MANDAMUS, filed on October 29, 2025, by counsel for the petitioners. 2. EMERGENCY MOTION FOR A STAY PENDING A RULING ON THE GOVERNMENT'S PETITION FOR A WRIT OF MANDAMUS AND AN IMMEDIATE ADMINISTRATIVE STAY, filed on October 29, 2025, by counsel for the petitioners. IT IS ORDERED that the government's request for an administrative stay is GRANTED. Pending a decision on the petition for a writ of mandamus, the district court's October 28, 2025 order is temporarily STAYED only to the extent it required Gregory Bovino to appear in court, in person, each weekday at 5:45 PM. IT IS FURTHER ORDERED that plaintiffs shall respond to the petition by 5:00 pm on October 30, 2025. (emc, ) (Entered: 10/29/2025) |
| 10/29/2025 | | 155 | AMENDED ORDER. Signed by the Honorable Sara L. Ellis on 10/29/2025. Emailed notice(rj, ) (Entered: 10/29/2025) |
| 10/29/2025 | 🔒 🔒 | 156 | SUMMONS Submitted (Court Participant) for defendant(s) United States Attorneys Office by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 10/29/2025) |
| 10/29/2025 | 🔒 | 157 | SUMMONS Issued (Court Participant) as to Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam |

| | | |
|---|---|---|
| | | Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Stephen Miller White House Deputy Chief of Staff, and U.S. Attorney. (Attachments: # <u>1</u> Summons, # <u>2</u> Summons, # <u>3</u> Summons, # <u>4</u> Summons, # <u>5</u> Summons, # <u>6</u> Summons, # <u>7</u> Summons, # <u>8</u> Summons, # <u>9</u> Summons, # <u>10</u> Summons, # <u>11</u> Summons, # <u>12</u> Summons, # <u>13</u> Summons, # <u>14</u> Summons, # <u>15</u> Summons, # <u>16</u> Summons, # <u>17</u> Summons, # <u>18</u> Summons)(gmc, ) (Entered: 10/29/2025) |
| 10/29/2025 | <u>159</u> | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/29/2025. The Court grants Plaintiffs' motion to compel <u>152</u> as stated on the record. The Court orders Defendants to produce to Plaintiffs all video (both BWC and drone footage) of the use of force incidents on 10/23/2025 in the Little Village neighborhood by 9:00 PM on 10/29/2025. Defendants filed a petition for a writ of mandamus and the 7th Circuit granted an administrative stay pending a decision on the petition for a writ of mandamus of the portion of this Court's order <u>146</u> requiring Gregory Bovino appear in person before this Court each weekday until the preliminary injunction hearing set for 11/5/2025. Pursuant to the 7th Circuit's administrative stay <u>154</u> , this Court strikes the hearing set for 10/30/2025 at 5:45 PM. Emailed notice (rj, ) (Entered: 10/30/2025) |
| 10/30/2025 | 🔒 <u>158</u> | TRANSCRIPT OF PROCEEDINGS held on October 29, 2025 before the Honorable Sara L. Ellis. Order Number: 53660. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/20/2025. Redacted Transcript Deadline set for 12/1/2025. Release of Transcript Restriction set for 1/28/2026. (Fitzgerald, Kelly) (Entered: 10/30/2025) |
| 10/30/2025 | <u>160</u> | MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Stephen Miller White House Deputy Chief of Staff DEFENDANTS' EMERGENCY MOTION FOR LEAVE TO PROVIDE ACCESS TO BODY CAMERA VIDEOS THROUGH CLOUD-BASED PORTAL<br><br>(Warden, Andrew) (Entered: 10/30/2025) |
| 10/30/2025 | <u>161</u> | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam |

