IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, <br><br> *Plaintiffs,* <br><br> v. <br><br><br> KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.*, <br><br> *Defendants.* | No. 25-cv-12173 <br><br> Hon. Sara L. Ellis, <br> District Judge |

**JOINT STATUS REPORT**

In preparation for the status hearing on November 20, 2025, the parties conferred over email and submit this joint status report.

**I.    Stay of the Case**

*Defendants' Position*

In light of the Seventh Circuit's stay decision holding that "Defendants are likely to succeed on the merits," this Court should stay proceedings pending a decision from the Seventh Circuit on the preliminary injunction. *See Chicago Headline Club v. Noem*, 25-3023, Stay Order, Dkt. #28 (Nov. 19, 2025, 7th Cir.).

As a matter of judicial economy, courts will routinely stay cases when a "central issue" affecting a plaintiff's claim is pending on appeal. *See Dawoudi v. Nationstar Mortg.*, LLC, No. 16-CV-2356, 2016 WL 8711604, at *2 (N.D. Ill. Sept. 16, 2016) ("Because a decision in the pending appeals would potentially be entirely dispositive of this case and, at a minimum, simplify the issues for the parties and the Court, the stay requested by Plaintiffs is warranted in this case."); *Fowler-Bey v. Johnson*, No. CV PX-18-1235, 2018 WL 11476084, at *1–2 (D. Md. Nov. 30, 2018)

1

(staying case where a "central issue" affecting plaintiff's claim was pending before the Fourth Circuit); *Int'l Refugee Assistance Project v. Trump*, 323 F. Supp. 3d 726, 732 (D. Md. 2018) ("Here, this Court concludes that judicial economy will be served by a stay of this case because the resolution of the issues before the Supreme Court will likely have a direct impact on the future course of the case, including on the next decisions this Court must make."); *Carroll v. Wilson McColl & Rasmussen, Att'ys at L.*, No. CV 08-22-CWD, 2009 WL 315610, at *2 (D. Idaho Feb. 9, 2009) (staying case to avoid "the expenditure of unnecessary costs, expenses, and time" where appellate court may resolve a parties' standing); *Skulevold v. SD&A Teleservices, Inc.*, No. 220CV2771ABJCX, 2020 WL 7711834, at *7 (C.D. Cal. Nov. 18, 2020) (granting stay in "the interests of efficiency and judicial economy" where the "forthcoming Supreme Court decision weigh[ed] on a central issue" in the case).

In deciding whether to enter such a stay, courts consider the following factors: (i) whether a stay will reduce the burden of litigation on the parties and on the court; (ii) whether a stay will simplify the issues in question and streamline the trial, and (iii) whether a stay will unduly prejudice or tactically disadvantage the non-moving party. *Dawoudi*, 2016 WL 8711604, at *1.

Here, all factors strongly favor a stay. On the first two factors, the Seventh Circuit held that "[t]he preliminary injunction entered by the district court is overbroad" and that it has "reservations about [Plaintiffs'] Article III standing." *See Chicago Headline Club v. Noem*, 25-3023, Dkt. #28 (Nov 19, 2025, 7th Cir.). Thus, its forthcoming and binding decision will provide critical guidance to the parties and this Court on at least standing and the appropriate scope of relief. That guidance will directly affect this Court's jurisdiction over the case, the permissible scope of discovery, and what permanent relief (if any) is available to Plaintiffs.

2

The Seventh Circuit is also expediting the appeal, with briefing concluding on December 8, 2025. *Chicago Headline Club v. Noem*, 25-3023, Order, Dkt. #29 (Nov. 19, 2025, 7th Cir.). Pressing forward with discovery and toward a final judgment without the benefit of the Seventh Circuit's decision risks significant inefficiencies: discovery may not be warranted at all if the Seventh Circuit determines that Plaintiffs lack standing, the scope of discovery may need to be altered, and any final relief issued before the Seventh Circuit rules may need to be undone and redone. Such an outcome squanders judicial and party resources. By contrast, staying the case until the Seventh Circuit rules will streamline the issues, clarify the proper scope of discovery and trial, and avoid having to relitigate issues.

