IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CHICAGO HEADLINE CLUB,** *et al.,* ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 25-cv-12173 |
| ) | |
| **KRISTI NOEM**, Secretary, U.S. ) | Hon. Judge Sara L. Ellis |
| Department of Homeland Security, in her ) | |
| official capacity, *et al.,* ) | |
| ) | |
| Defendants. ) | |

**CHICAGO PUBLIC MEDIA, INC.'S, CHICAGO SUN-TIMES MEDIA, INC.'S, AND CHICAGO TRIBUNE COMPANY, LLC'S POSITION
<u>ON PLAINTIFFS' MOTION TO DISMISS</u>**

Intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC (collectively, the "Media Parties"), by their counsel, submit this position on Plaintiff's Motion to Dismiss (Dkt. No. 295) and Defendants' Response to Plaintiff's Motion to Dismiss (Dkt. No. 297):

1. At the November 13, 2025 hearing, this Court previously categorized materials that the parties must produce to the media and to the public into three categories or "buckets": (1) documents on which the Court relied to enter her preliminary injunction against the government; (2) documents that the parties submitted to the court in connection with the briefing and hearing on plaintiffs' motion for preliminary injunction; and (3) the bodycam footage and excessive force reports the court has ordered the government to provide on a periodic basis.

2. The parties have produced the documents in "bucket" 1—the documents that the Court relied upon in entering the preliminary injunction (Dkt. No. 281). However, the thirty-day deadline for the parties to review, redact, and make available the documents that they submitted

to the Court in connection with the briefing and hearing on the Plaintiffs' motion for preliminary injunction (*i.e.* "bucket" 2) has not yet run. The Court indicate that it was prioritizing the production of material in "buckets" 1 and 2 before setting a deadline for the production of bodycam footage and excessive force reports (*i.e.* "bucket" 3).

3. The Court has already determined that the public and the press are entitled to access the documents that the parties submitted to the Court, as they are part of the Court record, and the only reason for allowing any delay in providing those documents was to permit the government to redact privileged and purely private information such as social security numbers from those otherwise public documents.

4. A dismissal should not derail the right of the public and the press to access the materials that the parties submitted to the Court and that the Court has already determined are a part of the public record in this case, and the delay in making them available to the public and the press is merely administrative to permit necessary and legitimate redactions.

5. Under these circumstances, all proceedings—including the motion to dismiss—should be stayed until after the documents that the Court previously ordered to be made publicly available are released. The Court should also set a time for the production of the materials falling within "bucket" 3, *i.e,* the bodycam footage and excessive force reports the court has ordered the government to provide. Failing to do so yields the untenable and unconstitutional result that records the Court ordered to be released are in fact kept secret.

6. Further, Defendants expressly state that they intend to continue their operations in this district and that operations have *not* concluded. (Dkt. No. 297, p.1). Defendants posit that if Plaintiffs' claims are dismissed with prejudice, then any member of the certified class—including the Press Subclass who "will *in the future*" engage in newsgathering at DHS

2

enforcement and removal operation (Dkt. No. 297, p. 2, n. 1) (emphasis in original)—will be precluded from bringing "substantially similar claims in the future." (Dkt. No. 297, p. 1). This position not only sidesteps the production that has already been ordered, but raises significant First Amendment questions as to the ability of the press to engage in constitutionally protected newsgathering activities, and underscores the need for this Court to carefully scrutinize whether a dismissal will adversely affect fundamental rights of the press who are not actively involved in this litigation but fall under the class designation of "[a]ll persons who are or will in the future engage in news gathering or reporting at Department of Homeland Security immigration enforcement and removal operations in the Northern District of Illinois." (Dkt. 252, p. 16).

7. It would be manifestly unfair for a dismissal with prejudice to bind class members without affording them notice of the potential abrogation of their constitutional rights resulting from the dismissal and the ability to seek to intervene and object to the dismissal pursuant to Federal Rule of Civil Procedure 23(e).

WHEREFORE, Intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC respectfully request that this Court stay any ruling on the motion dismiss until such time that the parties have fulfilled their obligations to make materials available to the public and the press and until notice is provided to the class members that the dismissal may bind them and grant such class time to intervene to object to the dismissal.

Dated: December 4, 2025        Respectfully submitted,

**CHICAGO PUBLIC MEDIA, INC., CHICAGO SUN-TIMES MEDIA, INC. AND CHICAGO TRIBUNE COMPANY, LLC**

By: <u>/s/ Steven P. Mandell</u>
    One of their attorneys

Steven P. Mandell (ARDC No. 6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC No. 6226006)
bsaucier@mandellpc.com
MANDELL P.C.
1 N. Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 801-6337

## **CERTIFICATE OF SERVICE**

       The undersigned, an attorney, certifies that a copy of the foregoing document has been served December 4, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

                                                 /s/ Steven P. Mandell