IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 1:25-cv-12173 |
| vs. | ) | Hon. Sara L. Ellis |
| | ) | |
| KRISTI NOEM, Secretary, U.S. Department of Homeland Security, in her official capacity, et al., | ) ) ) ) | |
| Defendants. | | |

**MEDIA INTERVENORS' MOTION TO UNSEAL THE
OCTOBER 20, 2025 TRANSCRIPT**

Media Intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC, by their counsel, move to unseal the entirety of the October 20, 2025 hearing transcript.

1. On October 20, 2025, ICE Deputy Field Office Director Shawn Byers, was set to testify in this case. Oct. 20, 2025 Tr. at 50:16-19. Prior to the start of his testimony, Defendants requested "a brief bench conference about something that [it would] like to discuss kind of with the Court before the next witness." Oct. 20, 2025 Tr. 50:16-18.

2. The Court then cleared the Courtroom and the transcript at this point indicates that sealed proceedings were heard at sidebar. Oct. 20, 2025, Tr. 51:16.

3. The ensuing proceeding lasted approximately 30 minutes. During this time, reporters and members of the public were instructed to wait outside the courtroom. Once the hearing was re-opened, Mr. Byers began his testimony. Oct. 20, 2025, Tr. 61:8. As a result, the publicly-available transcript of this hearing contains approximately nine pages of redactions. Oct. 20, 2025 Tr. 51:17-60:24.

4. On November 11, 2025, Plaintiffs moved to unseal the October 20, 2025 transcript arguing that they "contend in this case that the government has invented false pretexts to justify its actions," and that Defendants' desire to keep the transcript sealed "prevents the public from learning about false representations that Defendants have made to this court." Dkt. No. 183 at 2.

5. Defendants did not respond to Plaintiffs' motion and the court has not ruled on it.

6. Media Intervenors echo Plaintiffs' concerns about the need for transparency in a case where the government has been accused of making false representations to the Court about its actions during Operation Midway Blitz.

7. There is a constitutional and common law presumption of access to court proceedings that can only be overcome by a showing that there is a compelling interest supporting closure and closure has been narrowly tailored to serve that interest. *In re AP*, 162 F.3d 503, 506 (7th Cir. 1998). If an overriding government interest is found, the court must provide a clear explanation of its reason for sealing on the record. *Id.* at 510 ("[D]istrict courts should articulate on the record the reason for any order that inhibits the flow of information between the courts and the public.").

8. The public has a right to access court records, and that right is especially strong when the record informs a judicial decision. *Union Oil Co. v. Leavell*, 220 F.3d 562, 568 (7th Cir. 2000). This is because "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like a fiat, which requires compelling justification." *Id.*

9. For this reason, courts remain open in even the most sensitive of cases. *See id.* at 567 (discussing the *Pentagon Papers* and hydrogen bomb case and noting that "[e]ven disputes about claims of national security are litigated in the open") (internal citations omitted); *see also*

*GEA Group AG v. Flex-N-Gate Corp.*, 740 F.3d 411, 419 (7th Cir. 2014) ("Secrecy in judicial proceedings is disfavored, as it makes it difficult for the public . . . to understand why a case was brought (and fought) and what exactly was at stake in it and was the outcome proper.").

10. Here, the government did not oppose Plaintiffs' motion to unseal the transcript and thus has not presented any reasons, let alone a compelling justification, for its continued sealing now that the case has almost reached its conclusion.

11. Moreover, this Court did not make any findings on the record about the need for closing the courtroom or sealing this redacted portion of the transcript.

WHEREFORE, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC move this Court to unseal the entirety of the October 20, 2025 hearing transcript.

Dated: December 19, 2025

Respectfully submitted,

**CHICAGO PUBLIC MEDIA, INC., CHICAGO SUN-TIMES MEDIA, INC. AND CHICAGO TRIBUNE COMPANY, LLC**

By: /s/ Steven P. Mandell
    One of their attorneys

Steven P. Mandell (ARDC No. 6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC No. 6226006)
bsaucier@mandellpc.com
MANDELL P.C.
1 N. Franklin Street, Suite 900
Chicago, Illinois 60606
Telephone: (312) 801-6337

**CERTIFICATE OF SERVICE**

      The undersigned, an attorney, certifies that a copy of the foregoing document has been served December 19, 2025 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

                                                 /s/ Steven P. Mandell