IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| **CHICAGO HEADLINE CLUB,** *et al.,* | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 25-cv-12173 |
| | ) | |
| **KRISTI NOEM**, Secretary, U.S. Department of Homeland Security, in her official capacity, *et al.,* | ) ) ) ) | Hon. Judge Sara L. Ellis |
| | ) | |
| Defendants. | ) | |

**CHICAGO PUBLIC MEDIA, INC.'S, CHICAGO SUN-TIMES MEDIA, INC.'S, AND CHICAGO TRIBUNE COMPANY, LLC'S POSITION
<u>ON THE REMAINING SEALED MATERIALS</u>**

Intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC (collectively, the "Intervenors"), by their counsel, submit this position on the public's right of access to the materials that remain sealed in this matter.

1. At the November 13, 2025 hearing, this Court categorized the materials that have been submitted in this case into three "buckets": (1) documents on which the Court relied to enter its preliminary injunction against the government ("Bucket 1"); (2) documents that the parties submitted to the Court in connection with the briefing and hearing on Plaintiffs' motion for preliminary injunction ("Bucket 2"); and (3) materials the Court ordered Defendants to submit to the Court under its October 28, 2025 Order which included body-worn camera footage, excessive force reports, and a chart of individuals detained for reasons other than an immigration enforcement violation ("Bucket 3").

2. The materials in Bucket 1 have since been filed publicly on the docket (Dkt. No. 290) and the materials in Bucket 2 were released via the digital media portal.

3. At a hearing on December 5, 2025, the counsel for Plaintiffs, Defendants and the Media Parties discussed with the Court the remaining information in Bucket 3. During this discussion, the Intervenors reiterated their position that anything submitted to the Court for consideration is a judicial record subject to the presumption of access. Ex. A, Transcript of Proceedings, December 5, 2025, 7:11-13. The government stated its position that any body-camera footage that was submitted but not explicitly cited by the Court or the parties is not a judicial record and expressed a desire to brief the issue at a later point. Tr. 6:2-8.

4. On December 23, 2025, Defendants filed charts listing each document that was submitted to the Court and indicating if and where it was made publicly available. (Dkt. No. 314). According to Chart #3—titled "BWC Videos and Use of Force Reports Filed Under Seal Pursuant to the Court's October 28, 2025 Order"—the government submitted 792 files under seal in response to the Order. Of those, 158 documents have been released because they also fall into Buckets One and Two. The remaining 634 documents are still not public.

5. Intervenors again argue that, because all of these documents were submitted to the Court for consideration, they are judicial records.

6. In the Seventh Circuit, the right of access attaches to public records "to enable interested members of the public, including lawyers, journalists, and government officials . . . to understand judicial decisions." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). "Documents that affect the disposition of federal litigation are presumptively open to public view." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010).

7. The Seventh Circuit has maintained that materials do not need to be formally admitted as evidence or filed on the public docket to be considered a judicial record. *See Carlson v. United States*, 837 F.3d 753, 760 (7th Cir. 2016) (distinguishing grand-jury transcripts and

transcripts of criminal trials from "privately produced civil discovery that never makes it through the courthouse door" and finding that these materials do not need to be admitted into evidence to be considered judicial documents).

8. In *City of Greenville v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 697 (7th Cir. 2014), the court considered the extent to which materials filed with the court can affect judicial decisions. In that case, the district judge explicitly declined to consider, or even read, certain materials that were filed but not cited or relied on by the parties. *Id.* at 698. The appellate court explained that "the presumption of public access turns on what the judge did, not on what the parties filed." *Id.* Because the district judge declined to consider or review the filings, they could not shed light on his decision and were therefore not judicial records. However, the court noted that had the judge reviewed the documents, this step could have "reveal[ed] something of value about the judicial process." *Id.*

9. This case is entirely distinguishable from *Syngenta*. Unlike *Syngenta*, where a party loaded its filing with irrelevant material (that it did not even cite in its filing) to circumvent the pending order intended to protect the privacy of discovery materials, here, the Court ordered the Defendants to submit to the Court the specific materials in question so that the Court could review them. And here, unlike in *Syngenta*, the Court has, in fact, "reviewed everything that was submitted." Tr. 6:13-15. This consideration by the Court demonstrates that these documents "made it through the courthouse door" and had the ability to inform the decision-making process. Consequently, they are judicial records to which the public right of access attaches. Again, the fact that the Court did not cite or otherwise specifically rely on all of the Bucket 3 documents the Defendants submitted to the Court does not affect their status as judicial records because, as the

3

Seventh Circuit noted, the fact that a court reviews and deems irrelevant certain documents provides potentially valuable insight into the judicial process. *Syngenta*, 764 F.3d at 698.

      WHEREFORE, Intervenors, Chicago Public Media, Inc., Chicago Sun-Times Media, Inc., and Chicago Tribune Company, LLC respectfully request that this Court order the release of the remaining sealed materials in Bucket 3, including all body-worn camera footage and excessive force reports.

Dated: January 7, 2026

Respectfully submitted,

CHICAGO PUBLIC MEDIA, INC.,
CHICAGO SUN-TIMES MEDIA, INC. and
CHICAGO TRIBUNE COMPANY, LLC

By: /s/ Steven P. Mandell
    One of their attorneys

Steven P. Mandell (ARDC No. 6183729)
smandell@mandellpc.com
Brian D. Saucier (ARDC No. 6226006)
bsaucier@mandellpc.com
Julia P. Dacy (ARDC No. 6351557)
jdacy@mandellpc.com
MANDELL P.C.
One North Franklin St., Suite 900
Chicago, IL 60606
(312) 801-6337

## CERTIFICATE OF SERVICE

The undersigned, an attorney, certifies that a copy of the foregoing document has been served January 7, 2026 via the Court's CM/ECF system on all counsel of record who have consented to electronic service.

/s/ Steven P. Mandell