IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB *et al.* | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-12173 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis, |
| | ) | United States District Judge |
| KRISTI NOEM, Secretary of U.S. Department of Homeland Security, in her official capacity, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' RESPONSE TO MEDIA INTERVENORS' POSITION ON THE REMAINING SEALED MATERIALS**

Defendants have fully complied with the Court's requirement to file public versions of the sealed documents cited in the Court's preliminary injunction opinion (Bucket #1), and relied upon by Plaintiffs and Defendants in connection with the preliminary injunction proceedings (Bucket #2). Defendants object to the Media Intervenors' request that Defendants prepare public versions of the sealed documents in Bucket #3: documents Defendants filed under seal in response to the Court's Order dated October 28, 2025, requiring rolling productions of CBP body-worn camera videos and use-of-force reports.

The sealed documents in Bucket #3, to the extent they are not otherwise included in the other two buckets, are not judicial records subject to the right of access. "[N]ot all documents filed with courts are judicial records." *SEC v. Am. Int'l Grp.*, 712 F.3d 1, 3 (D.C. Cir. 2013). "[W]hether something is a judicial record depends on 'the role it plays in the adjudicatory process.'" *Id.* (quoting *United States v. El-Sayegh*, 131 F.3d 158, 162 (D.C. Cir. 1997). The 567 body-worn camera videos and 67 use-of-force reports in this category played no role in any adjudicatory function by the Court. *See* ECF No. 314-3 (chart of Bucket #3 documents). They

were not cited by the Court in a judicial opinion and they were not presented to the Court by any party for the purpose of seeking or opposing judicial relief.

As Media Intervenors recognize, the purpose of the public right of access is "to enable interested members of the public, including lawyers, journalists, and government officials . . . to understand *judicial decisions*." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) (emphasis added). But if no judicial decision "occurs, documents are just documents; with nothing judicial to record, there are no judicial records." *El-Sayegh*, 131 F.3d. at 162. Accordingly, courts restrict the right of access to "materials on which a court relies in determining the litigants' substantive rights." *Anderson v. Cryovac Inc.,* 805 F.2d 1, 13 (1st Cir. 1986); *see Smith v. U.S. Dist. Ct. for S. Dist. of Illinois*, 956 F.2d 647, 650 (7th Cir. 1992) (finding that a "memorandum from the Clerk of Court" was a judicial record subject to the right of access because it was "relied upon by the magistrate for denying an extension of time to the state"). Because the remaining sealed documents in Bucket #3 did not "affect the disposition of federal litigation," they are not subject to the right of access. *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014).

Media Intervenors' attempt to distinguish *City of Greenville* misses the mark. *See* ECF No. 321 at 3. There, the Seventh Circuit emphasized that it has "limited the presumption of public access to materials that affect judicial decisions." *Id.* at 697. "District court judges need not release every document that has 'crept into the record." *Id.* (quoting *Goesel,* 738 F.3d at 833.). Indeed, there is no right of public disclosure of "every non-privileged document that reaches a courthouse." *Id.* For this reason, "[p]ublic access depends on whether a document influenced or underpinned the judicial decision." *Id.* at 698 (cleaned up). Here, the right of access does not apply to the remaining Bucket #3 documents that were filed pursuant to the

Court's request because they played no role in a judicial decision or proceeding. Disclosure of such documents cannot "conceivably aid the understanding of judicial decisionmaking." *Id.*

For these reasons, the Court should deny the Media Intervenors' request to unseal the remaining documents in Bucket #3.

Dated: January 8, 2026                              Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH HEDGES
SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ Andrew I. Warden*
ANDREW I. WARDEN
Assistant Director
JEREMY NEWMAN
CHRISTOPHER LYNCH
SAMUEL HOLT
PETER GOLDSTONE
Trial Attorneys
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-5084

*Attorneys for Defendants*