IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| CHICAGO HEADLINE CLUB, et al., ) | |
| ) | |
| *Plaintiffs*, ) | No. 25-cv-12173 |
| ) | Hon. Sara L. Ellis |
| v. ) | |
| ) | |
| KRISTI NOEM, Secretary, U.S. Department of ) | |
| Homeland Security, in her official capacity, et ) | |
| al. ) | |
| ) | |
| *Defendants* ) | |

**PLAINTIFFS' RESPONSE TO MEDIA INTERVENORS'
POSITION ON THE REMAINING SEALED MATERIALS**

1. Plaintiffs' position on the Intervenors' request for relief is that the Intervenors have correctly set out the law: to the extent the Court reviewed materials in Bucket 3—those submitted pursuant to the Court's October 28, 2025 Order—those materials should be made public. Plaintiffs believe, therefore, that if the Court "reviewed everything that was submitted" in Bucket 3, Transcript of Proceedings, December 4, 2025, 6:13–14, then it should order the government to file unsealed versions of those materials promptly.

2. Plaintiffs disagree with the Defendants' constrained view of the materials necessary for the public "to understand judicial decisions, and to monitor the judiciary's performance of its duties." *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013). The Seventh Circuit has made clear that the public has a presumptive right to access *any* materials "that affect the disposition of federal litigation." *In re Specht*, 622 F.3d 697, 701 (7th Cir. 2010). This is not limited to documents that are "cited by the Court in a judicial opinion" or

"presented to the Court by any party for the purpose of seeking or opposing judicial relief." Dkt. 322 at 2 (Defendants' Response to Media Intervenors' Position).

3.  Particularly given the public importance of those materials and considering that the government has not identified any secrecy or privacy interest in any of the materials made public so far, Plaintiffs believe that the Defendants should make public all materials that could "conceivably aid the understanding of" the Court's decision-making in this case. *City of Greenville v. Syngenta Crop Prot., LLC*, 764 F.3d 695, 698 (7th Cir. 2014).

Respectfully Submitted,

By: /s/ Isaac Green
*Counsel for Plaintiffs*

Jon Loevy
Locke Bowman
Steve Art
Heather Lewis Donnell
Theresa Kleinhaus
Scott Rauscher
Matt Topic
Julia Rickert
Tara Thompson
Lindsay Hagy
Jordan Poole
Alyssa Martinez
Dominique Gilbert
Justin Hill
Aaron Tucek
**LOEVY + LOEVY**
311 N. Aberdeen Street
Chicago, Illinois 60647
(312) 243-5900
steve@loevy.com

Elizabeth Wang
Isaac Green
**LOEVY + LOEVY**
2060 Broadway, Ste. 280
Boulder, CO 80302

Craig B. Futterman
**MANDEL LEGAL AID CLINIC**
University of Chicago Law School
6020 S. University
Chicago, IL 60637
(773) 702-9611
futterman@uchicago.edu

Hayden Johnson*
Katie Schwartzmann*
Conor Gaffney
Shalini Goel Agarwal
**PROTECT DEMOCRACY PROJECT**
2020 Pennsylvania Ave NW, Ste 163
Washington DC 20006
(202) 579-4582

Daniel Massoglia
Hannah C. Marion
**FIRST DEFENSE LEGAL AID**
601 S. California Ave.
Chicago, IL 60612
(336) 575-6968
daniel@first-defense.org
hannah@first-defense.org

Kevin M. Fee, Jr.

David B. Owens
**LOEVY + LOEVY**
℅ Civil Rights and Justice Clinic
University of Washington Law School
William H. Gates Hall, Suite 265
Seattle, WA 98145-1110

Wallace Hilke
**COMMUNITY JUSTICE AND CIVIL RIGHTS CLINIC**
Bluhm Legal Clinic, Northwestern Pritzker School of Law
375 E. Chicago Ave.
Chicago, IL 60611
(312) 503-2224
wally.hilke@law.northwestern.edu

Rebecca Glenberg
Hirsh Joshi
Priyanka Menon
**ROGER BALDWIN FOUNDATION OF ACLU, INC.**
150 N. Michigan, Suite 600
Chicago, IL 60601
(312) 201-9740
kfee@aclu-il.org
rglenberg@aclu-il.org