## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT COURT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB, *et al.*, | ) | |
| | ) | No. 25-cv-12173 |
| *Plaintiffs,* | ) | |
| | ) | Hon. Sara L. Ellis, |
| v. | ) | District Judge |
| | ) | |
| | ) | |
| KRISTI NOEM, Secretary, U.S. | ) | |
| Department of Homeland Security, in her | ) | |
| official capacity, *et al.*, | ) | |
| | ) | |
| *Defendants.* | ) | |
| | ) | |

## DEFENDANTS' OPPOSITION TO
## MOTION TO REASSIGN NEW ACTION BROUGHT BY
## STATE OF ILLINOIS AND CITY OF CHICAGO

Defendants oppose the pending Motion to Reassign Related Case filed with the Court

(Docket No. 325) in this matter. The Motion urges that this Court reassign to itself another, new

matter, *State of Illinois, et al., v. Department of Homeland Security, et al.* (26-cv-00321) (the "New

Matter"), on the putative grounds that the New Matter is related to this case. Plaintiffs in the New

Matter, the State of Illinois and the City of Chicago ("New Plaintiffs"), fail to make the required

showing under Local Rule 40.4 why this Court (or ultimately the Executive Committee) should

countenance a deviation from the vital principle expressly embodied in Local Rule 40.1(a) that,

"[e]xcept as specifically provided by the rules of this Court or by procedures adopted by the Court,

the assignment of cases shall be by lot."

The motion should be denied and the New Matter should be assigned according to the

normal, random case assignment process.

1

## ARGUMENT

**A.    THE NEW MATTER FAILS THE MANDATORY RELATEDNESS AND REASSIGNMENT TESTS AND THUS CANNOT BE REASSIGNED**

For the New Matter to be reassigned to this Court rather than randomly assigned pursuant to the default procedure laid out in Local Rule 40.1(a), the New Plaintiffs must show (1) that the New Matter is "related" to the current case, by satisfying *any* of the conditions set forth by Local Rule 40.4(a), *AND* (2) that the New Matter meets the test for "reassignment" by satisfying *all* of the four conditions established in Local Rule 40.4(b).  Courts conducting Rule 40.4 analyses have stated squarely that the burden to satisfy the required tests under Rule 40.4(a) and 40.4(b) lies with the movant.  *Lawrence E. Jaffee Pension Plan v. Household Intern., Inc.*, No. 02 C 5893, 2003 WL 21011757 at *1 (N.D. Ill., May 5, 2003).  A closer examination of the New Plaintiffs' Motion, and its citations, reveals that they have failed to sustain their burden to meet the required tests.

### 1.   The New Plaintiffs Fail to Satisfy the "Relatedness" Test Under Rule 40.4(a)

New Plaintiffs argue that the New Matter satisfies two of the four possible, independently sufficient, bases for "relatedness" under Rule 40.4(a):  "the cases involve some of the same issues of fact or law," and "the cases grow out of the same transaction or occurrence."  Motion, ¶¶ 2-4, quoting Rule 40.4(a)(2) and (3).  Scrutiny of the facts, the law, and New Plaintiffs' citations indicate this is not the case.

The two cases do not meaningfully spring from the same issues of fact or law, nor do they grow out of the same transaction or occurrence, unless these terms are construed at significantly higher levels of abstraction and generality than found in any case law to which New Plaintiffs resort.  The New Plaintiffs make much of the fact that the present case includes an APA claim concerning excessive force in the form of the use of crowd control technologies.  They omit that this is a single claim, added fifth to a list that focuses overwhelmingly on multiple First

Amendment counts, a RFRA count, and a Fourth Amendment count, all addressing that same narrowly defined issue. *See* Amended Complaint (Docket No. 80). Moreover, the APA claim has played little to no role in the litigation of the *Chicago Headline Club* case. By contrast, the New Matter lists no fewer than 19 counts, of which 15 are APA claims, only 2 of which are at all concerned with the use of a type of crowd control technologies (*i.e.*, tear gas, which is only a subset of the array of technologies and techniques whose use was subject of the litigation in this case), and all of the others of which address issues entirely outside the scope of the current case, including the use of roving patrols, biometric information collection, the use of field documents in arrests rather than prior judicial warrants, enforcement near sensitive areas, the use of concealed vehicle license plates, and trespass on property.

