IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CHICAGO HEADLINE CLUB *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | No. 25-cv-12173 |
| | ) | |
| v. | ) | Hon. Sara L. Ellis, |
| | ) | United States District Judge |
| MARKWAYNE MULLIN,[1] Secretary of | ) | |
| U.S. Department of Homeland Security, in | ) | |
| his official capacity, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' UNOPPOSED MOTION TO EXEMPT BODY WORN CAMERA
VIDEOS FROM CALIFORNIA AND ARIZONA FROM PUBLIC DISCLOSURE**

Defendants respectfully request that the Court exempt nine body-worn camera videos

from the Court's requirement to unseal the videos and file public versions on the docket.

Following conferral among the parties, counsel for Plaintiffs and the Press-Intervenors advised

that they do not oppose the relief sought in this motion.

**ARGUMENT**

On January 8, 2026, the Court ordered Defendants to file public versions of the sealed

body-worn camera videos and use-of-force reports in "Bucket #3" by May 8, 2026. ECF No.

324. Defendants have been working diligently over the past five months to prepare public

versions of the hundreds of documents and videos in Bucket #3, *i.e.*, the materials that

Defendants filed under seal in accordance with the Court's Order dated October 28, 2025, which

required the filing of CBP body-worn camera videos and use-of-force reports "relating to

Operation Midway Blitz," but were not cited by the parties or the Court during the litigation of

---

[1] Under Federal Rule of Civil Procedure 25(d), Markwayne Mullin, current Secretary of
Homeland Security, is automatically substituted as a Defendant.

this case. ECF No. 146. Defendants have been filing public versions of the Bucket #3 materials on a rolling basis and expect to complete production by the Court's May 8 deadline. *See, e.g.*, ECF Nos. 337, 338, 357, 361.

In the course of reviewing the Bucket #3 materials for public release, Defendants identified nine (9) body-worn camera videos of immigration enforcement encounters that occurred in Arizona and California that were inadvertently included among the more than five hundred videos of Operation Midway Blitz that were submitted to the Court under seal on October 31, 2025. *See* ECF No. 164. The file names for the nine videos as submitted to the Court are listed below:

> Axon Body 4 Video 2025-10-10 1940 D01A3177G
> Axon Body 4 Video 2025-10-11 0005 D01A3177G
> Axon Body 4 Video 2025-07-14 2151 D01A2734X
> Axon Body 4 Video 2025-10-10 2356 D01A32468
> Axon Body 4 Video 2025-10-10 1938 D01A3511H
> Axon Body 4 Video 2025-10-10 2322 D01A3177G
> Axon Body 4 Video 2025-08-06 0944 D01A2734X
> Axon Body 4 Video 2025-10-10 2017 D01A3511H
> Axon Body 4 Video 2025-10-10 2016 D01A3177G

Defendants respectfully request that the Court exempt these nine videos from the Court's requirement to unseal the videos and file public versions on the docket. These videos do not "relate[e] to Operation Midway Blitz" under the Court's October 28 Order and do not depict any immigration enforcement activities in the Chicago area. Rather, as the Court can see from its own review of the videos, they record immigration enforcement encounters in terrain and landscape that look nothing like Chicago. Indeed, CBP has advised that the geocoordinates in the metadata for the nine videos establish that the enforcement encounters occurred in Arizona (7 videos) and California (2 videos).

These videos are plainly irrelevant to this case and could not "affect the disposition" of the factual and legal issues that were before the Court when it addressed the merits of Plaintiffs' claims. *City of Greenville, Ill. v. Syngenta Crop Protection, LLC*, 764 F.3d 695, 697 (7th Cir. 2014) ("District court judges need not release every document that has 'crept into the record.'") *Id.* Because public disclosure of the videos cannot "conceivably aid the understanding of judicial decisionmaking," they should be exempt from the Court's public disclosure requirement. *Id.*

Further, given the irrelevance of these videos to this case, public disclosure would constitute an unwarranted invasion of personal privacy of the law enforcement officers and the individuals subject to the immigration enforcement actions. The videos depict, *inter alia,* officers arresting individuals, initiating vehicle stops, reading Miranda warnings, and checking photo identification. The individuals and officers have a legitimate privacy interest in not having their personal information publicly disclosed in litigation that has nothing to do with the actions depicted in the videos. These privacy interests override any conceivable public interest in the disclosure of videos that were inadvertently submitted to the Court under seal, were never cited by the parties or the Court, and have no relevance to this case. Accordingly, there is good cause to exempt these videos from the public disclosure order. *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 946 (7th Cir. 1999) (explaining that "privacy interests" can constitute "good cause" to withhold judicial records).

## **CONCLUSION**

For these reasons, the Court should exempt the nine videos listed above from the public disclosure requirement.

Dated: May 5, 2026

Respectfully submitted,


BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ELIZABETH HEDGES
SEAN SKEDZIELEWSKI
Counsel to the Assistant
Attorney General

*/s/ Andrew I. Warden*
ANDREW I. WARDEN
Assistant Director
JEREMY NEWMAN
CHRISTOPHER LYNCH
SAMUEL HOLT
PETER GOLDSTONE
Trial Attorneys
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, D.C. 20005
Telephone: (202) 616-5084

*Attorneys for Defendants*