| | | |
|---|---|---|
| | | Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Andrew Irwin Warden (Warden, Andrew) (Entered: 10/30/2025) |
| 10/30/2025 | 162 | Notice of Non-Opposition to Motion by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Illinois Press Association, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Owens, David) (Entered: 10/30/2025) |
| 10/30/2025 | 163 | MINUTE entry before the Honorable Sara L. Ellis: In court hearing held on 10/30/2025 over the parties' disputes that arose during Defendant Bovino's deposition. The Court ruled on the disputes as stated on the record. Emailed notice (rj, ) (Entered: 10/31/2025) |
| 10/31/2025 | 164 | MINUTE entry before the Honorable Sara L. Ellis: Defendants' emergency motion for leave to provide access to body camera videos through cloud-based portal 160 is granted. The Plaintiffs are directed to provide information to Defendants to allow access to the videos. Emailed notice (rj, ) (Entered: 10/31/2025) |
| 10/31/2025 | 165 | MOTION for Leave to Appear Pro Hac Vice on behalf of David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa by Shalini Goel Agarwal; Filing fee $ 150, receipt number AILNDC-24286964.<br><br>(Agarwal, Shalini) (Entered: 10/31/2025) |
| 10/31/2025 | 166 | ATTORNEY Appearance for Amicus City Of Chicago by Chelsey Blaire Metcalf (Metcalf, Chelsey) (Entered: 10/31/2025) |
| 10/31/2025 | 167 | MOTION by Amicus City Of Chicago for leave to file *Amicus Brief (Unopposed)*<br><br>(Attachments: # 1 Exhibit A - City of Chicago's Amicus Brief)(Metcalf, Chelsey) (Entered: 10/31/2025) |
| 10/31/2025 | 168 | NOTICE of Motion by Chelsey Blaire Metcalf for presentment of motion for leave to file 167 before Honorable Sara L. Ellis on 11/5/2025 at 09:45 AM. (Metcalf, Chelsey) (Entered: 10/31/2025) |
| 10/31/2025 | 169 | SEALED RESPONSE by Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. |

| | | |
|---|---|---|
| | | Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff to terminate deadlines and hearings,,,,,,,,, in court hearing,,,,,,,,, set deadlines/hearings,,,,,,,, 146 (Attachments: # 1 Exhibit 1: ESTAR Reports Part 1, # 2 Exhibit 2: ESTAR Reports Part 2, # 3 Exhibit 3: ESTAR Reports Part 3, # 4 Exhibit 4: ESTAR Reports Part 4, # 5 Exhibit 5: ESTAR Reports Part 5, # 6 Exhibit 6: ESTAR Reports Part 6, # 7 Exhibit 7: ESTAR Reports Part 7) (Warden, Andrew) (Entered: 10/31/2025) |
| 10/31/2025 | 170 | MEMORANDUM by Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff in Opposition to motion to certify class, 81 (Goldstone, Peter) (Entered: 10/31/2025) |
| 10/31/2025 | 171 | MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Stephen Miller White House Deputy Chief of Staff to seal *Exhibit #2 and #4-45 in Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction*<br><br>(Warden, Andrew) (Entered: 10/31/2025) |
| 10/31/2025 | 🔒 172 | SEALED EXHIBIT by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Stephen Miller White House Deputy Chief of Staff *In Support of Defendants' Opposition to Plaintiffs' Motion for Preliminary Injunction* (Attachments: # 1 Exhibit 2, # 2 Exhibit 4, # 3 Exhibit 5, # 4 Exhibit 6, # 5 Exhibit 7, # 6 Exhibit 8, # 7 Exhibit 9, # 8 Exhibit 10, # 9 Exhibit 11, # 10 Exhibit 12, # 11 Exhibit 13, # 12 Exhibit 14, # 13 Exhibit 15, # 14 Exhibit 16, # 15 Exhibit 17, # 16 Exhibit 18, # 17 Exhibit 19, # 18 Exhibit 20, # 19 Exhibit 21, # 20 Exhibit 22, # 21 Exhibit 23, # 22 Exhibit 24, # 23 Exhibit 25, # 24 Exhibit 26, # 25 Exhibit 27, # 26 Exhibit 28, # 27 Exhibit 29, # 28 Exhibit 30, # 29 Exhibit 31, # 30 Exhibit 32, # 31 Exhibit 33, # 32 Exhibit 34, # 33 Exhibit 35, # 34 Exhibit 36, # 35 Exhibit 37, # 36 Exhibit 38, # 37 Exhibit 39, # 38 Exhibit 40, # 39 Exhibit 41, # 40 Exhibit 42, # 41 Exhibit 43, # 42 Exhibit 44, # 43 Exhibit 45)(Warden, Andrew) (Entered: 10/31/2025) |