As to prejudice, Plaintiffs will suffer none from a short delay. The appeal is moving quickly, with briefing beginning next week and concluding in early December. And, as the Seventh Circuit and this Court have observed, "public reporting suggest[s] that the enhanced immigration enforcement initiative may have lessened," further reducing any risk of harm during a brief stay. *Chicago Headline Club*, Order, Dkt. #28.

For these reasons, the Court should stay proceedings pending a decision from the Seventh Circuit on the appeal of the preliminary injunction. If the Court is not inclined to grant a stay pending a decision from the Seventh Circuit and wants to proceed with a merits trial the week of March 2, 2025, Defendants have conferred with Plaintiffs, and the parties provide positions on the discovery schedule below.

*Plaintiffs' Position*

There are no grounds to enter a stay, and the Court should deny any motion for a stay by Defendants. Plaintiffs were first notified Defendants intend to seek a stay when provided Defendants' position above late this morning. Plaintiffs have had no time to develop a response to

3

the discussion above, and requested the government remove the discussion from the status report and include it in a motion to which Plaintiffs can respond in writing. Defendants refused and insist on inclusion of the above in this report. Plaintiffs accordingly request the Court ignore that discussion, which should be made part of a motion. Then, if and when Defendants elect to file a motion seeking a stay, Plaintiffs request an appropriate amount of time to respond.

## II. Protective Order

The parties disagree about the terms of a protective order. Plaintiffs believe that the District's model confidentiality order is appropriate and sufficient. Defendants believe that the confidentiality order that this Court entered (ECF 117) appropriately addresses the issues in this case and compressed timing of discovery. The parties will be prepared to discuss how to resolve this dispute at the November 20, 2025 status hearing.

Plaintiffs renew their request that the Court enter the model order, and request that the Court set a briefing schedule if the Court does not enter the model order at today's status hearing. Plaintiffs submit that the Government has been willing to enter substantial portions of body-worn camera into the public record, indicating that it is not necessary to treat all such videos as subject to "attorneys' eyes only" protections as Defendants have urged.

Defendants note that the model order expressly states that it is "not intended to create a presumption in favor of the provisions in this model order and against alternative language proposed by the parties." And Plaintiffs' proposed protective order does not address many of the unique categories of law enforcement information that this case involves or include appropriate procedures to protect such information.

4

### III. Outstanding Production of Body-Worn Camera Video and Reports

*Plaintiffs' Position*

Plaintiffs have asked Defendants to confirm how many additional videos and reports they expect to produce. Since the preliminary injunction hearing, Defendants have continued to produce videos that are weeks or even months old, including new body-worn camera video from September 19 and September 27. Defendants also have not yet certified that they have produced all videos and reports from incidents Plaintiffs recently raised in a notice of violation (Dkt. 272), including videos from a November 8, 2025 enforcement action in Little Village. Plaintiffs request that Defendants identify the extent of outstanding videos and reports that will be produced during today's status hearing. Defendants' response demonstrates that Defendants possess body-worn camera videos and documents related to November 6 and November 8 that they still have not produced, in violation of this Court's orders. These delays are especially concerning given Defendants' prior representations that incident reports are required to be completed within 72 hours. Plaintiffs request that Defendants be ordered to produce all videos and reports responsive to the Court's order by Friday, November 21.

*Defendants' Position*

Defendants have produced—and continue to produce—voluminous amounts of video evidence and use of force reports on a rolling basis in compliance with the Court's October 28, 2025 order. Defendants have already produced to Plaintiffs and this Court reports and body-worn camera footage from November 6 and 8, including a production of multiple reports and videos on November 19. CBP has advised that there are two E-STAR reports still pending for November 6 and November 8. And upon finalization of those reports, Defendants will produce to the Court and Plaintiffs those reports and any corresponding BWC footage.