If anything, this quantification greatly understates the dissimilarities between the questions of fact or law presented in the two cases, because the New Matter is framed first and foremost as a violation of the Tenth Amendment and of the New Plaintiffs' "core sovereign functions." The New Plaintiffs' Complaint recurrently describes the factual and legal issues in precisely such terms, not as a free speech case like the plaintiffs in *Chicago Headline Club*. While it is true that Rule 40.4(a)(2) "does not demand a complete identity of legal and factual issues," neither does any bare or relatively minimal overlap suffice, as shown by the same case law New Plaintiffs cite in their Motion for this proposition. *Sha-Poppin Gourmet Popcorn, LLC v. JP Morgan Chase Bank, N.A.*, No. 20-cv-2523, 2020 WL 8367421, at *2 (N.D. Ill. Sep. 4, 2020) (asserting there is no requirement of "complete identity" but then finding relatedness because the plaintiff class definitions "do not materially differ" and "all three cases share a common 'factual foundation'" because all rise directly from the same alleged pattern of violation of the same regulation by the same defendant). The New Matter raises a far wider scope of factual and legal issues, entirely

3

outside the scope of the current case, and couched in legal theories involving core sovereign functions unavailable to any party not a sovereign entity within the Tenth Amendment. These legal claims are completely distinct from the First Amendment and RFRA issues litigated in *Chicago Headline Club*.

Nor does the New Matter grow out of the same transaction or occurrence. For one thing, the two cases absolutely do not have "almost the identical set of defendants." Motion, ¶ 2. Although defendants in the New Matter include Defendants DHS, ICE, CBP, Noem, Lyons, Hott, Scott, and Bovino, they are only 6 out of 20 defendants in this case, and 6 out of 10 in the New Matter. Moreover, the two cases rise out of different factual allegations. The current case is about the alleged use of excessive force in the employment of enumerated crowd control technologies and techniques against journalists, religious practitioners, and other protesters principally on the basis of viewpoint discrimination. The New Matter, by stark contrast, is premised first and foremost on the violation of the New Plaintiffs' core sovereign interest by various defendants' alleged use of roving patrols rather than individualized extraction and removal, collection and retention of biometric information, use of field documents for arrests rather than prior judicial warrants, use of tear gas in crowd control, enforcement of immigration law in or near sensitive areas or buildings including courthouses and schools, use of concealed or switched vehicle license plates, and trespass on private or public property in the course of enforcement operations. New Plaintiffs call this "complete overlap." Motion, ¶ 4. To describe it is to refute it.

### 2. The New Plaintiffs Fail to Satisfy the "Reassignment" Test Under Rule 40.4(b)

Even if the New Matter were to satisfy any of the criteria for relatedness under Rule 40.4(a) (which it does not), it must also satisfy *all* of the four "reassignability" criteria required by Rule 40.4(b). It fails to do so, because the handling of both cases by the same judge is clearly not "likely

to result in a substantial saving of judicial time and effort"; it is manifestly not true that "the earlier case has not progressed to the point where designating a later filed case as related would be likely to delay the proceedings in the earlier case substantially"; and the cases are not "susceptible of disposition in a single proceeding." Rule 40.4(b)(2), (3), and (4).

First, as described above, there is unlikely to be a "substantial saving of judicial time and effort," given that the issue of DHS employment of tear gas in its operations in the Northern District of Illinois comprises a very small sub-set of all the factual and legal issues in the New Matter. All of the factual and legal analysis and review already performed in *Chicago Headline Club* was done under strikingly different legal theories and factual parameters that have little application to the New Matter. Again, the same cases New Plaintiffs cited provide, upon closer examination, an illuminating contrast. *See, e.g,. Sha-Poppin Gourmet Popcorn,* 2020 WL 8367421, at *3 (finding a substantial saving of judicial time and effort if the cases were to be reassigned because, despite factual differences among the three cases, the claims in two of the cases "duplicate each other" and the principal claims in the third case were "a subset of those claims" in the other two cases); *Urban 8 Fox Lake Corporation v. Nationwide Affordable Housing Fund 4, LLC*, No. 18-cv-6109, 2019 WL 2515984 at *3 (N.D. Ill., June 18, 2019) (finding same, when there was a single provision common to the contracts in all cases, whose interpretation was "the main issue" in one action and "an important issue" in the other one, and where the complex relationships between and among the parties and the partnership agreements at issue were important to the interpretation of the provision and the first court was already profoundly conversant with these).