| | | | |
|---|---|---|---|
| 10/31/2025 | | <u>173</u> | MEMORANDUM by Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff in Opposition to motion for preliminary injunction, <u>86</u> , motion for preliminary injunction, <u>82</u> (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 3, # <u>3</u> Exhibit 46, # <u>4</u> Exhibit 47) (Holt, Samuel) (Entered: 10/31/2025) |
| 11/01/2025 | | <u>174</u> | Notice of Temporary Restraining Order Violation by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # <u>1</u> Exhibit 97)(Owens, David) (Entered: 11/01/2025) |
| 11/03/2025 | 🔒 | <u>175</u> | TRANSCRIPT OF PROCEEDINGS held on 10/30/2025 before the Honorable Sara L. Ellis. In-court hearing. Order Number: 53677. Court Reporter Contact Information: Elia E. Carrion, EECarrionOfficialTranscript@gmail.com, 312.408.7782.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/24/2025. Redacted Transcript Deadline set for 12/4/2025. Release of Transcript Restriction set for 2/2/2026. (Carrion, Elia) (Entered: 11/03/2025) |
| 11/03/2025 | | <u>176</u> | ATTORNEY Appearance for Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff by Jeremy Samuel Bloch Newman (Newman, Jeremy) (Entered: 11/03/2025) |
| 11/03/2025 | | <u>177</u> | MINUTE entry before the Honorable Sara L. Ellis: The Court grants the City of Chicago's unopposed motion for leave to file amicus brief <u>167</u> . The Court grants Plaintiffs' counsel's motion for leave to appear pro hace vice <u>165</u> . The Court grants Defendants' motion for leave to file under seal <u>171</u> . Emailed notice (rj, ) (Entered: 11/03/2025) |

| 11/03/2025 | | 178 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Block Club Chicago (Topic, Matthew) (Entered: 11/03/2025) |
|---|---|---|---|
| 11/03/2025 | | 179 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Chicago Headline Club (Topic, Matthew) (Entered: 11/03/2025) |
| 11/03/2025 | | 180 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by Chicago Newspaper Guild Local 34071 (Topic, Matthew) (Entered: 11/03/2025) |
| 11/03/2025 | | 181 | NOTIFICATION of Affiliates pursuant to Local Rule 3.2 by NABET-CWA Local 54041 (Topic, Matthew) (Entered: 11/03/2025) |
| 11/03/2025 | | 182 | CERTIFIED copy of USCA Order dated 10/31/2025, appeal no. 25-2936. (rp, ) (Entered: 11/03/2025) |
| 11/03/2025 | 📎 | 183 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to unseal document<br><br>(Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Art, Steven) (Entered: 11/03/2025) |
| 11/03/2025 | 📎🔒 | 184 | SEALED MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Art, Steven) (Entered: 11/03/2025) |
| 11/03/2025 | 📎 | 185 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa, Amicus City Of Chicago to bar Undisclosed Witnesses<br><br>(Art, Steven) (Entered: 11/03/2025) |
| 11/03/2025 | 📎 | 186 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to bar Reliance on Non-Record Evidence<br><br>(Wang, Elizabeth) (Entered: 11/03/2025) |
| 11/03/2025 | | 187 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy VillaPLAINTIFFS MOTION FOR ENTRY OF ORDER ALLOWING EQUIPMENT INTO EVERETT MCKINLEY DIRKSEN UNITED STATES |