5

## IV. Discovery Schedule

*Portions of the Discovery Schedule that the Parties Agree on*

Without Defendants waiving their objection to discovery as outlined in this report, the parties agree on the following discovery schedule. Areas of disagreement are noted below:

- Tuesday November 25, 2025: deadline to complete Rule 26(f) conference
- Friday December 12, 2025: initial disclosures due
- Friday January 23, 2026: disclosure of Plaintiffs' experts
- Friday, January 30, 2026: close of fact discovery
- Friday February 6, 2026: disclosures of Defendants' experts
- Friday, February 20, 2026: close of expert discovery
- Friday February 20, 2026: parties exchange witness lists and exhibit lists
- Tuesday, February 24, 2026: parties file witness lists, exhibit lists, deposition designations, and motions in limine with the court
- Thursday, February 26, 2026: parties file counter-designations and responses to motions in limine with the Court
- Monday March 3, 2026 – Wednesday, March 5, 2026: trial on permanent injunction

As noted below, the parties disagree on whether summary judgment motion practice is appropriate, and if it is, what schedule it should proceed on.

*Plaintiffs' Position:*

Plaintiffs do not believe that there will be any grounds for Defendants to file motions for summary judgment (particularly given that they persist in disputing the facts on the ground, including those shown in their own video evidence). Regarding Defendants' comments pertaining to the scope of discovery, the normal Rule 37 process should suffice to resolve those concerns.

6

Although Plaintiffs do not believe that Defendants will have grounds to file for summary judgment, if the Court sets a schedule at this time, Plaintiffs suggest the following would be appropriate:

- Friday, January 30, 2026: deadline to file motions for summary judgment, if any;
- Friday, February 20, 2026: deadline to file summary judgment responses, if any;
- No reply briefs.

*Defendants' Position*

Defendants first note for the record that Plaintiffs are not entitled to any discovery, because Plaintiffs have not sufficiently pled standing nor do Plaintiffs have standing in fact. Putting that aside, given that the Court has set this case for merits trial the week of March 2, 2026, the schedule for discovery and motion for summary judgment briefing will be highly compressed. For discovery to be feasible within this compressed schedule, which also overlaps with important religious holidays, the parties must appropriately tailor their written discovery and deposition requests. Broad and burdensome discovery requests that invite disputes will waste the parties' and the Court's time and will make it difficult to finish discovery within the Court's timeframe. The scope of discovery against Defendants also should be informed and appropriately limited by the substantial amount of discovery that Defendants have produced to Plaintiffs during the preliminary injunction phase of this case, including the ongoing productions of reports and body camera videos required by the Court's October 28 Order. Duplicative, irrelevant, and unduly burdensome discovery requests such as those Plaintiffs sought during the preliminary injunction phase, *see* ECF No. 54 at 15-16, are incompatible with timelines established by the Court's trial schedule.

Defendants intend to move for summary judgment, especially considering the Seventh Circuit stay decision, and thus, the schedule should include motions for summary judgment. Defendants propose the following schedule:

- Monday, February 9, 2026: deadline to file motions for summary judgment, if any;
- Monday, February 16, 2026: deadline to file summary judgment responses, if any;
- Friday, February 20, 2026: deadline to file replies.

Respectfully submitted,

/s/ David B. Owens

*Counsel for Plaintiff*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Dominique Gilbert
Justin Hill
Aaron Tucek
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 460
Boulder, CO 80302

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney*
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582
* *Admitted pro hac vice*

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

8

<div style="column-count:2">

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Kevin M. Fee, Jr.
Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org

</div>

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ Samuel S. Holt*
SAMUEL S. HOLT
Trial Attorney
U.S. Department of Justice
 Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 674-9761
Fax: (202) 616-8470
Samuel.Holt2@usdoj.gov
*Counsel for Defendants*