Second, reassigning the New Matter now would be unequivocally contrary to Rule 40.4(b)(3)'s requirement that "the earlier case has not progressed to the point where designating a

later filed case as related would be likely to delay the proceedings in the earlier case substantially." In fact, the two cases are at diametrically opposite ends of their respective litigation life-cycles: this case, after wide-ranging and intensive litigation, is now awaiting a decision from the Court to dismiss it, on a motion brought by the Plaintiffs themselves; the New Matter consists seemingly only of its initial Complaint and the instant Motion. There has been extensive motion practice by all parties involved, a TRO and a PI, extensive discovery in service of same (including multiple depositions), stay motions brought to the Court of Appeals, as well as intervention by outside parties. The fact that the New Plaintiffs' Motion has a docket number of 325 indicates just how far along the case has progressed, and it is now scheduled imminently to culminate in a dismissal decision. Relating the two and reassigning the New Matter at this juncture has the potential to work substantial delay and disruption.

Third, for the very reasons just described above, the cases are not susceptible to disposition in a single proceeding. There is no commonality to the two cases that would warrant a joint resolution through a single motion or hearing. The issues of fact and law are far more dissimilar than similar, due to the far wider scope of the factual and legal issues pled in the New Matter and the fundamentally different set of legal theories and frameworks advanced by the New Plaintiffs. *Lawrence E. Jaffee Pension Plan v. Household Intern., Inc*., No. 02 C 5893, 2003 WL 21011757 (N.D. Ill., May 5, 2003) is highly illustrative. There, the Court held that the cases were not susceptible to disposition in a single proceeding, because, despite some factual overlap, "the underlying causes of action in [the two cases] are fundamentally distinct" and "while both cases involve at least some common issues of fact, these commonalities are not so great as to outweigh the dissimilarities" and one case "involves many issues of fact that are not at issue in [the other]." *Id*. at *3 (in cases involving some overlap in defendants and particular facts and alleged

6

misrepresentations, but where one was a class action alleging violation of the Securities and Exchange Act through misrepresentation, and the other was a shareholder derivative suit alleging violation of Sarbanes-Oxley, breach of fiduciary duty, and other common law counts). Simply put, the two cases at issue here are ultimately far more than different than they are alike, factually and legally, and so the New Plaintiffs fail under Rule 40.4(b)(4).

Where the New Plaintiffs fail to establish *any* one of these elements to satisfy Rule 40.4(b), the Court must rule against them. Here, they have failed at least three, 40.4(b)(2), (3), and (4). Thus, New Plaintiffs cannot carry their burden under the Local Rules for the New Matter to be "related and reassignable."

In short, the New Plaintiffs appear to believe that because this Court has decided a preliminary injunction in a case related to DHS immigration enforcement actions in Chicago— despite the fact the Court is now approximately *a week away* from deciding the pending motion to dismiss—that it must follow that this Court must now decide other cases touching on the broad subject. The Judges of this Court are handling many cases challenging DHS's immigration enforcement actions and there is no principled reason to relate the New Matter to this case, as opposed to any others. *See e.g.*, *Castañon Nava v. DHS*, No. 18-cv-3757 (class action challenging warrantless arrests of persons who have not obtained lawful immigration status). New Plaintiffs' position contravenes "[t]he fundamental rationale for the general rule requiring random assignment of cases," which "is to ensure greater public confidence in the integrity of the judicial process." *Tripp v. Executive Office of the President*, 196 F.R.D. 201, 202 (D.D.C.2000) (discussing D.D.C. Rule 40.3, the analog to N.D. Ill. Rule 40.1, requiring assignment of new cases "by lot," to which Rule 40.4 determines the narrow "related and reassignable" exception). The position New Plaintiffs advance would undermine the "guarantees [of] fair and equal distribution of cases to all

judges," and instead encourage the very "public perception or appearance of favoritism in assignments, and [] opportunities for judge-shopping" that the random assignment rule is supposed to prevent. *Id*.

## CONCLUSION

For the reasons stated above, the Court should deny the New Plaintiffs' Motion to Reassign Related Case for failure to meet the requirements of Local Rule 40.4(a) and (b).


Dated: January 15, 2026                  Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ANDREW WARDEN
Assistant Director
Federal Programs Branch

SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ --P. R. Goldstone*
PETER R. GOLDSTONE
(MA BBO# 682050)
Trial Attorney
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 598-0912
Fax: (202) 616-8470
Peter.R.Goldstone@usdoj.gov
*Counsel for Defendants*