| | | | |
|---|---|---|---|
| | | | COURTHOUSE FOR THE DEPOSITION OF DEFENDANT GREGORY BOVINO<br><br>(Attachments: # 1 Exhibit A, # 2 Text of Proposed Order)(Art, Steven) (Entered: 11/03/2025) |
| 11/03/2025 | | 188 | Plaintiffs Notice of Violations of the Courts Temporary Restraining Order by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit Ex. 136, # 2 Exhibit Ex. 137, # 3 Exhibit Ex. 138)(Owens, David) (Entered: 11/03/2025) |
| 11/03/2025 | | 189 | REPLY by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to memorandum in opposition to motion,, 170 (Rauscher, Scott) (Entered: 11/03/2025) |
| 11/03/2025 | | 190 | Third Supplemental Exhibit List by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit 102, # 2 Exhibit 104, # 3 Exhibit 115, # 4 Exhibit 124, # 5 Exhibit 126, # 6 Exhibit 128, # 7 Exhibit 130, # 8 Exhibit 134, # 9 Exhibit 135, # 10 Exhibit 140, # 11 Exhibit 141, # 12 Exhibit 144, # 13 Exhibit 145, # 14 Exhibit 127, 129, 131, 132, 133, # 15 Exhibit 98, 99, 100, 101, 103, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 116, 117, 118, 119, 120, 121, 122, 123, 125, 139, 142, 143)(Wang, Elizabeth) (Entered: 11/03/2025) |
| 11/03/2025 | 🔒 | 191 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit Ex. 98, # 2 Exhibit Ex. 99, # 3 Exhibit Ex. 100, # 4 Exhibit Ex. 101, # 5 Exhibit Ex. 103, # 6 Exhibit Ex. 108, # 7 Exhibit Ex. 117, # 8 Exhibit Ex. 121, # 9 Exhibit Ex. 122, # 10 Exhibit Ex. 125, # 11 Exhibit Ex. 142, # 12 Exhibit Ex. 143)(Wang, Elizabeth) (Entered: 11/03/2025) |
| 11/03/2025 | 📎 | 192 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa for leave to file excess pages<br><br>(Owens, David) (Entered: 11/03/2025) |

| 11/03/2025 | 🔒 | 193 | REPLY by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to memorandum in opposition to motion,,, 173 (Owens, David) (Entered: 11/03/2025) |
| --- | --- | --- | --- |
| 11/03/2025 | 🔒 | 194 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *Reply to Dkt 173* (Owens, David) (Entered: 11/03/2025) |
| 11/04/2025 | | 195 | REPLY by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to memorandum in opposition to motion,,, 173 *CORRECTED AND REDACTED VERSION* (Attachments: # 1 Text of Proposed Order Proposed Order)(Owens, David) (Entered: 11/04/2025) |
| 11/04/2025 | 🔒 | 196 | SEALED REPLY by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, City Of Chicago, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to memorandum in opposition to motion,,, 173 *CORRECTED VERSION* (Owens, David) (Entered: 11/04/2025) |
| 11/04/2025 | 🔗 | 197 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to compel *EMERGENCY MOTION TO COMPEL EXPEDITED DISCOVERY OF VIDEO EVIDENCE*<br><br>(Owens, David) (Entered: 11/04/2025) |
| 11/04/2025 | | 198 | MINUTE entry before the Honorable Sara L. Ellis: The Court changes the time of presentment of Plaintiff's motions 184 , 185 , 186 to 11/4/2025 at 12:00 PM from 9:45 AM. This motion hearing will be in person. Emailed notice (rj, ) (Entered: 11/04/2025) |
| 11/04/2025 | | 199 | ORDER. Signed by the Honorable Sara L. Ellis on 11/4/2025. Emailed notice(rj, ) (Entered: 11/04/2025) |
| 11/04/2025 | | 200 | MINUTE entry before the Honorable Sara L. Ellis: Motion 187 is granted. Emailed notice (rj, ) (Entered: 11/04/2025) |
| 11/04/2025 | | 201 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, |

| | | | |
|---|---|---|---|
| | | | William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *of Violation of the Court's Temporary Restraining Order* (Joshi, Hirsh) (Entered: 11/04/2025) |
| 11/04/2025 | | 202 | MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staffin limine *to exclude testimony and declarations of Gil Kerlikowske*<br><br>(Hedges, Elizabeth) (Entered: 11/04/2025) |
| 11/04/2025 | | 203 | WITNESS List by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 204 | RESPONSE by Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staffin Opposition to MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunk 185 , MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunk 186 *Response to Motions to Exclude Witnesses and Evidence* (Hedges, Elizabeth) (Entered: 11/04/2025) |
| 11/04/2025 | | 205 | STATUS Report *JOINT* by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa<br><br>(Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 206 | Exhibit List *FOR PRELIMANRY INJUNCTION HEARING* by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, |

| | | | |
|---|---|---|---|
| | | | Autumn Reidy-Hamer, Charles Thrush, Rudy Villa. (Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | 🔒 | 207 | SEALED MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D) (Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 208 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to bar Defendants from Presenting Evidence or Arguement Relating to the Trump Administration's Purported Justifications for Tactics and Uses of Force During Operation Midway Blitz <br><br> (Attachments: # 1 Exhibit A, B, C & D)(Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 209 | NOTICE by All Defendants *of Exhibit and Witness List* (Holt, Samuel) (Entered: 11/04/2025) |
| 11/04/2025 | | 210 | WITNESS List by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Kleinhaus, Theresa) (Entered: 11/04/2025) |
| 11/04/2025 | | 211 | NOTICE by All Defendants *of Justification for Continued Sealing of Records* (Holt, Samuel) (Entered: 11/04/2025) |
| 11/04/2025 | | 212 | Notice of Government Videos that Plaintiff May Seek to Show in Open Court by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, City of Chicago, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Illinois Press Association, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Hilke, Wallace) (Entered: 11/04/2025) |
| 11/04/2025 | | 213 | ATTORNEY Appearance for Intervenor Parties Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., Chicago Tribune Company, LLC by Steven P. Mandell (Mandell, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 214 | MOTION by Intervenor Parties Chicago Sun-Times Media, Inc., Chicago Public Media, Inc., Chicago Tribune Company, LLC to intervene *EMERGENCY MOTION FOR LEAVE TO INTERVENE AND FOR IMMEDIATE ACCESS TO SEALED FILINGS* <br><br> (Mandell, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 215 | MEMORANDUM by Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., Chicago Tribune Company, LLC in support of motion to intervene 214 *CHICAGO PUBLIC MEDIA, INC.S, CHICAGO SUN-TIMES MEDIA, INC.S, AND CHICAGO TRIBUNE COMPANY, LLCS MEMORANDUM OF LAW IN* |

| | | | |
|---|---|---|---|
| | | | *SUPPORT OF THEIR EMERGENCY MOTION FOR LEAVE TO INTERVENE AND FOR IMMEDIATE ACCESS TO SEALED FILINGS* (Mandell, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 216 | NOTICE of Motion by Steven P. Mandell for presentment of motion to intervene 214 before Honorable Sara L. Ellis on 11/5/2025 at 08:00 AM. (Mandell, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 217 | ATTORNEY Appearance for Intervenor Parties Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., Chicago Tribune Company, LLC by Brian D. Saucier (Saucier, Brian) (Entered: 11/04/2025) |
| 11/04/2025 | | 218 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to bar TESTIMONY FROM KYLE HARVICK (Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 219 | REPLY by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to motion to bar, 186 (Art, Steven) (Entered: 11/04/2025) |
| 11/04/2025 | | 220 | PLAINTIFFS NOTICE OF SUPPLEMENTAL EVIDENCE IN SUPPORT OF PLAINTIFFS NOTICES OF VIOLATIONS OF THE COURTS TEMPORARY RESTRAINING ORDER by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Owens, David) (Entered: 11/04/2025) |
| 11/04/2025 | | 221 | RESPONSE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to MOTION by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of 202 (Owens, David) (Entered: 11/04/2025) |
| 11/04/2025 | | 222 | Exhibit List *AMENDED EXHIBIT LIST FOR PRELIMANRY INJUNCTION HEARING* by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., Chicago Tribune Company, LLC, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa. (Attachments: # 1 Exhibit 408)(Wang, Elizabeth) (Entered: 11/04/2025) |

| | | | |
|---|---|---|---|
| 11/04/2025 | 🔒 | 241 | SEALED Digital Exhibit by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff regarding witness list, 210 (axk, ) (Entered: 11/06/2025) |
| 11/05/2025 | 🔑 | 223 | MOTION by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa to supplement *PLAINTIFFS REPLY IN SUPPORT OF MOTION FOR PRELIMINARY INJUNCTION*<br><br>(Attachments: # 1 Exhibit A, filed under seal, # 2 Exhibit B, filed under seal)(Art, Steven) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 224 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit A, under seal, # 2 Exhibit B, under seal)(Art, Steven) (Entered: 11/05/2025) |
| 11/05/2025 | | 225 | ATTORNEY Appearance for Intervenor Parties Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., Chicago Tribune Company, LLC by Julia Dacy (Dacy, Julia) (Entered: 11/05/2025) |
| 11/05/2025 | | 226 | PLAINTIFFS NOTICE OF SUBMISSION OF VIDEO DEPOSITION EVIDENCE IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa (Attachments: # 1 Exhibit 101, under seal, # 2 Exhibit 214, under seal, # 3 Exhibit 122, under seal, # 4 Exhibit 274, under seal)(Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 227 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *, Ex.101 Hott Deposition Transcript* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 228 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Newspaper Guild Local 34071, |

| | | | |
|---|---|---|---|
| | | | Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa , *Ex. 122 Parra Deposition Transcript* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 229 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa , *Ex. 214 Hott Video Deposition* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 230 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa , *Ex. 274 Parra Deposition Video* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | | 231 | MEMORANDUM by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *CONCERNING THIS COURTS AUTHORITY TO EXTEND THE TRO OR ISSUE AN ORAL RULING IN ADVANCE OF A WRITTEN RULING* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | | 232 | NOTICE by All Defendants *of Time Stamps* (Holt, Samuel) (Entered: 11/05/2025) |
| 11/05/2025 | | 233 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *OF FILING OF EXHIBITS SHOWN IN OPEN COURT DURING THE PRELIMINARY INJUNCTION HEARING* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | | 234 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Illinois Press Association, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *OF FILING OF POWERPOINT PRESENTATION USED IN OPEN COURT* (Attachments: # 1 Exhibit PowerPoint (Excluding Video)) (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | | 235 | PLAINTIFFS NOTICE OF SUBMISSION OF VIDEO DEPOSITION EVIDENCE IN SUPPORT OF THEIR MOTION FOR PRELIMINARY INJUNCTION by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa |

| | | | |
|---|---|---|---|
| | | | (Attachments: # <u>1</u> Exhibit 100, under seal, # <u>2</u> Exhibit 232, under seal, # <u>3</u> Exhibit 233, under seal)(Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 236 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *Bovino Deposition VOL I* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 237 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *Bovino Deposition VOL II* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 238 | SEALED DOCUMENT by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *Bovino Deposition VOL III* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | | 239 | NOTICE by David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa *FILING OF DESIGNATED DEPOSITION TESTIMONY OF DEFENDANT BOVINO PLAYED IN OPEN COURT* (Owens, David) (Entered: 11/05/2025) |
| 11/05/2025 | 🔒 | 242 | SEALED Digital Exhibit by Plaintiffs David Beale, David Black, Block Club Chicago, Chicago Headline Club, Chicago Newspaper Guild Local 34071, Jennifer Crespo, Father Brendan Curran, Raven Geary, Stephen Held, Rev. Abby Holcombe, Reverend Dr. Beth Johnson, Leigh Kunkel, NABET-CWA Local 54041, William Paulson, Autumn Reidy-Hamer, Charles Thrush, Rudy Villa regarding <u>235</u> (lm, ) (Entered: 11/06/2025) |
| 11/05/2025 | 🔒 | 243 | SEALED Digital Exhibit by Plaintiffs regarding <u>196</u> , <u>191</u> (rp, ) (Entered: 11/06/2025) |
| 11/05/2025 | | 246 | DIGITAL EXHIBIT submitted by Plaintiffs regarding <u>233</u><br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (pjj, ) (Entered: 11/06/2025) |
| 11/05/2025 | 🔒 | 247 | (Court only) DIGITAL EXHIBIT submitted by Plaintiffs regarding <u>233</u> (pjj, ) (Entered: 11/06/2025) |
| 11/05/2025 | | 248 | DIGITAL EXHIBIT submitted by Plaintiffs regarding <u>239</u><br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the |

| | | | |
|---|---|---|---|
| | | | Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (pjj, ) (Entered: 11/06/2025) |
| 11/05/2025 | 🔒 | <u>249</u> | (Court only) DIGITAL EXHIBIT submitted by Plaintiffs regarding <u>239</u> (pjj, ) (Entered: 11/06/2025) |
| 11/06/2025 | | <u>240</u> | NOTICE by All Defendants *of Public Filing of Body Camera Video Clips Shown During Preliminary Injunction Hearing on November 5, 2025* (Warden, Andrew) (Entered: 11/06/2025) |
| 11/06/2025 | | <u>244</u> | DIGITAL EXHIBIT submitted by Federal Defendants regarding <u>240</u><br><br>For more information, please visit https://www.ilnd.uscourts.gov/ExhibitDrop. If you wish to download a digital exhibit, please send your request to the Certified Copy Desk (CCD) inbox at CCD_ILND@ilnd.uscourts.gov. You will be provided with an invoice and charged according to the Fee Schedule. Once your payment has been processed, you will receive a URL via email to download the exhibit. (gmc, ) (Entered: 11/06/2025) |
| 11/06/2025 | 🔒 | <u>245</u> | (Court only) DIGITAL EXHIBIT submitted by Federal Defendants regarding <u>240</u> (gmc, ) (Entered: 11/06/2025) |
| 11/06/2025 | | <u>250</u> | PRELIMINARY INJUNCTION ORDER. Signed by the Honorable Sara L. Ellis on 11/6/2025:Emailed notice(rj, ) (Entered: 11/06/2025) |
| 11/06/2025 | | <u>251</u> | MINUTE entry before the Honorable Sara L. Ellis: Plaintiffs filed a Motion for a Preliminary Injunction Order <u>82</u> , <u>86</u> against Defendants. Having held a hearing on November 5 and 6, 2025, the Court finds that Plaintiffs have met their burden to support the issuance of a Preliminary Injunction. The Court orally issued its ruling, containing findings of facts, conclusions of law, and stated reasons why the Court issued the injunction pursuant to Federal Rules of Civil Procedure 52(a)(2) and 65(d), on November 6, 2025, and indicated that a written opinion will follow further explaining the Court's ruling and providing supporting evidentiary and case citations within 14 days of the issuance of this Order. The Court additionally grants Plaintiffs' motion for class certification <u>81</u> . Defendants shall file a verification that Defendant Bovino received a body-worn camera by 10/31/2025, completed the requisite training, and is currently using his body-worn camera in compliance with the preliminary injunction by 11/7/2025. Defendants shall file with this Court such guidance and any directives, policies, or regulations implementing the guidance by 11/14/2025, with a continuing obligation to immediately file with this Court any subsequent changes or revisions to that guidance or implementing directives, policies, or regulations through the period of this preliminary injunction. The parties shall meet and confer and provide a joint status report by 11/12/2025 setting forth proposals for ensuring that Federal Agents present in the Northern District of Illinois while this action is pending remain informed of the limitations imposed by the preliminary injunction. The Court sets a further status hearing for 11/13/2025 at 3:00 PM. The Court allows counsel for Defendants to appear remotely at the next status hearing. Emailed notice (rj, ) (Entered: 11/06/2025) |
| 11/06/2025 | | <u>252</u> | Opinion and Order. Signed by the Honorable Sara L. Ellis on 11/6/2025. Emailed notice(rj, ) (Entered: 11/07/2025) |

| 11/07/2025 | | 253 | CERTIFICATE of Compliance with the Court's Order Requiring Defendant Gregory Bovino to Wear a Body Camera (Attachments: # 1 Declaration 1: Gregory Bovino)(Warden, Andrew) (Entered: 11/07/2025) |
|---|---|---|---|
| 11/07/2025 | 🔒 | 254 | SEALED EXHIBIT by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff regarding terminate deadlines and hearings,,,,,,,,,, in court hearing,,,,,,,,,, set deadlines/hearings,,,,,,,, 146 (Attachments: # 1 Exhibit 1, # 2 Exhibit 2, # 3 Exhibit 3, # 4 Exhibit 4, # 5 Exhibit 5, # 6 Exhibit 6, # 7 Exhibit 7, # 8 Exhibit 8, # 9 Exhibit 9, # 10 Exhibit 10, # 11 Exhibit 11, # 12 Exhibit 12, # 13 Exhibit 13, # 14 Exhibit 14, # 15 Exhibit 15, # 16 Exhibit 16, # 17 Exhibit 17)(Lynch, Christopher) (Entered: 11/07/2025) |
| 11/07/2025 | 🔒 | 255 | TRANSCRIPT OF PROCEEDINGS held on November 5, 2025 before the Honorable Sara L. Ellis. Preliminary Injunction hearing. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/28/2025. Redacted Transcript Deadline set for 12/8/2025. Release of Transcript Restriction set for 2/5/2026. (Fitzgerald, Kelly) (Entered: 11/07/2025) |
| 11/07/2025 | 🔒 | 256 | TRANSCRIPT OF PROCEEDINGS held on November 6, 2025 before the Honorable Sara L. Ellis. Court Reporter Contact Information: Kelly M. Fitzgerald, kmftranscripts@gmail.com, 312-818-6626.<br><br>IMPORTANT: The transcript may be viewed at the court's public terminal or purchased through the Court Reporter/Transcriber before the deadline for Release of Transcript Restriction. After that date it may be obtained through the Court Reporter/Transcriber or PACER. For further information on the redaction process, see the Court's web site at www.ilnd.uscourts.gov under Quick Links select Policy Regarding the Availability of Transcripts of Court Proceedings.<br><br>Redaction Request due 11/28/2025. Redacted Transcript Deadline set for 12/8/2025. Release of Transcript Restriction set for 2/5/2026. (Fitzgerald, Kelly) (Entered: 11/07/2025) |
| 11/07/2025 | 🔒 | 258 | SEALED Digital Exhibit by Defendants Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident |

| | | |
|---|---|---|
| | | Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff regarding terminate deadlines and hearings,,,,,,,,,,, in court hearing,,,,,,,,,,, set deadlines/hearings,,,,,,,,, 146 (axk, ) (Entered: 11/10/2025) |
| 11/09/2025 | 257 | NOTICE of appeal by Pamela Bondi, Gregory Bovino, Marcos Charles, Shawn Byers Chicago Deputy Field Office Director, Sam Olson Chicago Field Office Director, ICE, Kyle Harvick Deputy Incident Commander, CBP, Kash Patel Director of the Federal Bureau of Investigation (FBI), Faron Paramore Director of the Federal Protective Service (FPS), Daniel Driscoll, Russell Hott, Todd Lyons, William K. Marshall III, Kristi Noem, Rodney Scott, Donald J. Trump, U.S Department of Homeland Security, U.S. Department of Justice, Unidentified Federal Agency Defendants, Unidentified Federal Officer Defendants, Stephen Miller White House Deputy Chief of Staff regarding orders 256 , 252 , 250 Receipt number: y (Warden, Andrew) (Entered: 11/09/2025) |
| 11/10/2025 | 259 | NOTICE of Appeal Due letter sent to counsel of record regarding notice of appeal,, 257 (rp, ) (Entered: 11/10/2025) |